**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**Wheeling Division**

**DIANA MEY,**
**individually and on behalf of a proposed class,**

**Plaintiff,**

**v.** **Civil Action No. 5:19-CV-237**

**JOHN DOE DEFENDANT I,**
**JOHN DOE DEFENDANT II, and**
**JOHN DOE DEFENDANT III,**

**Defendants.**

**PLAINTIFF'S MOTION FOR LEAVE TO SERVE SUBPOENAS PRIOR TO A RULE 26(f) CONFERENCE**

Under Federal Rule of Civil Procedure 26(d)(1), Plaintiff Diana Mey requests the Court enter an order allowing her to seek discovery – specifically, to serve subpoenas intended to identify the parties who made the spoofed robocalls at issue – before the parties have conferred as required by Rule 26(f). Plaintiff requests the Court allow her 120 days to conduct discovery intended to identify the "John Doe Defendants" referenced in the complaint.

In support, Plaintiff states:

1. Rule 26(d)(1) states, "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by court order." A court presented with a request to issue such an order will do so for good cause shown. *See, e.g.*, *Capitol Records, LLC v. Doe*, No. 5:08-CV-382-F, 2008 WL 11378793, at *1 (E.D.N.C. Nov. 6, 2008) (finding good cause for expedited discovery pursuant to a Rule 45 subpoena where "there is a real danger that without expedited

discovery, Plaintiffs will not be able to determine the true name of Defendant").

2. Plaintiff filed this action against unknown parties who placed "spoofed robocalls – calls generated by scam artists of scofflaw telemarketers who manipulate automatic telephone dialing systems (ATDS) to conceal their identities so they can bombard consumers; phones and dupe them into answering[.]" First Am. Class Action Compl. ¶ 1, attached as Exhibit 1. In other words, the concealed nature of the calls means that Plaintiff can only determine the identity of the callers through discovery.

3. As explained in the First Amended Complaint, the John Doe designation is a legally authorized, temporary placeholder until the identity of the parties is ascertained through discovery. *Id.* ¶ 25. *See Schiff v. Kennedy*, 691 F.2d 196, 198 (4th Cir. 1982) (recognizing the propriety of allowing John Doe suits in federal court where the identity of the unnamed party "can be discovered through discovery or through intervention of the court[.]"); *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) ("If the identity of any defendant is unknown, 'the plaintiff should be given an opportunity through discovery to identify the unknown defendants.'") (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)); *Blakeslee v. Clinton Cnty.*, 336 F. App'x 248, 250 (3d Cir. 2009) ("Use of John Doe defendants is permissible in certain situations until reasonable discovery permits the true defendants to be identified."); *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592 (1st Cir. 2011) ("A plaintiff who is unaware of the identity of the person who wronged her can . . . proceed against a 'John Doe' . . . when discovery is likely to reveal the identity of the correct defendant.").

4. With no presently identified defendants, there can be no conference of the parties, and

therefore no Rule 26(f) conference or report.

5. Discovery will reveal the identity of the defendants who placed the calls. As outlined in the First Amended Complaint at Paragraphs 5.a through e., numerous parties are involved in placing spoofed robocalls, and Plaintiff can identify these parties through a series of subpoenas.

6. Plaintiff would begin the subpoena process by serving a request that Ms. Mey's telephone carrier, AT&T Wireless, produce metadata that will reveal the carrier who placed the spoofed robocalls at issue through AT&T's lines. *See* Exhibit 2. Plaintiff would then subpoena that second carrier – expected to be the "Defendant Carrier" identified in Paragraph 5.d – and request that the carrier identify the telephone service provider (the "Defendant Provider") who authorized the "Defendant Spoofer" to use its lines and spoof its caller ID.

7. Plaintiff's subpoenas are narrowly tailored, and will demand all documents evidencing call details, call history, billing history, monthly statement information, reference to the Automatic Number Identifier for the numbers "000-000-0000" and "48542154234," and all documents and call logs containing Plaintiff's number. *Id.*

8. Ultimately, Plaintiff expects that these subpoenas will reveal the identity of these parties, who can then be brought into this action as Defendants, making a Rule 26(f) meeting of the parties possible.

9. Plaintiff proposes that she be authorized to issue subpoenas for a period of 120 days from the date the Court enters the order allowing the discovery. At the end of this period, Plaintiff will report to the Court regarding her efforts to identify the John Doe Defendants.

For the foregoing reasons, this Court should grant leave to Plaintiff to issue Rule 45 subpoenas to the John Doe Defendants.

Dated: October 11, 2019

Respectfully submitted,

___/s/ John W. Barrett________
John W. Barrett (WV Bar No. 7289)
Jonathan R. Marshall (WV Bar No. 10580)
Benjamin J. Hogan (WV Bar No. 12997)
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301
Telephone: 304.345.6555
Facsimile: 304.342.1110
JBarrett@baileyglasser.com
JMarshall@baileyglasser.com
BHogan@baileyglasser.com

William "Billy" Peerce Howard
(admitted *pro hac vice*)
THE CONSUMER PROTECTION FIRM
4030 Henderson Boulevard
Tampa, FL 33629
Telephone: 813-500-1500
Billy@TheConsumerProtectionFirm.com

Yvette Golan (admitted *pro hac vice*)
The Golan Firm
2000 M Street, NW
Suite 750a
Washington, DC 20036
Telephone: 866-298-4150
YGolan@tgfirm.com