IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| DIANA MEY,<br>　　Individually and on<br>　　behalf of a proposed class,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALL ACCESS TELECOM, INC.,<br>BANDWIDTH INC.,<br>CENTURYLINK COMMUNICATIONS.,<br>LLC, d/b/a Lumen Technologies,<br>LEVEL 3 COMMUNICATIONS, LLC,<br>d/b/a Lumen Technologies,<br>INTELIQUENT, INC.;<br>NOS COMMUNICATIONS, INC., and<br>TELIAX, INC.,<br><br>　　　　Defendants. | Case No.: 5:19-CV-00237-JPB |

**DEFENDANTS BANDWIDTH INC., CENTURYLINK, COMMUNICATIONS, LLC, LEVEL 3 COMMUNICATIONS, LLC, AND INTELIQUENT, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants Bandwidth Inc., CenturyLink Communications, LLC, Level 3 Communications, LLC, and Inteliquent, Inc. ("Carrier Defendants") respectfully move this Court to dismiss the Second Amended Complaint filed by Plaintiff Diana Mey ("Plaintiff") under Federal Rule of Civil Procedure 12(b)(6), 12(b)(2), and 12(b)(1).[1]

As explained more fully in Carrier Defendants' Memorandum in Support of their Motion to Dismiss, Plaintiff's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has not alleged facts from which it can plausibly be inferred that the Carrier

---

[1] Defendant NOS Communications, Inc. joins the instant Motion with respect to all grounds pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(1), but also files its own separate motion to assert additional arguments that apply to it. NOS also files its own motion under Fed. R. Civ. P. 12(b)(2).

Defendants "made" or "initiated" the phone calls on which Plaintiff's claims rest. To the contrary, the Second Amended Complaint makes it clear that someone else – the "Unidentified Spoofer" – made or initiated the calls. Plaintiff does not allege that either Plaintiff or the "spoofer" are customers of or have any connection to Carrier Defendants. Nor has Plaintiff alleged any facts from which it can plausibly be inferred that the Carrier Defendants controlled the calling party, controlled whether, when, or to whom the calls would be sent, or controlled the content of the calls.

Plaintiff's claims should also be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff improperly attempts to conjure liability on the part of the Carrier Defendants by suggesting they have an enforceable obligation under the FCC's call blocking rules. The FCC's rules carve a limited and voluntary exception to the general prohibition on carriers blocking calls. The FCC recognized certain technical limitations that might nevertheless result in some calls being transmitted with invalid numbers and urged carriers to "exercise caution" when blocking such calls. For this reason, the FCC permits call blocking but does not require it in any instance. Therefore, carriers do not have a duty to block any calls and there is no actionable claim against a carrier who chooses not to block calls in the limited manner the FCC now permits.

Third, Plaintiff's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(2) because the Carrier Defendants do not have sufficient contacts with West Virginia to warrant this Court's exertion of either general or specific personal jurisdiction over them.[2] The Carrier Defendants are neither incorporated in West Virginia nor maintain a principal place of business in West Virginia. Additionally, Plaintiff does not allege that the Carrier Defendants are

---

[2] Defendants CenturyLink Communications, LLC and Level 3 Communications, LLC (the "Lumen Defendants") fully join in all parts of this Motion and also separately file a Memorandum in Support of their Motion to Dismiss under Fed. R. Civ. P. 12(b)(2).

her wireless telephone carrier or that Carrier Defendants transmitted those calls directly to her phone in West Virginia. In fact, the Carrier Defendants' call record data conclusively establishes that they did *not* transmit any of the relevant calls to Plaintiff, nor did they transmit the calls in the state of West Virginia. In other words, Plaintiff's claims in no sense arise out of the business that the Carrier Defendants do in West Virginia.

Lastly, Count I of Plaintiff's Second Amended Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because this Court lacks subject matter jurisdiction, as § 227(b)(1)(A) of the TCPA was unconstitutional during the time the calls on which Plaintiff rests her claims were made. In its 2020 *Barr v. American Association of Political Consultants, Inc.* decision, the Supreme Court declared that § 227(b)(1)(A)(iii) was unconstitutional because an amendment to the statute in 2015, which exempted calls made to collect debts owed to or guaranteed by the United States, impermissibly favored such speech over political fundraising speech without a compelling government interest. Subsequent case law has interpreted this decision to mean that § 227(b)(1)(A)(iii) was unconstitutional between the date of the "government debt collection" amendment in 2015 and July 6, 2020, the date of the decision. Plaintiff's calls fall within that time period, and therefore her claim under § 227(b)(1)(A) should be dismissed.

WHEREFORE, the Carrier Defendants respectfully requests that the Court grant their motion, dismiss Plaintiff's Second Amended Complaint against them with prejudice, and award the Carrier Defendants all other relief that the Court deems just and proper.

Dated: February 3, 2021              */s/ M. David Griffith, Jr.*
                                                  Bryant J. Spann (WVSB #8628)
                                                  M. David Griffith, Jr. (WVSB #7720)
                                                  THOMAS COMBS & SPANN, PLLC
                                                  300 Summers Street, Suite 1380
                                                  Charleston, West Virginia 25301

76374930.2

Phone: (304) 414-1800  
Fax: (304) 414-1801  
bspann@tcspllc.com  
dgriffith@tcspllc.com  

Ezra D. Church (*pro hac vice pending*)  
Natalie M. Georges (*pro hac vice pending*)  
MORGAN, LEWIS & BOCKIUS LLP  
1701 Market Street  
Philadelphia, PA 19103  
Phone: 215.963.5710  
Fax: 215.963.5001  
ezra.church@morganlewis.com  
natalie.georges@morganlewis.com  

*Attorneys for Defendant Inteliquent, Inc.*

/s/ Danielle Waltz  
Danielle Waltz (WVSB #10271)  
Laura Hoffman (WSSB #12748)  
JACKSON KELLY PLLC  
500 Lee Street East, Suite 1600  
Charleston, WV 25301  
Telephone: (304) 340-1000  
Email: dwaltz@jacksonkelly.com  
Email: laura.hoffman@jacksonkelly.com  

Amy E. Richardson (*admitted pro hac vice*)  
HARRIS WILTSHIRE & GRANNIS LLP  
1919 M Street, NW 8th Floor  
Washington, DC 20036  
Telephone: (202)730-1329  
Email: arichardson@hwglaw.com  

*Attorneys for Defendant Bandwidth Inc.*

/s/ *William J. Ihlenfeld, II*  
William J. Ihlenfeld, II (WVSB #7465)  
Bowles Rice LLP  
1217 Chapline Street  
P.O. Box 390  
Wheeling, WV 26003  
Phone: (304) 230-1800  
Fax: (304) 230-1819  
wihlenfeld@bowlesrice.com  

4

        Russell S. Jones, Jr. (*pro hac vice pending*)
        Robert V. Spake, Jr. (*pro hac vice pending*)
        Elizabeth Marden (*pro hac vice pending*)
        POLSINELLI PC
        900 W. 48th Place, Suite 900
        Kansas City, MO 64112
        Telephone: (816) 753-1000
        rjones@polsinelli.com
        rspake@polsinelli.com
        lmarden@polsinelli.com

        *Attorneys for Defendants CenturyLink*
        *Communications, LLC and Level 3*
        *Communications, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING DIVISION

**DIANA MEY**,

    Plaintiff,

**CIVIL ACTION NO.: 5:19-CV-00237 (BAILEY)**

v.

**ALL ACCESS TELECOM, INC.,
BANDWIDTH INC.,
CENTURYLINK, INC., d/b/a/ Lumen Technologies,
INTELIQUENT, INC.,
NOS COMMUNICATIONS, INC. and,
TELIAX, INC.,**

    Defendants.

## CERTIFICATE OF SERVICE

I, M. David Griffith, Jr., counsel for defendant Inteliquent, Inc., hereby certify that on the 3rd day of February, 2021, I electronically filed the foregoing "**DEFENDANTS BANDWIDTH INC., CENTURYLINK, COMMUNICATIONS, LLC, LEVEL 3 COMMUNICATIONS, LLC, AND INTELIQUENT, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

John W. Barrett, Esq.
Jonathan R. Marshall, Esq.
Benjamin J. Hogan, Esq.
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com
bhogan@baileyglasser.com
  *Counsel for Plaintiff*

William P. Howard, Esq.
The Consumer Protection Firm, PLLC
4030 Henderson Boulevard
Tampa, FL 33629-4940
Billy@TheConsumerProtectionFirm.com
  *Counsel for Plaintiff*

76374930.2

| | |
|---|---|
| Yvette Golan, Esq.<br>The Golan Firm PLLC<br>2000 M Street NW, Suite 750 A<br>Washington, DC  20036-3307<br>gyolan@tgfirm.com<br>  *Counsel for Plaintiff* | Danielle Waltz, Esq.<br>Laura Ann Hoffman, Esq.<br>Jackson Kelly PLLC<br>500 Lee Street, East, Suite 1600<br>P.O. Box 553<br>Charleston, WV  25322<br>dwaltz@jacksonkelly.com<br>laura.hoffman@jacksonkelly.com<br>  *Counsel for Bandwidth, Inc.* |
| William H. Ihlenfeld, II, Esq.<br>Bowles Rice, LLP<br>P.O. Box 390<br>Wheeling, WV  26003<br>wihlenfeld@bowlesrice.com<br>  *Counsel for Centurylink, Inc.*<br>  *d/b/a Lumen Technologies*<br>*and Level 3 Communications, LLC* | Carrie Goodwin Fenwick, Esq.<br>Goodwin & Goodwin, LLP<br>300 Summers Street, Suite 500<br>P.O. Box 2107<br>Charleston, WV  25328-2107<br>  cgf@goodwingoodwin.com<br>  *Counsel for NOS Communications, Inc.* |
| Glenn T. Graham, Esq.<br>Lauri A. Mazzuchetti, Esq.<br>Kelley Drye & Warren LLP<br>One Jefferson Road<br>Parsippany, NJ 07054<br>ggraham@kelleydrye.com<br>lmazzuchetti@kelleydrye.com<br>  *Counsel for NOS Communications, Inc.* | Jeffrey A. Holmstrand, Esq.<br>Jeffrey A. Grove, Esq.<br>Hrove Homstrand & Delk, PLLC<br>44 ½ 15th Street<br>Wheeling, WV  26003<br>jhomstrand@ghdlawfirm.com<br>jgrove@ghdlawfirm.com<br>  *Counsel for All Access Telecom, Inc.* |
| Amy E. Richardson, Esq.<br>Harris, Wiltshire & Grannis LLP<br>1919 M Street NW, Eighth Floor<br>Washington DC 20036-3537<br>arichardson@hwglaw.com<br>  *Counsel for Bandwidth Inc.* | |

  */s/M. David Griffith, Jr.*
  M. David Griffith, Jr. (WV Bar No. 7720)