IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

| | | |
|---|---|---|
| DIANA MEY,<br>    Individually and on<br>    behalf of a proposed class,<br><br>        Plaintiff,<br><br>  v.<br><br>ALL ACCESS TELECOM, INC.,<br>BANDWIDTH INC.,<br>CENTURYLINK, INC.,<br>d/b/a Lumen Technologies,<br>NOS COMMUNICATIONS, INC., and<br>TELIAX, INC.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 5:19-CV-00237-JPB |

**DEFENDANT BANDWIDTH INC., CENTURY LINK COMMUNICATIONS, LLC, LEVEL 3 COMMUNICATIONS, LLC, AND INTELIQUENT, INC.'S SURREBUTTAL TO THE RULE 12(B)(2) MOTION TO DISMISS**

Plaintiff filed a surreply to Carrier Defendants' (Bandwidth Inc., Century Link Communications, LLC, Level 3 Communications, LLC, and Inteliquent, Inc.) motion to dismiss for lack of personal jurisdiction. *See* Dkt. No. 115. But *Ford Motor Co. v. Montana*, 592 U.S. \_\_, 2021 WL 1132515 (2021) does not change personal jurisdiction jurisprudence and applies to an entirely different class of cases involving substantial connections between the defendant and forum.

Here, Plaintiff's argument is that this Court has specific jurisdiction over Carrier Defendants. In *Ford*, the Supreme Court confirmed what Carrier Defendants have already argued, *i.e.*, that specific jurisdiction applies to a narrow class of claims, and that Plaintiff must show two things: First, "[t]he contacts must be of the defendant's own choice and not 'random, isolated, or fortuitous.'" *Ford*, 2021 WL 1132515, at *4. Second, the claims "'must arise out of or relate to

the defendant's contacts' with the forum." *Id.* The Supreme Court found those elements present in *Ford*, but they are not present here.

First and foremost, Plaintiff's allegations do not establish purposeful availment, as Plaintiff has not alleged that Carrier Defendants specifically targeted West Virginia. In stark contrast to the facts at-issue here, defendant Ford *admitted and agreed* that it had "purposefully avail[ed] itself of the privilege of conducting activities" in both states. *Ford*, 2021 WL 1132515, at *5 (quoting *Hanson v. Denckla*, 357 U. S. 235, 253 (1958)). Second, the *Ford* Court's holding that claims need not "arise out of" a defendant's actions in a state, at least not in a "causal" way, "does not mean anything goes. In the sphere of specific jurisdiction, the phrase 'relate to' incorporates real limits, as it must to adequately protect defendants foreign to a forum." *Ford*, 2021 WL 1132515, at *5.

The facts underlying the *Ford* decision show a substantial pattern of activity between Ford and the forum states:

- "Ford did substantial business in [both States]…advertising, selling, and servicing the model of vehicle the suit claims is defective." *Ford*, 2021 WL 1132515, at *3.

- "By every means imaginable—among them, billboards, TV and radio spots, print ads, and direct mail—Ford urges Montanans and Minnesotans to buy its vehicles…" *Id.* at *6.

- "[T]he company distributes replacement parts both to its own dealers and to independent auto shops in the two States." *Id.* at *6.

- "All that assistance to Ford's instate business creates reciprocal obligations—most relevant here, that the car models Ford so extensively markets in Montana and Minnesota to be safe for their citizens to use there." *Id.* at *8.

Here, there are no allegations that Carrier Defendants' conducted substantial business in West Virginia or that their contacts with West Virginia resemble Ford's in Montana and Minnesota. In fact, other than the call at issue, there are absolutely no allegations regarding Carrier Defendants' contacts with West Virginia. Plaintiff has not established either purposeful availment *or* that her claims relate to Carrier Defendants' actions in West Virginia.

Additionally, Carrier Defendants' business is strikingly different from Ford's. Carrier Defendants' business is much closer to that of companies in the internet space and of those whose apps are available for download nationwide. When assessing whether to assert jurisdiction over those companies, courts have found it unfair to subject those businesses to jurisdiction merely because they made an app available for download nationwide and it was then downloaded in a certain state.[1]

The Supreme Court in *Ford* acknowledged this distinction, stating: "we do not here consider internet transactions, which may raise doctrinal questions of their own." *Ford*, 2021 WL 1132515, at *7 n.4. Like internet app providers, Carrier Defendants merely convey information which may ultimately be routed to any state in the country. They should not be subject to specific jurisdiction just because a call is ultimately directed to a wireless phone number with an area code that corresponds to the forum state. The facts alleged here establish neither of the two elements of specific jurisdiction, and nothing in *Ford* changes that.[2]

---

[1] *See Intercarrier Commc'ns LLC v. WhatsApp Inc.*, 2013 WL 5230631 (E.D. Va. Sept. 13, 2013) and *Zaletel v. Prisma Labs, Inc.*, 226 F. Supp. 3d 599 (E.D. Va. 2016).

[2] This Court also need not consider the *Ford* case as dismissal is warranted based on the Supreme Court's recent decision in *Facebook v. Duguid*, No. 19-511 (Apr. 1, 2021). Defendant NOS Communications, Inc. describes this case in greater detail in its Notice of Supplemental Authority (Dkt. 116), which Carrier Defendants join.

Dated:  April 9, 2021

/s/ M. David Griffith, Jr.
Bryant J. Spann (WVSB #8628)
M. David Griffith, Jr. (WVSB #7720)
THOMAS COMBS & SPANN, PLLC
300 Summers Street, Suite 1380
Charleston, West Virginia 25301
Phone: (304) 414-1800
Fax: (304) 414-1801
bspann@tcspllc.com
dgriffith@tcspllc.com

Ezra D. Church (admitted *pro hac vice*)
Natalie M. Georges (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: 215.963.5710
Fax: 215.963.5001
ezra.church@morganlewis.com
natalie.georges@morganlewis.com

*Attorneys for Defendant Inteliquent, Inc.*

/s/ Danielle Waltz
Danielle Waltz (WVSB #10271)
Laura Hoffman (WSSB #12748)
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Charleston, WV 25301
Telephone: (304) 340-1000
Email: dwaltz@jacksonkelly.com
Email: laura.hoffman@jacksonkelly.com

Amy E. Richardson (admitted *pro hac vice*)
HARRIS WILTSHIRE & GRANNIS LLP
1919 M Street, NW 8th Floor
Washington, DC 20036
Telephone: (202)730-1329
Email: arichardson@hwglaw.com

*Attorneys for Defendant Bandwidth Inc.*

4

/s/ *William J. Ihlenfeld, II*
William J. Ihlenfeld, II (WVSB #7465)
Bowles Rice LLP
1217 Chapline Street
P.O. Box 390
Wheeling, WV 26003
Phone: (304) 230-1800
Fax: (304) 230-1819
wihlenfeld@bowlesrice.com

Russell S. Jones, Jr. (admitted *pro hac vice*)
Robert V. Spake, Jr. (admitted *pro hac vice*)
Elizabeth Marden (admitted *pro hac vice*)
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Telephone: (816) 753-1000
rjones@polsinelli.com
rspake@polsinelli.com
lmarden@polsinelli.com

*Attorneys for Defendants CenturyLink Communications, LLC and Level 3 Communications, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING DIVISION

**DIANA MEY**,

      Plaintiff,

v.                                 **CIVIL ACTION NO.: 5:19-CV-00237-JPB**

**ALL ACCESS TELECOM, INC.,**
**BANDWIDTH INC.,**
**CENTURYLINK, INC., d/b/a/ Lumen**
**Technologies,**
**INTELIQUENT, INC.,**
**NOS COMMUNICATIONS, INC. and,**
**TELIAX, INC.,**

      Defendants.

## <u>CERTIFICATE OF SERVICE</u>

I, M. David Griffith, Jr., counsel for defendant Inteliquent, Inc., hereby certify that on the 9th day of April 2021, I electronically filed the foregoing "**DEFENDANT BANDWIDTH INC., CENTURY LINK COMMUNICATIONS, LLC, LEVEL 3 COMMUNICATIONS, LLC, AND INTELIQUENT, INC.'S SURREBUTTAL TO THE RULE 12(B)(2) MOTION TO DISMISS**" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| John W. Barrett, Esq. <br> Jonathan R. Marshall, Esq. <br> Benjamin J. Hogan, Esq. <br> Bailey & Glasser, LLP <br> 209 Capitol Street <br> Charleston, WV 25301 <br> jbarrett@baileyglasser.com <br> jmarshall@baileyglasser.com <br> bhogan@baileyglasser.com <br>   *Counsel for Plaintiff* | William P. Howard, Esq. <br> The Consumer Protection Firm, PLLC <br> 4030 Henderson Boulevard <br> Tampa, FL 33629-4940 <br> Billy@TheConsumerProtectionFirm.com <br>   *Counsel for Plaintiff* |

6

Yvette Golan, Esq.
The Golan Firm PLLC
2000 M Street NW, Suite 750 A
Washington, DC  20036-3307
gyolan@tgfirm.com
  *Counsel for Plaintiff*

William H. Ihlenfeld, II, Esq.
Bowles Rice, LLP
P.O. Box 390
Wheeling, WV  26003
wihlenfeld@bowlesrice.com
  *Counsel for Centurylink, Inc.*
  *d/b/a Lumen Technologies*
*and Level 3 Communications, LLC*

Glenn T. Graham, Esq.
Lauri A. Mazzuchetti, Esq.
Kelley Drye & Warren LLP
One Jefferson Road
Parsippany, NJ 07054
ggraham@kelleydrye.com
lmazzuchetti@kelleydrye.com
  *Counsel for NOS Communications, Inc.*

Amy E. Richardson, Esq.
Harris, Wiltshire & Grannis LLP
1919 M Street NW, Eighth Floor
Washington DC 20036-3537
arichardson@hwglaw.com
  *Counsel for Bandwidth Inc.*

Danielle Waltz, Esq.
Laura Ann Hoffman, Esq.
Jackson Kelly PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV  25322
dwaltz@jacksonkelly.com
laura.hoffman@jacksonkelly.com
  *Counsel for Bandwidth, Inc.*

Carrie Goodwin Fenwick, Esq.
Goodwin & Goodwin, LLP
300 Summers Street, Suite 500
P.O. Box 2107
Charleston, WV  25328-2107
cgf@goodwingoodwin.com
  *Counsel for NOS Communications, Inc.*

Jeffrey A. Holmstrand, Esq.
Jeffrey A. Grove, Esq.
Grove Holmstrand & Delk, PLLC
44 ½ 15th Street
Wheeling, WV  26003
jholmstrand@ghdlawfirm.com
jgrove@ghdlawfirm.com
  *Counsel for All Access Telecom, Inc.*

  */s/M. David Griffith, Jr.*
  M. David Griffith, Jr. (WV Bar No. 7720)