# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| DIANA MEY,<br>    Individually and on<br>    behalf of a proposed class,<br><br>        Plaintiff,<br><br>        v.<br><br>ALL ACCESS TELECOM, INC.,<br>BANDWIDTH INC.,<br>CENTURYLINK COMMUNICATIONS.,<br>LLC, d/b/a Lumen Technologies,<br>LEVEL 3 COMMUNICATIONS, LLC,<br>d/b/a Lumen Technologies,<br>INTELIQUENT, INC.;<br>NOS COMMUNICATIONS, INC., and<br>TELIAX, INC.<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 5:19-CV-00237-JPB |

## **BANDWIDTH INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Pursuant to Federal Rules of Civil Procedure 12(b)(6) Defendant Bandwidth Inc. ("Bandwidth"), by and through counsel, respectfully moves this Court to dismiss Count One of the Third Amended Complaint filed by Plaintiff Diana Mey ("Plaintiff"). Bandwidth also joins in, and incorporates by reference herein, the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by co-defendants CenturyLink Communications, LLC and Level 3 Communications, LLC (the "Lumen Defendants") (Dkt. 41, 42).

As explained more fully in Bandwidth's Memorandum in Support of its Motion to Dismiss, Plaintiff's claim against Bandwidth should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has not alleged facts from which it can plausibly be inferred that an automated telephone dialing system ("ATDS") was used for the calls allegedly implicating Bandwidth. Plaintiff's sole allegations are that 1) Bandwidth played a role in

transmitting two calls; 2) these calls appeared from an eleven-digit number; 3) one of the two calls at issue began with a pause; and 4) one of the two calls at issue referenced Medicare when Plaintiff is not a Medicare recipient. Plaintiff admits that she does not know which individual or individuals placed the calls at issue, let alone the technology they used to place the calls. Based on these allegations, Plaintiff cannot adequately allege that the caller(s) used a random or sequential number generator as required by the Supreme Court's recent decision in *Facebook v. Duguid*.

WHEREFORE, Bandwidth respectfully requests that the Court grant its motion, dismiss Plaintiff's Third Amended Complaint against it with prejudice, and award Bandwidth all other relief that the Court deems just and proper.

Respectfully Submitted,

**BANDWIDTH INC.**

By Counsel

*/s/ Danielle Waltz*
Danielle Waltz (WVSB #10271)
Laura Hoffman (WVSB #12748)
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Charleston, WV 25301
Telephone: (304) 340-1000
Email: dwaltz@jacksonkelly.com
Email: laura.hoffman@jacksonkelly.com

Amy E. Richardson (*admitted pro hac vice*)
HARRIS WILTSHIRE & GRANNIS LLP
1919 M Street, NW 8th Floor
Washington, DC 20036
Telephone: (202)730-1329
Email: arichardson@hwglaw.com

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| DIANA MEY,<br>    Individually and on<br>    behalf of a proposed class,<br><br>        Plaintiff,<br><br>v.<br><br>ALL ACCESS TELECOM, INC.,<br>BANDWIDTH INC.,<br>CENTURYLINK COMMUNICATIONS.,<br>LLC, d/b/a Lumen Technologies,<br>LEVEL 3 COMMUNICATIONS, LLC,<br>d/b/a Lumen Technologies,<br>INTELIQUENT, INC.;<br>NOS COMMUNICATIONS, INC., and<br>TELIAX, INC.<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No.: 5:19-CV-00237-JPB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I, Danielle M. Waltz, hereby certify that a copy of the foregoing "**BANDWIDTH INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**" has been served upon the following counsel of record, via the Clerk of the Court using the CM/ECF system and U.S. Mail, this 4th day of June, 2021.

| | |
|---|---|
| John W. Barrett, Esq.<br>Johnathan R. Marshall, Esq.<br>Benjamin J. Hogan, Esq.<br>Bailey & Glasser LLP<br>209 Capitol Street<br>Charleston, WV 25301<br><br>William Howard, Esq.<br>The Consumer Protection Firm<br>401 E. Jackson St., Suite 2340<br>SunTrust Financial Center<br>Tampa, FL 33602<br>(Admitted Pro Hac Vice) | Bryant J. Spann, Esq.<br>M. David Griffith, Jr., Esq.<br>Thomas Combs & Spann, PLLC<br>300 Summers Street, Suite 1380<br>Charleston, WV 25301<br><br>Ezra Dodd Church, Esq.<br>Natalie M. Georges, Esq.<br>Morgan, Lewis & Bockius LLP<br>1701 Market Street<br>Philadelphia, PA 19103<br>(Admitted Pro Hac Vice)<br>***Counsel for Defendant, Inteliquent, Inc.*** |

| | |
|---|---|
| Yvette Golan, Esq.<br>The Golan Firm PLLC<br>2000 M St. NW, Suite 750-A<br>Washington, DC 20036<br>(Admitted Pro Hac Vice)<br><br>*Counsel for Plaintiff* | William J. Ihlenfeld, II, Esq.<br>Bowles Rice, LLP<br>P.O. Box 390<br>Wheeling, WV 26003<br><br>Robert V. Spake, Jr., Esq.<br>Elizabeth M. Marden, Esq.<br>Russell S. Jones, Jr., Esq.<br>Polsinelli PC<br>900 W. 48th Place, Suite 900<br>Kansas City, MO 64112<br>(Admitted Pro Hac Vice) |
| Jeffrey A. Holmstrand, Esq.<br>Jeffrey A. Grove, Esq.<br>Grove Holmstrand & Delk, PLLC<br>44 ½ 15th Street<br>Wheeling, West Virginia 26003<br><br>*Counsel for Defendants,*<br>*All Access Telecom, Inc.* | *Counsel for Defendant, CenturyLink*<br>*Communications, LLC, and Level 3*<br>*Communications, LLC* |

                                                */s/ Danielle Waltz*

                                                Danielle Waltz (WVSB #10271)