**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**WHEELING DIVISION**

| | |
|---|---|
| DIANA MEY, individually and on behalf of a proposed class <br> *Plaintiff*, <br><br> v. <br><br> ALL ACCESS TELECOM, INC.; <br> BANDWIDTH INC.; <br> CENTURYLINK <br> COMMUNICATIONS, LLC; <br> LEVEL 3 COMMUNICATIONS, LLC; <br> INTELIQUENT, INC.; <br> AFFINITY NETWORK <br> INCORPORATED; and <br> TELIAX, INC., <br><br> *Defendants*. | CIVIL ACTION <br> NO.: 19-cv-00237-JPB <br><br><br><br><br><br><br><br> ELECTRONICALLY FILED |

**DEFENDANT TELIAX, INC.'S**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SET ASIDE DEFAULT**
**PURSUANT TO FRCP 55(c)**
**(September 30, 2021)**

1

## INTRODUCTION

TelIAX, Inc. d/b/a Teliax, Inc. ("Teliax") is a Colorado corporation with a principal place of business in Denver and business address at 2150 W. 29th Avenue, Suite 200, Denver, Colorado 80211 that provides telecommunications services in the United States.

Plaintiff Diana Mey—a resident of Wheeling, West Virginia— individually and on behalf of a proposed class, ("Plaintiff") commenced this action on August 6, 2019 and served Teliax with a Summons and Complaint on December 8, 2020.[1] Plaintiff effected service by serving Teliax's West Virginia agent, Corporation Service Company ("CSC"), located at 209 West Washington Street, Charleston, WV 25302. Although CSC notified Teliax of service by an email, no officer or employee of Teliax reviewed the email. *See*, Exhibit A. Thus, Teliax did not realize this action was commenced or that Plaintiff had sued Teliax, as well as other parties; did not take steps to file an answer or otherwise respond to the Complaint within the time provided in the Federal Rules of Civil Procedure ("FRCP"); and did not contact or retain counsel.

Teliax's failure to notice the email from CSC and respond was due in part because of several issues Teliax, a small company of approximately 12 employees, faced during December 2020 in addition to operating its business. Namely, Teliax was:

1. Addressing Federal Communications Commission ("FCC") mandates to identify and block illegal and unwanted robocalls through the implementation of STIR/SHAKEN technology and developing robocall mitigation strategies;

2. Dealing with the impacts of the COVID-19 pandemic that affected all other American businesses; and

---

[1] Plaintiff filed an Amended Complaint on September 25, 2019. Docket 9. On November 30, 2020, Plaintiff filed a second Amended Complaint. Docket 42. Finally, Plaintiff filed a third Amended Complaint on May 21, 2021 ("Third Amended Complaint"). Docket 138.

3. Dealing with one of its major customers refusing to pay for services provided, which led to Teliax and its top management being involved in litigation before the FCC and Colorado courts and planning for force reductions due to diminished revenues.

The Clerk of this Court entered a default against Teliax on August 11, 2021 "for failure to file an answer or otherwise defend within the time provided by the [FRCP]" (the "Default"). Docket 188.

Upon receiving notice of the Default, Teliax acted quickly to file the contemporaneously filed Motion to Set Aside Default (the "Motion"). Prior to filing the Motion, Teliax reached out to Plaintiff's Counsel to discuss its Motion, and Plaintiff's counsel indicated they would not object to the Motion. Notwithstanding the Default, Teliax has provided Plaintiff's counsel's timely responses to information and document requests and otherwise cooperated in good faith.

For the reasons set forth and further discussed below, the Court is respectfully requested to grant the Motion and set aside the Default.

## JURISDICTION

This Court has jurisdiction to set aside the Default for good cause. *See* FRCP 55(c) (stating "[t]he court may set aside an entry of default for good cause"); *see also Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir.1987) (noting whether a default should be set aside is in the sound discretion of the district court); *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811-12 (4th Cir.1988) (requiring only good cause to set aside an entry of default under Rule 55(c)).

# ARGUMENT

**A. Teliax has Shown Good Cause to Set Aside the Default in Addition to Satisfying the Six Factors the Fourth Circuit Provides that Courts Should Consider in Setting Aside a Default**

In addition to satisfying the Fourth Circuit's six factors district courts should consider when deciding whether to set aside a default, Teliax has shown good cause to set aside the Default by timely communicating information and documents requested to Plaintiff's counsel.

FRCP 55(c) must "be liberally construed in order to provide relief from the onerous consequences of defaults . . . ." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir.1987) (internal quotations and citations omitted); *see also Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 421 (4th Cir. 2010) (stating the Fourth Circuit's "long-held view" that motions to set aside be liberally construed to provide relief from onerous consequences of defaults).

The Fourth Circuit has outlined six factors district courts should consider when deciding whether to set aside an entry of default: (i) whether the moving party has a meritorious defense; (ii) whether the moving party acts with reasonable promptness; (iii) the personal responsibility of the defaulting party; (iv) the prejudice to the party; (v) whether there is a history of dilatory action; and (vi) the availability of sanctions less drastic. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-205 (4th Cir.2006) (citations omitted); *see also Colleton Preparatory Acad., Inc.*, 616 F.3d at 417 (4th Cir. 2010) (quoting the six factors outlined in *Payne ex rel. Estate of Calzada*, 439 F.3d).

This Court should find, upon considering the Fourth Circuit's six factors, that good cause exists to set aside the Default entered against Teliax:

i. Teliax has meritorious defenses, and the Default was entered before Teliax had a chance to present any defenses or otherwise respond to the Third Amended Complaint.

ii. Teliax promptly filed this Motion following discussion with Plaintiff's counsel to ensure there would be no opposition to the Motion and has continued to provide timely responses to Plaintiff's counsel's information and document requests. *See*, Exhibit B.

iii. While Teliax is responsible for the failure to file an answer or otherwise defend within the time provided by the FRCP, Teliax acted promptly to fix this error, which was based on missing a single email relaying service of the Summons and Complaint from CSC, Teliax's West Virginia agent. Given the numerous other issues Teliax was facing, including the ongoing COVID-19 pandemic and non-payment by a major customer; the fact that Teliax acted quickly to remedy the situation; and that Plaintiff's counsel does not oppose the Motion, the Court should excuse Teliax's failure.

iv. Teliax would be unduly prejudiced if the Court denies the Motion and the Default is not set aside because Teliax could be bound by a judgment with significant adverse consequences based on novel legal theories without a chance to present any defenses or otherwise respond to Plaintiff's claims.

v. Teliax does not otherwise have a history of dilatory action before this Court or in this action; in fact, Teliax has timely cooperated with and provided information and documents to Plaintiff's counsel and discussed this Motion with Plaintiff's counsel prior to filing. *See*, Exhibits B and C.

      vi.      Other less drastic sanctions are available, but unnecessary, because Teliax has timely cooperated with and provided information and documents to Plaintiff's counsel.

*Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-205 (4th Cir.2006) (citations omitted); *see also Colleton Preparatory Acad., Inc.*, 616 F.3d at 417 (4th Cir. 2010) (quoting and applying the six factors outlined in *Payne ex rel. Estate of Calzada*, 439 F.3d).

Teliax has therefore not only satisfied the six factors this Court should consider in deciding whether to set aside the Default, but also has demonstrated good cause by acting in good faith to timely provide Plaintiff's counsel requested information and documents, despite the Default; discussing this Motion with Plaintiff's counsel prior to filing; and filing the Motion timely while ongoing issues discussed above continue to impact Teliax.

## CONCLUSION

For the foregoing reasons, Teliax respectfully requests this Court grant the Motion and find good cause to set aside the Default entered against Teliax.

      Respectfully submitted,

      **KAY CASTO & CHANEY PLLC**

      By:    /s/ *John R. McGhee, Jr.*
      John R. McGhee, Jr., Esq. (WVSB# 5205)
      jmcghee@kaycasto.com
      707 Virginia Street, East, Suite 1500
      Charleston, WV 25301
      (304) 345-8900 (Telephone)
      (304) 345-8909 (Facsimile)

      and

**MARASHLIAN & DONAHUE, PLLC, THE *COMM*LAW GROUP**

Allison D. Rule, Esq.
Robert H. Jackson, Esq.
adr@commlawgroup.com
rhj@commlawgroup.com
1430 Spring Hill Road, Suite 301
McLean, VA 22102
(703) 714-1300 (Telephone)
(703) 563-6222 (Facsimile)
(admitted *pro hac vice*)

*Attorneys for Defendant TelIAX, Inc. d/b/a Teliax, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2021, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| John W. Barrett, Esq.<br>Jonathan R. Marshall, Esq.<br>Benjamin J. Hogan, Esq.<br>Bailey & Glaser, LLP<br>JBarrett@baileyglasser.com<br>JMarshall@baileyglasser.com<br>BHogan@baileyglasser.com<br>209 Capitol Street<br>Charleston, WV 25301<br>*Counsel for Plaintiffs* | William Howard, Esq.<br>The Consumer Protection Firm, PLLC<br>Billy@TheConsumerProtectionFirm.com<br>401 East Jackson Street, Suite 2340<br>SunTrust Financial Center<br>Tampa, FL 33602<br>*Counsel for Plaintiffs* |
| Yvette Golan, Esq.<br>The Golan Firm PLLC<br>ygolan@tgfirm.com<br>2000 M Street NW, Suite 750A<br>Washington, DC 20036-3307<br>*Counsel for Plaintiffs* | Jeffrey A. Grove, Esq.<br>Jeffrey A. Holmstrand<br>Grove, Holmstrand & Delk, PLLC<br>44 ½ 15th Street<br>Wheeling, WV 26003<br>jgrove@ghdlawfirm.com<br>jholmstrand@ghdlawfirm.com<br>*Counsel for All Access Telecom, Inc.* |
| Amy E. Richardson, Esq.<br>Harris, Wiltshire & Grannis LLP<br>1919 M. Street NW, Eighth Floor<br>Washington, DC 20036-3537<br>arichardson@hwglaw.com<br>*Counsel for Bandwidth, Inc.* | Danielle Waltz, Esq.<br>Laura Ann Hoffman, Esq.<br>Jackson Kelly PLLC<br>500 Lee Street, Suite 1600<br>Post Office Box 1600<br>Charleston, WV 25322<br>dwaltz@jacksonkelly.com<br>laura.hoffman@jacksonkelly.com<br>*Counsel for Bandwidth Inc.* |

<div style="display: flex;">

Elizabeth Marden, Esq.
Robert V. Spake, Jr., Esq.
Russell S. Jones, Jr., Esq.
Polsinelli PC
900 W. 48th Place, Ste. 900
Kansas City, MO  64112
lmarden@polsinelli.com
rspake@polsinelli.com
Rjones@polsielli.com
*Counsel for CenturyLink Communications, LLC, Inc. and Level 3 Communications, LLC*

William J. Ihlenfeld, II, Esq.
Bowles Rice PPLC – Wheeling
1217 Chapline Street
Wheeling, WV 26003
wihlenfeld@bowlesrice.com
*Counsel for CenturyLink Communications, LLC, Inc. and Level 3 Communications, LLC*

Bryant J. Spann, Esq.
M. David Griffith, Jr., Esq.
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
Post Office Box 3824
Charleston, WV 25338-3824
bspann@tcspllc.com
dgriffith@tcspllc.com
*Counsel for Inteliquent, Inc.*

Ezra D. Church, Esq.
Natalie M. Georges, Esq.
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103-2921
Ezra.church@morganlewis.com
Natalie.georges@morganlewis.com
*Counsel for Inteliquent, Inc.*

Carrie Goodwin Fenwick, Esq.
Goodwin & Goodwin, LLP
300 Summers Street, Ste. 1500
Post Office Box 2107
Charleston, WV  25328-2107
cgf@goodwingoodwin.com
*Counsel for Affinity Network Incorporated*

Glenn T. Graham, Esq.
Lauri A. Mazzuchetti, Esq.
Kelley Drye & Warren LLP
One Jefferson Road
Parsippany, NJ  07054
ggraham@kelleydrye.com
lmazzuchetti@kelleydrye.com
*Counsel for Affinity Network Incorporated*

Becca J. Wahlquist, Esq.
Kelley Drye & Warren LLP
1800 Century Park East
Suite 1600
Los Angeles, CA  90067
bwahlquist@kellydrye.com
*Counsel for Affinity Network Incorporated*

</div>

/s/ *John R. McGhee, Jr.*
John R. McGhee, Jr., Esq. (WVSB#5205)
jmcghee@kaycasto.com
707 Virginia Street, East, Suite 1500
Charleston, WV 25301
(304) 345-8900 (Telephone)
(304) 345-8909 (Facsimile)