IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

DIANA MEY, individually and on behalf of a proposed class,

    Plaintiff,

v.

ALL ACCESS TELECOM, INC.; BANDWITH INC.; CENTURYLINK COMMUNICATIONS, LLC; LEVEL 3 COMMUNICATIONS, LLC; INTELIQUENT, INC.; AFFINITY NETWORK INCORPORATED; and TELIAX, INC.,

    Defendants.

CIVIL ACTION NO.: 5:19CV237
(BAILEY)

FILED

MAR 23 2022

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

## ORDER GRANTING PLAINTIFF'S MOTION [265] TO COMPEL

Currently pending before the Court is Plaintiff's Motion to Compel [ECF No. 265], filed January 18, 2022. Said Motion has been referred to the undersigned for consideration and disposition. ECF No. 268. The Court entered an Order Setting Deadlines and Oral Argument on January 21, 2022. ECF No. 269. The parties entered various stipulations extending the time within which to file responses to Plaintiff's Motion. The parties also filed a Consent Motion to Continue the hearing, which was originally set for February 23, 2022. ECF No. 269. The hearing was continued to March 9, 2022.

At the hearing of March 9, 2022, the parties presented oral argument and evidence in support of their respective positions. After considering these arguments, the parties' briefs (including the many declarations filed in support), and the applicable law, the Court is satisfied that Plaintiff's Motion to Compel should be granted.

Three categories of discovery are at issue: (1) complaints and traceback requests regarding spoofed calls, calls with invalid caller ID, calls potentially violating the TCPA, and calls associated with the preceding provider[1]; (2) Call Detail Records[2]; and (3) Call Detail Records to identify class members.[3] For each of these categories of evidence, two objections have been asserted: (1) relevance and (2) burden. The Court will address each in turn.

### A. Relevance

Plaintiff argues that the discovery at issue is vital to proving the allegations set forth in her Complaint because will demonstrate whether Defendants knew that allegedly spoofed calls passed through their systems in and around the relevant time period.[4] Defendants contend that the discovery requests at issue seek irrelevant information because they seek information for call activity that is not alleged in Plaintiffs' Complaint. For the reasons that follow, Defendants' argument is without merit.

Defendants seek to confine discovery to the specific and discrete calls/phone numbers cited as examples in Plaintiffs' Complaint. *See e.g.* ECF No. 262, at p. 8. The claims made in Plaintiff's Complaint are not, however, limited to only the calls set forth on p. 8 of Plaintiff's Complaint. Plaintiff's allegations include that Defendants made or transmitted "obviously spoofed" robocalls.[5] Obviously spoofed robocalls can include a multitude of numerical configurations, not simply the ones listed at p. 8 of Plaintiffs' Complaint. Plaintiff also brings this action under Rule 23 of the

---

[1] Request for Production Nos. 27 and 28.
[2] Request for Production Nos. 13 and 15.
[3] Request for Production Nos. 16 and 17.
[4] Fourth Amened Class Action Complaint, ECF No. 262.
[5] "This is an action against companies that place and connect "obviously spoofed" robocalls – that is, calls displaying facially invalid calling numbers that do not and cannot validly exist, such as eleven-digit or all-zero phone numbers, but nonetheless are made by companies like the Defendants to buzz, ring, and annoy American consumers on their cell phones." ECF No. 262, at p. 2.
"Through this action, Plaintiff intends to hold these Defendants accountable for making obviously spoofed robocalls, which constitute serial violations of federal law prohibiting autodialed telephone calls placed to cellular and residential lines without consent." ECF No. 262, at p. 5.

2

Federal Rules of Civil Procedure on behalf of all other persons or entities similarly situated to include persons to whom Defendants made a call which displayed an "unassignable telephone number." ECF No. 262, at p. 21. An "unassignable telephone number" can take many forms, not just the ones cited at p. 8 of Plaintiff's Complaint. Discovery has not been bifurcated, so Plaintiff must conduct discovery concerning potential class members.

Information sought in Plaintiff's discovery requests is relevant to whether and to what extent Defendants knew that obviously spoofed robocalls were passing through their systems. Therefore, Defendants' responses to the discovery requests at issue should not be limited to only information regarding the phone numbers set forth on p. 8 of Plaintiff's Complaint.

**B. Burden**

Defendants next object to Plaintiff's discovery requests as being too burdensome. Defendants have made concise and informative arguments about a difficult and cumbersome issue. The declarations filed by Defendants were similarly well-presented. However, the Court would agree with Plaintiffs that neither the Court nor the attorneys are in the best position to walk through the process(es) of compiling the discovery at issue into producible form. The Court would also agree that the best way to handle this issue is to have the parties' respective experts and/or qualified personnel get together and discuss this issue without interference of persons who may not have the benefit of the full breadth of the experts' knowledge and expertise at their fingertips.

In support of this decision, the Court notes Defendants' acknowledgement at the March 9th hearing that a fundamental disagreement exists between Plaintiff's expert and Defendants' in-house personnel about the capability of their systems in retrieving the sought-after information. A "fundamental disagreement" denotes validly and firmly held beliefs on both sides. A face-to-face meeting between experts from both sides would likely resolve this disagreement. *See Frontier-*

3

*Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.*, 246 F.R.D. 522, 525-26 (S.D.W.Va. Nov. 21, 2007) ("[t]he purpose of the meet and confer obligation is to obtain discovery material *without court action*") (emphasis in original).

### C. Conclusion

Accordingly, and for all of the foregoing reasons, Plaintiff's Motion [262] to Compel is **GRANTED**.

The parties are **DIRECTED** to **have THEIR RESPECTIVE EXPERTS/RELEVANT PERSONNEL MEET AND CONFER IN PERSON WITH EACH OTHER over the next thirty (30) days to discuss and/or resolve issues related to producing the compelled discovery. The parties are further DIRECTED to advise the Court as to the status of these efforts no later than forty (40) days after the date of this Order.**

It is so **ORDERED**.

Any party may, within **FOURTEEN DAYS** of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in a waiver of the right to appeal from a judgment of this Court based upon such an Order.

The Court **DIRECTS** the Clerk of the Court to mail a copy of this Order to any *pro se* party by certified mail, return receipt requested, and to counsel of record herein.

Dated: 3-23-22

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE

4