IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

WHEELING DIVISION

DIANA MEY, individually
and on behalf of a proposed class,

     **Plaintiff,**

v.                                **Civil Action No. 5:19-cv-00237-JPB**

ALL ACCESS TELECOM, INC., et al.

     **Defendants.**

**Plaintiff's Limited Objections to Magistrate's Discovery Orders (ECF No. 387 and 391) Granting the Motions to Compel of Defendants Lumen and Inteliquent**

In orders granting the motions to compel of Defendants Lumen (ECF No. 387, "Lumen Order," attached as Exhibit A) and Inteliquent (ECF No. 391, "Inteliquent Order," attached as Exhibit B), the Magistrate directed Plaintiff to supplement certain discovery responses and follow the provisions of the stipulated ESI protocol in responding.  Plaintiff is engaged in that process and expects to resolve most of the issues identified by the Magistrate.

However, Plaintiff objects to certain aspects of the Magistrate's orders as clearly erroneous and an abuse of discretion. ***Without making a single finding of relevance or proportionality, and without addressing any of the Plaintiff's arguments about overbreadth***, the Magistrate:

- Ordered Plaintiff to produce seven years of personal records, notes, bank statements, and settlement agreements about unrelated cases – all to support

1

an unwarranted, irrelevant, and harassing attack on Mrs. Mey as a "professional plaintiff," (Part A);

- Ordered Plaintiff to search for and identify all documents within the breathtakingly overbroad category of "all formal or informal complaints [Plaintiff has] made to anyone regarding receipt of [unwanted] text messages, telephone calls, faces, emails or other communications" (Part B);

- Ordered Plaintiff to produce years of unredacted telephone records showing all persons she and her family have called or received calls from, while imposing no limiting obligations on the defendants to avoid needless prying into the Plaintiff's and her family's personal affairs (Part C); and

- Ordered Plaintiff to produce years of deposition transcripts and discovery material from unrelated cases, regardless of subject matter.

If allowed to stand, Plaintiff will be forced to devote enormous resources to search for, log, and produce voluminous materials unrelated to any issue in this case, all with no judicial finding of relevance or proportionality. The Magistrate's ruling carries a substantial potential for a chilling effect on the willingness of consumer privacy advocates to stand up for the enforcement of the TCPA against illegal telemarketing. Plaintiff respectfully requests the Court sustain her objections, and order the relief sought in the conclusion of this brief.

**STANDARD OF REVIEW**

Precedent from this district articulates the standard of review:

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

> In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. *Detection Sys., Inc. v. Pittway Corp.*, 96 F.R.D. 152, 154 (W.D. N.Y. 1982).

*Sanders v. NCO Fin/99*, No. 1:16CV78. 2017 WL 1591887, *2 (May 1, 2017).

Rule 26(b) permits only the discovery of relevant evidence that is "proportional to

the needs of the case." Rule 26(b)(1).  "Proportionality requires courts to consider . . .

whether the burden or expense of the proposed discovery outweighs its likely benefits,"

"reliev[ing] parties from the burden of taking unreasonable steps to ferret out every

relevant document." *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 188–89 (4th Cir.

2019).  "[E]ven [if] information is relevant (in the broadest sense), the simple fact that

requested information is discoverable . . . does not mean that discovery must be had."

*Nicholas v. Wyndham Intern., Inc.*, 373 F.3d 537, 543 (4th Cir. 2004).

## ARGUMENT

**A. The Magistrate clearly erred and abused discretion by ordering Mrs. Mey to produce seven years of personal records, bank statements, and settlement agreements, without considering relevance, overbreadth, disproportionality, or privacy concerns.**

Inteliquent's RFP No. 20 seeks "[a]ll Documents sufficient to identify the total

amount of recovery by You or your Family Members… in TCPA cases throughout your

lifetime, litigated or otherwise." The Magistrate found Plaintiff's objections to this

request to be boilerplate but did not address Plaintiff's written or oral argument, the

substantial details set forth in the parties' meet and confer conferences, and made no

finding of relevance, but ordered Plaintiff to supplement her response, while cataloguing

3

potentially responsive documents as including "personal records/notes, settlement agreements, bank statements," and similar documents. ECF No. 391 at 5.

The Magistrate's conclusion was clear error and an abuse of discretion, and feeds into the Defendants' irrelevant attack on Mrs. Mey as a "professional plaintiff," which they believe entitles them to information relevant to her "motives for filing TCPA actions [and] her statutory standing under the TCPA as a professional plaintiff[.]" ECF No. 334 at 10.

Plaintiff's "motives" for filing TCPA actions have nothing to do with any relevant claim or defense, and no defendant has explained or cited persuasive authority addressing how its requests will inform the question of motive in any way. Even if it were relevant, Plaintiff's personal notes/records, bank statements and settlement agreements will provide no answers to the question Inteliquent seeks to answer: whether Plaintiff "is pursuing the case as an 'aggrieved consumer' whom Congress intended to protect under the TCPA, or is rather a 'professional plaintiff' who seeks telephone calls because they further a money-making litigation business." ECF No. 334 at 10.

This Court squarely rejected this sort of "professional plaintiff" standing challenge in *Mey v. Venture Data, LLC,* 245 F. Supp. 3d 771, 783 (N.D. W. Va. 2017), where the Court stated that Mrs. Mey does not "seek[] to receive [illegal telemarketing] calls. She does nothing to attract the calls; in fact, her telephone number is listed on the National Do Not Call Registry. Rather, she uses her equipment to record and document TCPA calls when they do occur." *Id.* at 783. The Court analogized that these facts "[do] not deprive

the plaintiff of standing any more than the purchase of a burglar alarm would indicate that the homeowner wanted her house to be broken into." *Id.*

As the Court also stated in *Venture Data*, by her efforts to enforce the TCPA, Mrs. Mey "is doing exactly what Congress intended – enforcing the law." *Id.* at 784 (citing *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*, 401 F.3d 876, 881 (8th Cir. 2005) (recognizing that private right of action under TCPA demonstrates Congressional intent to incentivize aggrieved parties to act as "private attorneys general"). It is precisely that advocacy that is motivating these Defendants to pose these vastly overbroad and irrelevant discovery requests.

The "professional plaintiff" argument the defendants advance to support these requests is regularly rejected by courts as thinly veiled attacks that could serve no purpose other than disparaging consumers for invoking their rights under the TCPA. *See, e.g., Martin v. Bureau of Collection Recovery*, No. 10 C 7725, 2011 WL 2311869, at *4 (N.D. Ill. Jun. 13, 2011 ("Characterizing Plaintiff as a 'professional plaintiff' does not boost [Defendant's] argument in this discovery motion or any arguments in response to Plaintiff's motion for class certification."). Because the statutory damages available under the TCPA are "specifically designed to appeal to plaintiff's self-interest and to direct that self-interest toward the public good," the TCPA encourages plaintiffs to act as private attorneys general, with statutory damages operating as rewards, or "bounties," for catching telemarketers engaged in illegal practices. *Cunningham v. Rapid Response Monitoring Servs., Inc.,*, 251 F. Supp. 3d 1187, 1195 (M.D. Tenn. 2017); *see also Charvat v. Echostar Satellite, LLC*, 630 F.3d 459, 461 (6th Cir. 2010) ("Phillip Charvat

5

has not been shy in taking on the role of a private attorney general under the [TCPA].");

*Lou Fusz Automotive Network, Inc.*, 401 F.3d at 881 (private right of action under TCPA

demonstrates Congressional intent to incentivize aggrieved parties to act as "private

attorneys general"); *Venture Data*, 245 F. Supp. 3d at 783–84 ("While [defendant] is

understandably frustrated by Mrs. Mey's efficacy, she is doing exactly what Congress

intended — enforcing the law."); *FTC v. Lifewatch Inc.*, 176 F. Supp. 3d 757, 771 (N.D.

Ill. 2016) ("Cognizant of how damaging Mey's evidence is, Defendants disparage her as

a 'professional litigant.'").

Requiring Mrs. Mey to produce personal notes/records, settlement agreements,

and bank statements would be intrusive, harassing, and disproportionate to Defendants'

legitimate discovery needs. Requiring Mrs. Mey to produce all of her personal

records/notes and bank statements to show her prior TCPA recovery is also highly

intrusive and punitive because these records contain much more information about her

finances than just her recovery. It also has the chilling effect on Mrs. Mey and other

TCPA plaintiffs pursuing legitimate claims who will now have to lay bare their personal

finances and spending habits when they stand up to enforce the statute.

Even so, Plaintiff is currently engaged in discussions with Inteliquent on how to

provide them with Mrs. Mey's total amount of recovery. Plaintiff has proposed to

disclose an estimated amount that Mrs. Mey has received within the range of $100,000, a

more narrowly tailored request proposal by Defendant Bandwidth. Inteliquent has not yet

responded to this proposed limitation, but Plaintiff is hopeful for a resolution and files

these objections to preserve her rights.

**B. The Magistrate abused discretion and clearly erred by requiring Plaintiff to produce all documents relating to "all formal or informal complaints made to anyone regarding receipt of [unwanted] text messages, telephone calls, faces, emails or other communications."**

Lumen's Int. No. 2 asked Mrs. Mey to "[i]dentify all actions you took or have taken to prevent, block, divert, reduce or eliminate your receipt of any unwanted text messages, telephone calls, faxes, emails, or other communications. As part of your answer, please identify: . . . (c) All formal or informal complaints you have made to anyone regarding receipt of such text messages, telephone calls, faxes, emails, or other communications; (d) All civil actions you brought, caused to be brought, or in which you otherwise participated regarding receipt of such text messages, telephone calls, faxes, emails, or other communications, (e) all persons with knowledge concerning the above; and (f) All material documents evidencing, referring, or relating to the above [including all litigations Mrs. Mey has pursued commenced]."

The overbreadth of this request is facially obvious. What is an "informal complaint" or even a "formal complaint" regarding a text message, telephone call, fax, email, or "other communication," and what relevance would those communications have to this litigation? In her brief in opposition to Lumen's motion to compel, Plaintiff laid out the basis for her objection to Interrogatory No. 2, describing it as "so overbroad as to defy any type of summary," "patently overbroad," and concluding that "Plaintiff cannot even begin to comprehend how to answer this interrogatory, and Lumen has offered no reasonable compromise." ECF No. 339 at 7-8.

Nonetheless, the Magistrate rejected the objections as boilerplate, but made no finding of relevance, and did not address the facial overbreadth of the interrogatory. The Magistrate further found it "entirely possible that emails, telephone calls, informal complaints . . . etc. have taken place which are not contained within any case file or public documenting system." ECF No. 387 at 6. If allowed to stand, the Magistrate's order would put Plaintiff to the enormous burden of searching through years of undefined informal complaints to friends and any documentation of her frequent attempts to stop the receipt of unwanted telephone calls, faxes, emails, and "other communications" — with no Court having made any finding that the request seeks relevant information, or that the burden of obtaining the information is justifiable under the discovery rules. This would be manifest error, would have a similar chilling effect on plaintiffs seeking to enforce the TCPA, and the Court should reverse the Magistrate's order with respect to Interrogatory No. 2.

**C. The Magistrate clearly erred and abused discretion by ordering Mrs. Mey to produce years of unredacted telephone records showing who she and her family have called or received calls from, again without considering relevance, overbreadth, and disproportionality objections.**

The Magistrate ordered Mrs. Mey to produce fully unredacted telephone records in response to Lumen and Inteliquent's discovery requests for

- "[A]ll phone numbers you have used in the past ten (10) years … and all material documents evidencing, referring, or relating to the above."  Lumen Interrogatory No. 3;

- "All contracts and communications with your phone provider(s)." Lumen RFP No. 13;

- "All of your phone bill(s) and payments for the same, including all voice, fax, data lines, and text messages related charges."  Lumen RFP No. 14.

Plaintiff objected on overbreadth and lack of proportionality grounds, arguing against Lumen's demand for unfettered "access to personal, private information — telephone numbers of friends, family, and others unrelated to the calls at issue here — [for Lumen] to use as it or its counsel sees fit." (ECF No. 339 (Pl.'s Opp.) at 3-4.)

While the Magistrate did address this argument and found that the protective order "would protect against the widespread dissemination" of the private information (Order at 12), it did not address how any of the above information is relevant. The Magistrate also did not address the fact that the protective order does not forbid Lumen from contacting any of the persons with whom the Meys speak to pry into private matters, to learn who the Meys were calling at any time over the last ten years, or to use her telephone records for other illegitimate reasons to harass or annoy the Mey family and Diana Mey in particular. If Lumen wants Plaintiff to produce telephone bills showing any calls placed to the numbers in the Complaint, that is one thing, but allowing complete access to years of the Meys' private telephone information for no purpose is another, and appears intended to harass Mrs. Mey and her family. Allowing this needless prying will also dissuade other consumers from standing up for their rights and others through class litigation to enforce consumer protection statutes such as the TCPA. There is simply no need for Lumen to receive this wildly irrelevant information, and the Magistrate's order did not address that issue, nor did the Magistrate make any relevance finding.

9

Lumen claimed that it needed unredacted call records to prove that she qualifies as a member of the class she seeks to represent, namely "did she actually get a facially invalid call." Hrg. Tr. 9:16-23 (Apr. 19, 2022). This is a red herring. Plaintiff has already assuaged this concern in her initial production of documents with phone bills demonstrate her receipt of calls from 000-000-0000 and 485-421-5423-4. To further address this concern, Plaintiff provided call detail records showing not only the calls described in the Complaint but also all calls made to or received from facially invalid numbers, *i.e.*, numbers containing all zeros and numbers with too many or too few digits. The removal of these initially redacted numbers provides Lumen the information they seek while protecting Mrs. Mey's legitimate privacy interests in keeping her personal call records and that of her family's protected.

Plaintiff urges the Court to reverse the Magistrate's Order — which again neglected to make any relevance finding — as clearly erroneous. If the Court is not inclined to grant this relief, Plaintiff requests the Court modify the ruling to require Plaintiff to identify only those calls the Meys placed to or received from the numbers at issue in this case, namely obviously spoofed or facially invalid numbers or calls from 000-000-000 as suggested during oral argument, and was produced to the Defendants on April 29, 2022. Hrg. Tr. 17:5 (Apr. 19, 2022).

**D. The Magistrate abused discretion and clearly erred by ordering production of deposition transcripts and discovery responses regarding all of Mrs. Mey's other litigations and complaints, making no finding of relevance.**

Lumen and Inteliquent issued broad discovery requests seeking documents and information about years of Mrs. Mey's litigations, and even those of her family members. These requests, collectively called "case materials" for ease of reference, include:

- Inteliquent's RFP No. 17, requesting "*[a]ll Documents concerning your involvement in any other lawsuit*," without regard to subject matter, from August 6, 2015 through the present.

- Inteliquent's RFP Nos. 18-19 seeking "*[a]ll Documents sufficient to identify all TCPA cases You have filed through counsel or on a* pro se *basis*" or "*filed by, or on behalf of any of Your Family Members*."

- Lumen's similar request sought in RFP No. 15 "*copies of all legal actions, and all documents relating thereto, you filed or in which you were named as a party, since 2010.*"[1]

The Magistrate Judge ordered Plaintiff to supplement her discovery responses to "**INCLUDE (but should not be limited to)**" "answers to discovery and deposition testimony, and the like[,]" ECF No. 387 at 8; ECF No. 391 at 4. The Court's rationale in ordering these productions was that Plaintiff's objections — that the requests were unduly burdensome, overbroad, not relevant, not proportional, and protected by the attorney-client privilege and/or work product doctrine — were boilerplate objections. *See* ECF No. 387 at 5. The Court made no findings that the requests related to this litigation were relevant or proportional to the needs of the case.

The Magistrate's omission of any finding that the requested documents are relevant or proportional is reversible error. In fact, deposition transcripts and discovery

---

[1] Lumen's Interrogatory 2(d) and (f), discussed above, also similarly seeks for Plaintiff to identify all civil actions she has brought, and material documents "evidencing, referring, or relating" to those civil actions.

responses from other cases — TCPA and non-TCPA — are not relevant to any party's claims or defenses under Rule 26. This case presents for the first time the question of whether intermediate telephone providers can be liable for obviously spoofed robocalls that they make through their systems. Both Lumen and Inteliquent acknowledged the complaint's "novel theory" of TCPA liability. ECF No. 321 at 2; ECF No. 350 at 3.  Why Plaintiff should be put to the burden of producing all deposition transcripts and discovery responses over the last ten years is a matter the Magistrate did not address.

And that burden would be substantial. Plaintiff has provided a list of her litigations (Exhibit C), and Mrs. Mey has been represented by Bailey & Glasser in about half of them. The Magistrate's order would require Mrs. Mey to reach out to past counsel in long-closed cases to request production of deposition transcripts and discovery responses that have nothing to do with the issues here, and have not found to be relevant to any issue by any court.

The Court ordered Mrs. Mey to produce case materials including but not limited to answers to discovery, deposition testimony, personal records/notes, settlement agreements, and bank statements for all legal actions beyond this case. *See* Lumen Order, at 8 (Interrogatory 2, RFP 15, 18); Inteliquent Order, at 5 (RFPs 18-20).  Producing all of Mrs. Mey's other case materials would be a massive endeavor and extremely burdensome given Mrs. Mey's extensive history as a consumer advocate, and disproportionate to the needs of this case.

12

**RELIEF SOUGHT**

Plaintiff respectfully requests the Court enter an order providing the following relief:

1. As to Inteliquent's RFP Nos. 18-20, Plaintiff is to provide an estimated amount that she has received in previous TCPA litigations within the range of $100,000;

2. As to Lumen's Int. No. 2(c) and 2(f), Plaintiff is to provide a list of FCC complaints, related to the TCPA, that she has been a party to in the last five years;

3. As to Lumen's Int. No. 3 and RFP Nos. 13 and 14, Plaintiff is to provide call records sufficient to show the calls referenced in the Complaint and facially invalid numbers that she received four years from the date of the Complaint to the present;

4. As to Inteliquent's RFP No. 17-19 and Lumen's Int. No. 2(d), 2(f) and RFP No. 15, Plaintiff is to provide a list of TCPA litigation that she has been a party to in the last five years;

5. All other relief granted by the Magistrate's Order pertaining to these interrogatories and requests for production enumerated above are denied.


Dated: June 3, 2022                    */s/ John W. Barrett*
                                       John W. Barrett (WV Bar No. 7289)
                                       Jonathan R. Marshall (WV Bar No. 10580)
                                       Benjamin J. Hogan (WV Bar No. 12997)

13

BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301
Telephone: 304-345-6555
Facsimile: 304-342-1110
JBarrett@baileyglasser.com
JMarshall@baileyglasser.com
BHogan@baileyglasser.com

Yvette Golan (admitted *pro hac vice*)
THE GOLAN FIRM PLLC
529 14th Street, NW, Suite 914
Washington, DC 20045
Telephone: 866-298-4150 ext. 101
Facsimile: 928-441-8250
YGolan@tgfirm.com

William Howard (admitted *pro hac vice*)
Amanda Allen (admitted *pro hac vide*)
THE CONSUMER PROTECTION FIRM
401 East Jackson Street, Suite 2340
SunTrust Financial Center
Tampa, FL 33602
Telephone: 813-500-1500
Facsimile: 813-435-2369
Billy@TheConsumerProtectionFirm.com

*Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

### Wheeling Division

**DIANA MEY, individually**
**and on behalf of a proposed class,**

    **Plaintiff,**

**v.**                               **Civil Action No. 5:19-cv-00237-JPB**

**ALL ACCESS TELECOM, INC. et al.,**

    **Defendants.**

### <u>CERTIFICATE OF SERVICE</u>

      I, John W. Barrett, hereby certify that on June 3, 2022, I caused to be filed the foregoing **PLAINTIFF'S LIMITED OBJECTIONS TO MAGISTRATE'S DISCOVERY ORDERS (ECF NO. 387 AND 391) GRANTING THE MOTIONS TO COMPEL OF DEFENDANTS LUMEN AND INTELIQUENT** with the Clerk of Court using the CM/ECF system, which caused a true and accurate copy to be served upon all attorneys of record.


                              /s/ John W. Barrett
                              John W. Barrett (WV Bar No. 7289)