# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

FILED
MAY 4 2022
U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

DIANA MEY, individually and on behalf
of a proposed class,

　　　　Plaintiff,

v.

ALL ACCESS TELECOM, INC., et al.

　　　　Defendants.

CIVIL ACTION NO.: 5:19CV237
(BAILEY)

**<u>ORDER GRANTING DEFENDANT'S MOTION [321] TO COMPEL</u>**

Currently pending before the Court on referral from the District Court are three (3) Motions

to Compel: (1) Lumen's[1] Motion to Compel Plaintiff's Responses to First Set of Interrogatories

and Requests for Production of Documents [ECF No. 321]; (2) Inteliquent's Motion to Compel

Discovery from Plaintiff [ECF No. 334]; and (3) Bandwidth's Motion to Compel Plaintiff's

Responses to First Set of Interrogatories and Requests for Production of Documents

[ECF No. 335]. The issues raised have been fully briefed and a hearing was held on

April 19, 2022,[2] at which time the parties presented evidence and argument. These Motions are

ripe for decision.[3] Given the breadth and scope of each of these Motions, and to avoid any

unnecessary delay in discovery, the Court will issue decisions with respect to each Motion *in*

*seriatim*. **This Order relates to Lumen's Motion to Compel, filed at ECF No. 321.**

Motions to Compel are governed by Fed. R. Civ. P. 37, which affords a party seeking

discovery the ability to move for an order compelling production if a party fails to answer an

---

[1] Defendants Centurylink Communications, LLC and Level 3 Communications LLC are collectively known as "Lumen."

[2] The Motion Hearing was originally set for March 29, 2022. By agreement of the parties, the briefing schedule was extended and the Motion Hearing was reset for April 19, 2022. *See* ECF No. 342.

[3] There is no dispute that these Motions have been timely filed and that the meet and confer requirement has been met.

interrogatory submitted under Fed. R. Civ. P. 33 or fails to produce documents under Fed. R. Civ. P. 34. Fed. R. Civ. P. 37(a)(3). Importantly, "[f]or purposes of [Rule 37], an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *Id.*

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). "A party who has made a disclosure…or who has responded to an interrogatory, request for production, or request for admission…must supplement or correct its disclosure or response…in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed R. Civ. P. 26(e).

Fed. R. Civ. P. 33 governs interrogatories and provides in relevant part as follows: "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Further, all objections "must be stated with specificity." *Id.* Objections such as 'overly broad, burdensome, oppressive, and irrelevant' do not constitute specific objections within the meaning of the rule. *Momah v. Albert Einstein Medical Center*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)).

"[T]he burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the federal discovery rules." *United States Department of Labor v. Randolph County Sheltered Workshop, Inc.*, 2017 WL 10442120, at *1 (N.D.W. Va. Nov. 17, 2017). "The party who resists discovery has the burden to

2

show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002).

"[B]oilerplate objections to discovery requests are highly disfavored in this district and throughout the Fourth Circuit, and the failure to state objections with specificity may be regarded as a waiver of those objections." *Fidelity National Title Insurance Company v. Barringer Land SC, LLC*, 2014 WL 12594207 (N.D.W. Va. Apr. 15, 2014). "General objections to discovery, without more, do not satisfy the burden of the responding party…because they cannot be applied with sufficient specificity to enable courts to evaluate their merits." *Hager v. Graham*, 267 F.R.D. 486, 492 (N.D.W. Va. 2010). "An objection [to a request for production] must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C).

"Moreover, a party asserting either attorney client privilege or the work product doctrine bears the burden of establishing its applicability." *Fidelity National Title Insurance Company*, 2014 WL 12594207 at *1 (citing *Miller v. Pruneda*, 2004 WL 3951292 at *2 (N.D.W. Va. Nov. 5, 2004). "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must…expressly make the claim; and…describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5). Our Local Rules require the party asserting a privilege to provide a privilege log. LR Civ P 26.04(a)(2).

With these standards in mind, the Court has considered the discovery requests at issue: Interrogatory Nos. 2, 3, 4, 10-11, and 13-17; Requests for Production Nos. 9, 10, 12, 13-14, 15, 18, 19, 22-35, 37-45, and 47-59. What follows is the Court's determination of the propriety of

3

Plaintiff's Objections, Answers and Responses, including Plaintiff's Supplemental Answers and Responses where provided, to these Interrogatories and Requests for Production of Documents.[4]

## I.      Initial Matters

The Court notes that, as part of her answer to certain discovery requests, Plaintiff has asserted the objection that Defendant exceeded the number of interrogatories permitted by the rules.  These objections are **OVERRULED.**  "When a party is confronted with what it believes to be an excessive number of interrogatories, the appropriate course of action is to either move for a protective order before answering any interrogatories or answer up to the numerical limit and object to the remainder without answering." *Mondragon v. Scott Farms, Inc.*, 329 F.R.D. 533, 541 (E.D.N.C. Jan. 5, 2019) (internal quotations omitted).  "If a party, instead, decides to answer some or all of the allegedly excessive interrogatories, it waives its objection that the requesting party has violated Rule 33's limit on the number of interrogatories a party may serve." *Id.* (citing *Knit With v. Knitting Fever, Inc.*, 2010 WL 11474937, at *1 n.2 (E.D. Pa. Jan. 22, 2010) ("[n]otwithstanding [d]efendant's non-waiver statement, it remains established that if a party selectively answers interrogatories, it has waived its objections [under Rule 33(a)] as to the remaining interrogatories") and *Herdlein Techs., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 104-05 (W.D.N.C. 1993) (finding that answering interrogatories in excess of the numerical limit constituted a waiver of an argument based on the number of allowable interrogatories)).

Here, Plaintiff answered allegedly excessive interrogatories, either in whole or in part.  As a result, Plaintiff has waived her objection as to Rule 33's limit on the number of interrogatories that may be served.  Therefore, where Plaintiff asserts this objection, the same is **OVERRULED.**

---

[4] The Order is organized by topic to mirror the organization of Defendant's Reply brief (ECF No. 348), which groups the discovery requests at issue by category of discovery requested.  Some discovery requests appear in more than one category of discovery in this Order.  This is purposeful to maintain the integrity of the organization.

## II. Call Blocking Efforts and Prior TCPA Litigation Materials: Interrogatory No. 2; RPD Nos. 15 and 18

### A. Interrogatory No. 2

**INTERROGATORY NO. 2:**  Identify all actions you took or have taken to prevent, block, divert, reduce or eliminate your receipt of any unwanted text messages, telephone calls, faxes, emails, or other communications.
As part of your answer, please identify:
a. All "do not call" lists for which you have registered;
b. All communications, including but not limited to complaints or requests to block, made with wireless or other carriers regarding receipt of such text messages, telephone calls, faxes, emails, or other communication;
c. All formal or informal complaints you have made to anyone regarding receipt of such text messages, telephone calls, faxes, emails, or other communications;
d. All civil actions you brought, caused to be brought, or in which you otherwise participated regarding receipt of such text messages, telephone calls, faxes, emails, or other communications;
e. All persons with knowledge concerning the above;
f. All material documents evidencing, referring, or relating to the above.

**ANSWER:**  Objection.  This request is unduly burdensome, overbroad, not relevant to any claim or defense, not proportional to the needs of the case, and seeks information protected by the attorney-client privilege and the work-product doctrine.  To the extent there is non-objectionable and non-privileged information responsive to this request, such information is a matter of public record. Notwithstanding this objection, Plaintiff placed 304-242-7346 on the Federal Do Not Call Registry in 2004.

Plaintiff's objections constitute boilerplate objections inasmuch as she has not provided a specific explanation as to how this discovery request is unduly burdensome, overbroad, not relevant, and not proportional to the needs of the case.  Further, Plaintiff does not explain how the information sought is protected by the attorney-client privilege and/or the work-product doctrine. Additionally, there is no indication that Plaintiff has provided a privilege log for any documents or information withheld pursuant to the attorney-client privilege or the work-product doctrine. These objections are therefore **OVERRULED** and Plaintiff is **DIRECTED** to supplement this answer.

5

As to Plaintiff's substantive answer, the same is not responsive. Plaintiff asserts that "to the extent" information exists and is responsive, this information is within the public record. "To the extent" is the same as "if" in this instance and allows Plaintiff to avoid taking a position either way, i.e. stating whether responsive information in fact exists. Plaintiff also fails to identify the information Plaintiff claims is a part of the public record and fails to explain how and where the same is contained in the public record.

Additionally, the Court would note that information responsive to this Interrogatory but not within the public record may very well exist. It is entirely possible that emails, telephone calls, informal complaints…etc. have taken place which are not contained within any case file or public documenting system. Plaintiff fails to address one way or another whether these types of actions have been taken.

The Court would further note that Plaintiff has failed to fully respond to any of the subparts contained in this interrogatory. In particular, Plaintiff has not responded to subparts b-f. The Court understands that, sometime during the meet and confer process, Plaintiff provided a list of federal court actions of which she has been a part. Notwithstanding, that information does not appear to have been provided as part of Plaintiff's answer to this Interrogatory, and subpart d appears to contemplate more information than just federal court actions.

Finally, although Plaintiff indicated that she placed 304-242-7346 on the Federal Do Not Call list, it is not clear whether this is the only Do Not Call list on which Plaintiff has placed a number. Plaintiff's answer to subpart a is therefore incomplete.

Plaintiff's answer to Interrogatory No. 2 is deficient and must be supplemented. Plaintiff is **DIRECTED** to supplement this answer.

6

## B. RPD No. 15

**RPD NO. 15:** Copies of all legal actions, and all documents relating thereto, you filed or in which you were named as a party, since 2010.

**RESPONSE:** Objection. This request is intended to harass, unduly burdensome, overbroad, not relevant to any claim or defense, not proportional to the needs of the case, and seeks information protected by the attorney-client privilege and work-product doctrine. To the extent there is non-objectionable and non-privileged information responsive to this request, such information is a matter of public record.

**SUPPLEMENTAL RESPONSE:** Subject to those objections, Plaintiff has been involved in an estimated 25-50 TCPA litigations. Plaintiff does not have a list of each such litigation. All but one of the lawsuits were handled in court and are therefore a matter of public record. Plaintiff has also participated in an arbitration against Discover Card.

Plaintiff's objections constitute boilerplate objections because she has not provided an explanation as to how this discovery request is intended to harass, is unduly burdensome, overbroad, or not relevant to any claim or defense. Further, Plaintiff does not explain how this request is not proportional to the needs of the case. Plaintiff also does not explain how the information sought by this request is protected from disclosure by the attorney-client privilege or the work-product doctrine. Additionally, there is no indication that a privilege log has been provided for documents withheld pursuant to the same. Plaintiff's response is deficient and must be supplemented. Plaintiff's boilerplate objections are **OVERRULED**. Plaintiff is **DIRECTED** to supplement this response.

As to Plaintiff's substantive answers, she states that she has been involved in an estimated 25-50 TCPA litigations, but that she "does not have a list of each such litigation." Plaintiff further asserts that this information is a matter of public record, seemingly indicating that Defendant can and should search for and compile this information itself. The Court would disagree. The public record is vast. Plaintiff is in a much better position than Defendant to know when and where Plaintiff has participated in litigation. The Court acknowledges that Plaintiff has provided to

Defendant a list of TCPA actions in which Plaintiff has been involved since 2010. The Court also acknowledges that, to the extent Defendant can access documents related to these actions on PACER, Defendant should do so. However, there are likely documents which are not a part of the public record, and which are a part of these case materials, i.e., Plaintiff's answers to discovery and deposition testimony, and the like. Plaintiff is **DIRECTED** to supplement this response. Plaintiff's supplement **SHOULD INCLUDE (but should not be limited to) the aforementioned case materials.**

Plaintiff also states that she was involved in an arbitration against Discovery Card. However, Plaintiff has failed to provide any case information or documents beyond acknowledging the action's existence. This is an incomplete response. Plaintiff is **DIRECTED** to supplement her response.

### C. RPD No. 18

**RPD NO. 18:** All documents reflecting any actions you have taken regarding the receipt of spoofed calls or robocalls, including but not limited to any formal or informal complaints you have made regarding receipt of text messages, telephone calls, faxes, emails, or other communications.

**RESPONSE:** Objection. This request is unduly burdensome, not proportional to the needs of the case, and seeks information irrelevant to any claim or defense. Subject to and without waiving these objections, Plaintiff has on occasion has filed Do Not Call complaints at donotcall.gov and with various governmental agencies. Ove[r] the years, Plaintiff has submitted comments to the FTC/FCC that have included complaints about violations of TCPA by telemarketers, but Plaintiff has not kept copies of those documents.

Plaintiff's objections constitute boilerplate objections because Plaintiff does not explain the bases for the same. They are therefore **OVERRULED**.

With regard to Plaintiff's substantive response, the Court would note that the same is incomplete. To the extent this request seeks copies of Court records, Plaintiff makes no mention of the same. Additionally, there has been evidence that Plaintiff has participated in online

8

discussion groups concerning spoofed calls or robocalls. These activities are not mentioned in this response. The response must therefore be supplemented.

Further, Plaintiff's answer is not entirely responsive. Defendant requested documents. After objecting, Plaintiff describes actions that she has taken "on occasion," but states that she has no documents which pertain to these 'occasionally taken' actions. Plaintiff has not directly stated whether these 'occasional' actions are the only actions taken by Plaintiff. It is obvious that they are not as Plaintiff has filed between 25 and 50 lawsuits, but these are not mentioned in this response. Plaintiff fails to state whether she retains any other documents which fall within the scope of this request.

Plaintiff's response is insufficient and must be supplemented. Plaintiff is **DIRECTED** to supplement this discovery response.

### III.   Consents: Interrogatory No. 4; RPD Nos. 18-19

#### A. Interrogatory No. 4

**INTERROGATORY NO. 4:** Have you or any member of your family residing with you given any to any person, company or entity permission, authorization, approval, or consent, or permissions to send you or any member of your family telemarketing, telephone, text, facsimile, notifications, alerts, updates, advertisements or similar communications? As part of your answer, please identify:
a. To whom the authorization, approval, consent, or permission was made;
b. The purpose of the authorization, approval, consent, or permission;
c. The date(s) on which this occurred;
d. All persons with knowledge concerning the above;
e. All material documents evidencing, referring, or relating to the above.

**ANSWER:** Objection. This interrogatory is overbroad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of the case.

Plaintiff's answer is not responsive, and her objections constitute boilerplate objections. These objections are therefore **OVERRULED**. Further, the answer is not responsive. Plaintiff is **DIRECTED** to supplement this answer.

The Court would further note that this Interrogatory is not limited to instances wherein "Plaintiff gave prior express written consent to any person or entity for the receipt of the subject calls." *See* ECF No. 339 at p. 5. Any supplemental answer should be directed to the question asked, not as reformulated by Plaintiff.

### B. RPD No. 18

See the Court's analysis, above.

### C. RPD No. 19

**RPD NO. 19:** All documents containing or constituting an authorization, approval, consent, or permission that you have given to any person, company, or entity for telemarketing, telephone, texting, facsimile, or similar communications.

**RESPONSE:** This request is unduly burdensome, overbroad, seeks irrelevant information, and seeks information not proportional to the needs of the case.

**SUPPLEMENTAL RESPONSE:** Subject to those objections, Plaintiff has never provided written consent to receive telephone calls to her cell phone number ending-7346.

Plaintiff's objections constitute boilerplate objections. They are therefore **OVERRULED**. Plaintiff's substantive answer is not entirely responsive because Plaintiff has artificially limited the scope of this request vis-à-vis her answer. To the contrary, the request seeks documents regarding "approval, consent, or permission," and is not limited to "written consent" as it pertains to Plaintiff's cell phone number ending in 7346. The response to this Request for Production is insufficient and must be supplemented. Plaintiff is therefore **DIRECTED** to supplement this response.

## IV.  Telephone Records: Interrogatory No. 3; RPD Nos. 13-14

### A. Interrogatory No. 3

**INTERROGATORY NO. 3:** Identify all phone numbers you have used in the past ten (10) years. For each phone number, as part of your answer, please identify:
a. The month/year you acquired the phone number;

10

b. How and why you acquired the phone number;

c. All phones or other devices upon which you have used the phone number;

d. All telecommunications carriers that have provided you with service (e.g., local exchange, long distance, wireless) associated with the phone number;

e. All relevant contracts you have executed for any device or service associated with the phone number;

f. All bills received or payments made for any device or service associated with the phone number;

g. Whether the phone number is a residential or wireless line;

h. Whether the phone number has ever been used for business purposes;

i. All persons with knowledge concerning the above;

j. All material documents evidencing, referring, or relating to the above.

**ANSWER:** Objection. This interrogatory is unduly burdensome, overbroad, and not proportional to the needs of the case. Notwithstanding this objection and without waiving further objection: Plaintiff can only ever remember having AT&T as her telephone carrier and has never had a business line. Plaintiff's residential landline is 304-232-0689 and she has had that number for over 10 years. Plaintiff has had cellular telephone number 304-280-1607 since 1998, 304-242-7346 from 2012 (it was previously her parent's number) to April 2021, 304-780-6501 from April 2021 to October 2021, which was then changed to 304- 242-4327 in October 2021 in an attempt to avoid telemarketers, 304-242-1943 since 2002, which was changed to 304-281-9200 as the result of an ID theft and telemarketers.

Plaintiff's objections constitutes boilerplate objections and are therefore **OVERRULED**.

Insofar as Plaintiff provides a substantive answer to the interrogatory, Plaintiff's answer is incomplete. Plaintiff does not address subsections e, f, g, i, or j. Plaintiff is **DIRECTED** to supplement this answer.

**B. RPD No. 13**

**RPD NO. 13:** All contracts and communications with your phone provider(s).

**RESPONSE:** Objection. This request is unduly burdensome, overbroad, seeks irrelevant information, and seeks information not proportional to the needs of the case

Plaintiff's answer is non-responsive and constitutes boilerplate objections insofar as Plaintiff fails to provide any specific explanation as to how this request is unduly burdensome, overbroad, and seeks irrelevant information, and information not proportional to the needs of the

11

case.  Plaintiff's objection is therefore **OVERRULED**.  Plaintiff is **DIRECTED** to supplement this response.

### C.  RPD No. 14

**RPD NO. 14:**  All of your phone bill(s) and payments for the same, including all voice, fax, data lines, and text message related charges.

**RESPONSE:** Objection. This request is unduly burdensome, overbroad, seeks irrelevant information, and seeks information not proportional to the needs of the case. Subject to and without waiving these objections, please see Plaintiff's telephone records in MEY 000019- 000132.

Plaintiff objects that this request is unduly burdensome, overbroad, seeks irrelevant information, and seeks information not proportional to the needs of the case.  Beyond these blanket statements, Plaintiff gives no explanation as to how this request is objectionable.  These objections are therefore boilerplate objections and are improper.  They are **OVERRULED**.  Plaintiff is **DIRECTED** to supplement this response.

With respect to Plaintiff's substantive answer, i.e. provision of records MEY 000019- 000132, these have been heavily redacted – so redacted, in fact, that it does not appear as though any substantive information is legible.  Plaintiff provides no explanation for such redactions within her response to Defendant's request for production, other than to rely upon generalized objections. During the April 19, 2022, hearing, Plaintiff argued that the information contained within these documents was the private information (presumably phone numbers) of persons not involved in this lawsuit and should be protected from disclosure.  This argument is not persuasive.  A Protective Order has been entered in this matter at ECF No. 34, which would protect against the widespread dissemination of such kind of information.  There is no evidence or indication that this material is protected by the attorney-client privilege or the work-product doctrine.  The information should therefore be produced in unredacted form.

12

During the hearing, Plaintiff also argued that Defendant's failure to discuss the redactions during meet and confer conferences precludes an Order compelling production of unredacted versions of these documents. This argument is not persuasive. It is difficult to understand what could be discussed during meet and confer conferences vis-à-vis these documents because the issue does not lend itself to negotiation. Defendant wants unredacted copies of these documents. Plaintiff refuses to give them. Plaintiff has not provided a compelling reason to justify such heavy redaction of these documents. Plaintiff is **DIRECTED** to supplement this response by providing unredacted copies of these documents to Defendants.

## V.    <u>Communications From Other Parties/Non-Parties: RPD Nos. 9-10; 12</u>

### A. RPD No. 9 and RPD No. 10

<u>RPD NO. 9</u>: All documents reflecting communications exchanged between you and any defendant in this action.

<u>RESPONSE</u>: Objection. This request is overbroad, unduly burdensome, seeks information unrelated to any claim or defense, and seeks information protected by the work-product doctrine.

<u>SUPPLEMENTAL RESPONSE</u>: Subject to those objections, see MEY 000001-00766

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

<u>RPD NO. 10</u>: All documents reflecting communications exchanged between you and any nonparties regarding any defendant in this action, the subject of this litigation, or this litigation itself.

<u>RESPONSE</u>: See response to Request for Production No. 9.

Although Plaintiff appears to have provided documents in response to these requests, Plaintiff has also objected that these requests are overbroad, unduly burdensome, they seek information unrelated to any claim or defense, and they seek information protected by the work-product doctrine. Plaintiff does not explain the bases for these objections. They are therefore boilerplate

13

objections and are improper. Additionally, the Court would note that there is no indication that Plaintiff has provided a privilege log for documents withheld pursuant to the work-product doctrine, as is Plaintiff's obligation. These objections are **OVERRULED**. Plaintiff is **DIRECTED** to supplement these responses.

     **B. RPD No. 12**

       **RPD NO. 12:**

       All documents you obtain from any defendant or subpoenaed non-party in this litigation.

       **RESPONSE:** Objection. This request is overbroad and seeks information protected by the work-product doctrine. Further, Defendant Bandwidth produced documents subject to a protective order that, by its terms, does not allow Plaintiff to produce the documents to any party, and Bandwidth has declined Plaintiff's request to allow Plaintiff to produce the Bandwidth documents. Subject to and without waiving these objections, see MEY 000239- 000266.

       **SUPPLEMENTAL RESPONSE:** see MEY 000001-00766

Defendant's objections are boilerplate objections because Plaintiff has not provided any explanation as to the basis of the same. Further, there is no evidence or indication that Plaintiff has provided a privilege log for information and/or documents withheld pursuant to the work-product doctrine. Plaintiff's objections are therefore **OVERRULED**.

With respect to Plaintiff's substantive response, the Court would find that the same is not entirely responsive to this request. The request seeks documents obtained from any defendant or subpoenaed non-party. Only Bandwidth is mentioned in Plaintiff's response. There are clearly other Defendants involved in this litigation and there is some indication that Plaintiff has subpoenaed documents from non-parties. *See* ECF Nos. 10, 11, 15, 16, 27, and 27. Therefore, it appears that other evidence exists which is responsive to this Request for Production. Plaintiff is **DIRECTED** to supplement this response.

## VI. <u>Documents and Information Supporting Plaintiff's Claims: Interrogatory Nos. 10-11, 13-17; RPD Nos. 22-35, 37-45, 47-59</u>

### A. Contention Interrogatories

Plaintiff takes the position that Interrogatories 10-11 and 13-17 are Contention Interrogatories, and that they should not be served until discovery has progressed far enough to allow the parties to develop their theories of the case. Notwithstanding this argument, Plaintiff substantively answered these Interrogatories. Because Plaintiff has provided substantive answers, the Court has considered the same in conjunction with the applicable rules. The Court's rulings are below.

### B. Interrogatory No. 10

**<u>INTERROGATORY NO. 10</u>:** In Paragraph 5 of your Third Amended Complaint, you allege that the Lumen Defendants did not block the calls on which your action is based because "spoofed robocalls make [defendants] millions of dollars." How much money do you allege the Lumen Defendants made in 2018 and 2019 from transmitting such calls and/or "sell[ing] consumers services that help block spoofed robocalls?"
As part of your answer, please state:
a. The factual bases for these allegations against Lumen, including the services Lumen allegedly sells consumers to help block spoofed robocalls and the basis for your claim as to the amount of money Lumen has made from the activities alleged in Paragraph 5;
b. All persons with knowledge concerning the above;
c. All material documents evidencing, referring, or relating to the above.

**<u>ANSWER</u>:** Defendant has exceeded the number of interrogatories permitted by the rules. Plaintiff further objects on the grounds that the information sought is obtainable from some other source, namely Defendant, that is more convenient, less burdensome, or less expensive. Defendant has within its possession responsive documentation. Notwithstanding these objections, discovery is ongoing, and Plaintiff will obtain this information from Defendant.

For the reasons explained above, Plaintiff's objection that this Interrogatory exceeds the number of Interrogatories permitted by the rules is **OVERRULED**. As to Plaintiff's answer that this information is obtainable from some other source, this answer is non-responsive. The nature

and scope of an allegation made by Plaintiff is not and cannot be within Defendant's possession. Information substantiating or refuting Plaintiff's allegation may be within Defendant's possession, but this question does not seek such information. Again, this Interrogatory wants to know how much money <u>Plaintiff alleges</u> Defendant made by passing off robocalls. Inasmuch as this is Plaintiff's allegation, Plaintiff is well-positioned to provide an answer. Additionally, it appears that Plaintiff has failed to fully answer all parts of this Interrogatory. Plaintiff is **DIRECTED** to supplement this answer.

    **C. Interrogatory No. 11**

> **<u>INTERROGATORY NO. 11</u>:** In Paragraph 16 of your Third Amended Complaint, you allege that the Lumen Defendants "[w]ere so involved in the placing of obviously spoofed robocalls to Plaintiff and consumers as to be directly liable for initiating and making those calls." What did the Lumen Defendants do that made them "so involved" as to be deemed to have "made" or "initiated" those calls?
> As part of your answer, please identify:
> a. What the Lumen Defendants did, when, and through whose actions;
> b. All persons with knowledge concerning the above;
> c. All material documents evidencing, referring, or relating to the above.

> **<u>ANSWER</u>:** See answer to Interrogatory No. 6.

> **Plaintiff's Answer to Interrogatory No. 6 provides as follows:** Objection. Defendant has exceeded the number of interrogatories permitted by the rules. This interrogatory seeks information protected by the work-product doctrine. Subject to and without waiving these objections, Plaintiff refers Defendant to paragraphs 3–6, 24–27 and 40–57, of her Third Amended Complaint. ECF No. 138. As no law-abiding subscriber could originate calls from the number 485-421-5423-4 because this number has too many digits and is illegitimate, any caller purporting to be from this illegitimate number likely wishes to remain untraceable. In other words, the call is spoofed. Lumen could have blocked the calls here, but did not. Instead, Lumen completed the call to Plaintiff's Phone Number. Plaintiff expects to produce an expert report supporting these allegations, and will do so under the scheduling order.

Plaintiff's objection that this Interrogatory exceeds the number permitted is **OVERRULED** for the reasons explained above. Additionally, the Court would note that

Plaintiff's objection that this Interrogatory seeks information protected by the work-product doctrine constitutes a boilerplate objection because Plaintiff fails to explain the basis for the same. Additionally, the Court would note that there is no evidence or indication that Plaintiff has provided a privilege log as is required under the Court rules.

As to Plaintiff's substantive answer, the same is non-responsive. Defendant asks Plaintiff to identify what Defendant did to make them "so involved" in the allegedly spoofed calls so as to have "initiated" them. Plaintiff's answer describes what a spoofed call is and reiterates that someone placing a spoofed call wants to remain unidentified; it does not describe the actions taken by Defendant or those which Defendant should have taken but did not to block the allegedly spoofed call. Further, Plaintiff's answer does not respond to all parts of this Interrogatory. Plaintiff is **DIRECTED** to supplement this Interrogatory answer.

### D. Interrogatory No. 13

**INTERROGATORY NO. 13:** Identify and describe all principal and material facts concerning your allegation that "[t]he calls at issue here were placed using an 'automatic telephone dialing system' ('ATDS')as defined in 47 U.S.C. § 227(a)(1)" as stated in Paragraph 77 of your Third Amended Complaint.
As part of your answer, please identify:
a. The specific system that was used, and all material evidence to support the same;
b. Whether you believe Lumen Defendants specifically used an automatic telephone dialing system in placing any such calls;
c. All persons with knowledge concerning the above;
d. All material documents evidencing, referring, or relating to the above.

**ANSWER:** Objection. Defendant has exceeded the number of interrogatories permitted by the rules. This interrogatory seeks information protected by the work-product doctrine. Subject to and without waiving these objections, Plaintiff refers Defendant to paragraphs 3–6, 24–27 and 40–57, of her Third Amended Complaint. ECF No. 138. Once each call was answered, either by the Plaintiff or her voicemail system, there was a distinct pause, indicative of an ATDS. Plaintiff expects to produce an expert report supporting these allegations, and will do so under the scheduling order.

Plaintiff's objection vis-à-vis Defendant exceeding the number of Interrogatories is **OVERRULED** for the reasons explained above. Defendant's objection that this interrogatory seeks information protected by the work-product doctrine constitutes a boilerplate objection inasmuch as no explanation is provided to substantiate this objection. The Court would further note that there is no evidence or indication that a privilege log has been provided which identifies the information to which Plaintiff believes the work-product doctrine applies, and which identifies information and/or documents withheld on this basis. Therefore, this objection is **OVERRULED.**

With regard to Plaintiff's substantive answer, the Court would find that the same is not completely responsive to the Interrogatory because Plaintiff fails to respond to subparts a-d of the Interrogatory. Plaintiff is **DIRECTED** to supplement this answer.

### E. Interrogatory No. 14

**INTERROGATORY NO. 14:** Identify and describe all principal and material facts concerning your allegation that the computerized dialing system(s) used to place the calls at issue had the capacity to store and/or generate numbers using a random and/or sequential number generator, and actually did so, as stated in Paragraphs 81 and 82 of your Third Amended Complaint.
As part of your answer, please identify:
a. Whether the system used a random number generator, a sequential number generator, or both, and all material evidence to support the same;
b. All persons with knowledge concerning the above;
c. All material documents evidencing, referring, or relating to the above.

**ANSWER:** See answer to Interrogatory No. 13.

See the Court's analysis, set forth above. The Court would further note that Plaintiff's substantive answer is not responsive to this Interrogatory inasmuch as subparts a-c of Interrogatory No. 14 have not been addressed. Plaintiff is **DIRECTED** to supplement this Answer.

### F. Interrogatory No. 15

**INTERROGATORY NO. 15:** Identify and describe all principal and material facts concerning your allegation that "[t]he calls to Ms. Mey were not triggered by any action on her part, as she had not previously contacted any of the callers, had

18

no relationship with any of the callers, had no accounts with them, and her phone number was not associated with any of their prior customers" as stated in Paragraph 80 of your Third Amended Complaint.

As part of your answer, please identify:

a. How you are able to ascertain that you had not contacted any of the callers, had no relationship with the callers, had no accounts with the callers, and had no phone number associated with any of their prior customers;

b. All persons with knowledge concerning the above;

c. All material documents evidencing, referring, or relating to the above.

**ANSWER:** Objection. Defendant has exceeded the number of interrogatories permitted by the rules. Subject to and without waiving this objection, Plaintiff refers Defendant to paragraphs 3–6, 24–27 and 40–57, of her Third Amended Complaint. ECF No. 138. Plaintiff is not enrolled in Medicare, and as noted in the Third Amended Complaint these calls were clearly a Medicare scam and therefore Plaintiff is confident she had no "account" with them. Because Plaintiff has had the -7346 number since 2012, and therefore knows "her phone number was not associated with any of their prior customers."

Plaintiff's objection that this Interrogatory exceeds the number of Interrogatories permitted by the rules is **OVERRULED** for the reasons set forth above.  With respect to Plaintiff's substantive answer, the Court would **FIND** that the same is not fully responsive in that Plaintiff fails to answer subparts b-c.  Plaintiff is **DIRECTED** to supplement this Answer.

### G. Interrogatory No. 16

**INTERROGATORY NO. 16:**  Identify and describe all principal and material facts concerning your allegation that "the Unidentified Spoofers did not use smartphones to place the calls at issue" as stated in Paragraph 83 of your Third Amended Complaint.

As part of your answer, please identify:

a. How you are able to ascertain that the Unidentified Spoofers did not use smartphones;

b. All persons with knowledge concerning the above;

c. All material documents evidencing, referring, or relating to the above.

**ANSWER:** See answer to interrogatory No. 13.

Plaintiff's objection that this Interrogatory exceeds the number of Interrogatories permitted by the rules is **OVERRULED** for the reasons set forth above.  With respect to Plaintiff's substantive answer, the Court would **FIND** that the same is non-responsive in that Plaintiff fails

19

to answer the subject matter posed by this question. Plaintiff is therefore **DIRECTED** to supplement this Answer.

### H. Interrogatory No. 17

**INTERROGATORY NO. 17:** Identify and describe all principal and material facts concerning your allegation that "Defendants' violations were willful and/or knowing" as stated in Paragraph 103 of your Third Amended Complaint.
As part of your answer, please identify:
a. All principal and material facts concerning your allegation that "willfully enabled the fraudulent spoofing of telephone numbers" as stated in Paragraph 9 of your Third Amended Complaint;
b. All principal and material facts concerning your allegation that "willfully assisted the Unidentified Spoofer in successfully completing the spoofed calls" as stated in Paragraph 10 of your Third Amended Complaint;
c. All principal and material facts concerning your allegation that "willfully assisted the Unidentified Spoofer in circumventing the accuracy of Caller ID" as stated in Paragraph 12 of your Third Amended Complaint;
d. All persons with knowledge concerning the above;
e. All material documents evidencing, referring, or relating to the above.

**ANSWER:** See answer to Interrogatory No. 6.

**Plaintiff's Answer to Interrogatory No. 6 provides as follows:** Objection. Defendant has exceeded the number of interrogatories permitted by the rules. This interrogatory seeks information protected by the work-product doctrine. Subject to and without waiving these objections, Plaintiff refers Defendant to paragraphs 3–6, 24–27 and 40–57, of her Third Amended Complaint. ECF No. 138. As no law-abiding subscriber could originate calls from the number 485-421-5423-4 because this number has too many digits and is illegitimate, any caller purporting to be from this illegitimate number likely wishes to remain untraceable. In other words, the call is spoofed. Lumen could have blocked the calls here, but did not. Instead, Lumen completed the call to Plaintiff's Phone Number. Plaintiff expects to produce an expert report supporting these allegations, and will do so under the scheduling order.

Plaintiff's objection that this Interrogatory exceeds the number permitted by the rules is **OVERRULED** for the reasons explained above. Plaintiff's objection concerning the work-product doctrine is also **OVERRULED**. As to Plaintiff's substantive answer, the Court **FINDS** that the same is non-responsive. The answer does not address Defendant's actions, as requested by the Interrogatory. Rather, the answer explains the

nature of a spoofed call. This is not the aim of the Interrogatory. Plaintiff is **DIRECTED**
to supplement her answer.

> ### I. RPD Nos. 22-35, 37-45, 47-59

These Requests[5] for Production seek documents and information which support various
allegations in Plaintiff's Complaint. In response to each of these Requests, Plaintiff refers
Defendant to her answer to RPD No. 22, which provides as follows:

> **RESPONSE:** Objection. This request is unduly burdensome, overbroad, not
> proportional to the needs of the case, and seeks information protected by the work-
> product doctrine. Plaintiff expects to produce an expert report supporting these
> allegations, and will do so under the scheduling order. Please also see
> MEY000004-000009, 000012-000132[,] 000240-000252, 000265.

> **SUPPLEMENTAL RESPONSE:** Please see Mey 000001-000766.[6]

Plaintiff's objections constitute boilerplate objections inasmuch as she fails to explain how this
Request (or any request to which this answer applies) is unduly burdensome, overbroad, not
proportional to the needs of the case, and seeks information protected by the work-product
doctrine. Additionally, the Court would note that, as it relates to Plaintiff's assertion of work-
product doctrine, there is no evidence or indication that Plaintiff has provided a privilege log as is
required by the rules. These objections are **OVERRULED**.[7] Plaintiff is **DIRECTED** to
supplement this response.[8]

## VII.   ESI Protocol

Defendant contends that Plaintiff has not complied with the ESI Protocol. *See* Order
Setting Protocol for Discovery of Electronically Stored Information, ECF No. 253. The Court

---

[5] Because these Requests for Production and Plaintiff's responses thereto are substantially similar to each other, and
for the sake of brevity, the Court will not reproduce all of these Requests, here.
[6] For certain other RPDs, Plaintiff also refers Defendant to MEY 000001-000132, 000239-000266, 000001-000266,
and 00266-0766.
[7] This ruling applies to all Requests for Production implicated in this section.
[8] This directive applies to all Requests for Production implicated in this section.

would note that, during the hearing of April 19, 2022, the parties jointly discussed document and information searches conducted by Plaintiff to respond to certain Interrogatories and Requests for Production. The Court would also note that Plaintiff, by her own indication, does not appear to have complied with the parameters of ECF No. 253 when conducting the searches for electronically stored information. Rather, it appears that Plaintiff has conducted searches for electronically stored information independent of any other party and without providing to the parties, details as to the searches conducted, and outside of the parameters of the ESI Protocol.

A review of ECF No. 253 reveals that the Order applies equally to all parties, and that it provides specific procedures in which the parties are to engage where actions vis-à-vis the discovery and production of electronically stored information is concerned. To the extent Plaintiff has not fully complied with the ESI Protocol captured at ECF No. 253, Plaintiff is **DIRECTED** to so comply. Plaintiff is further **DIRECTED** to revisit those Interrogatories and Requests for Production of Documents which prompted her to search her electronic records, including but not limited to her email account(s) and things of the like, and to supplement her answers/responses/productions accordingly. Plaintiff is **DIRECTED** to comply with the ESI Protocol during her efforts to supplement her prior answers/responses/productions.

## VIII.   Conclusion

Accordingly, and for all of the foregoing reasons, Defendant's Motion [321] is **GRANTED.** Plaintiff is **DIRECTED** to supplement her discovery answers as set forth more fully above.

It is so **ORDERED**.

Any party may, within **FOURTEEN DAYS** of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis

for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in a waiver of the right to appeal from a judgment of this Court based upon such an Order.

The Court **DIRECTS** the Clerk of the Court to mail a copy of this Order to any *pro se* party by certified mail, return receipt requested, and to counsel of record herein.

Dated: 5-4-22

_____
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE