# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

FILED
MAY 6 2022
U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

DIANA MEY, individually and on behalf of a proposed class,

Plaintiff,

v.

ALL ACCESS TELECOM, INC., et al.

Defendants.

CIVIL ACTION NO.: 5:19CV237
(BAILEY)

## ORDER GRANTING DEFENDANT'S MOTION [334] TO COMPEL

Currently pending before the Court on referral from the District Court are three (3) Motions to Compel: (1) Lumen's[1] Motion to Compel Plaintiff's Responses to First Set of Interrogatories and Requests for Production of Documents [ECF No. 321]; (2) Inteliquent's Motion to Compel Discovery from Plaintiff [ECF No. 334]; and (3) Bandwidth's Motion to Compel Plaintiff's Responses to First Set of Interrogatories and Requests for Production of Documents [ECF No. 335]. The issues raised have been fully briefed and a hearing was held on April 19, 2022,[2] at which time the parties presented evidence and argument. These Motions are ripe for decision.[3] As stated in its prior Order, given the breadth and scope of each of these Motions, and to avoid any unnecessary delay in discovery, the Court is issuing decisions with respect to each Motion *in seriatim*. **This Order relates to Inteliquent's Motion to Compel, filed at ECF No. 334.**

---

[1] Defendants Centurylink Communications, LLC and Level 3 Communications LLC are collectively known as "Lumen."
[2] The Motion Hearing was originally set for March 29, 2022. By agreement of the parties, the briefing schedule was extended, and the Motion Hearing was reset for April 19, 2022. *See* ECF No. 342.
[3] There is no dispute that these Motions have been timely filed and that the meet and confer requirement has been met.

The applicable law was set forth in detail in the Court's prior Order. ECF No. 387. The Court incorporates the same by reference here.

The following Discovery Requests are at issue: Interrogatory Nos. 4,7; RPD Nos. 6, 17-20, 23, 27. What follows is the Court's determination of the propriety of Plaintiff's Objections, Answers and Responses, including Plaintiff's Supplemental Answers and Responses where provided, to these Interrogatories and Requests for Production of Documents.[4]

## I. Plaintiff's Exchange of Documents and Communication with Third Parties Regarding this Litigation (RFP No. 6)

> **RFP No. 6:** All Documents and Communications exchanged between You and any third party regarding the Phone Calls, the Phone Number, the allegations in the Complaint, the TCPA, or the subject matter of this lawsuit.
>
> **RESPONSE:** Objection. This request is overbroad and seeks information protected by the work-product doctrine. Further, Defendant Bandwidth produced documents subject to a protective order that, by its terms, does not allow Plaintiff to produce the documents to any party, and Bandwidth has declined Plaintiff's request to allow Plaintiff to produce the Bandwidth documents. Subject to and without waiving these objections, see MEY 000239-000265.
>
> **SUPPLEMENTAL RESPONSE:** Subject to those objections, see also MEY 000266-000766.

Plaintiff's objections constitute boilerplate objections inasmuch as Plaintiff fails to explain how this request is overbroad and seeks information protected by the work-product doctrine. Additionally, the Court notes that there is no evidence or indication that Plaintiff has provided a privilege log for documents withheld. These objections are therefore improper and are **OVERRULED**. Plaintiff is **DIRECTED** to supplement her response.

---

[4] The Order is organized by topic to mirror the categorical organization of Defendant's briefs.

With regard to Plaintiff's substantive response, it appears that Plaintiff has limited her production to documents secured through subpoenas. *See* ECF No. 343 at p. 7-8. This Request for Production is not so limited. Plaintiff is therefore **DIRECTED** to supplement her response.

Defendant contends that, in responding to this Request for Production, Plaintiff has failed to comply with the ESI Protocol captured at ECF No. 253. Indeed, during the hearing held on April 19, 2022, and within Plaintiff's Response Brief (ECF No. 343 at p. 9), Plaintiff acknowledged that she did not follow the ESI Protocol when searching for Electronically Stored Information responsive to this request. Inasmuch as ECF No. 253 is equally applicable to all parties, and inasmuch as Plaintiff searched for Electronically Stored Information to respond to this request, Plaintiff should have complied with the ESI Protocol. Plaintiff is therefore **DIRECTED** to supplement her response and in doing so, is **DIRECTED** to follow the ESI Protocol captured at ECF No. 253.

## II. Plaintiff's Prior TCPA Actions (RFP Nos. 17-20; Interrogatory No. 4)

### A. RFP No. 17

**RFP No. 17:** All Documents concerning your involvement in any other lawsuit.

**RESPONSE:** Objection. This request is unduly burdensome, overbroad, not relevant to any claim or defense, not proportional to the needs of the case, and seeks information protected by the attorney-client privilege and work-product doctrine. To the extent there is non-objectionable and non-privileged information responsive to this request, such information is a matter of public record.

**SUPPLEMENTAL RESPONSE:** Subject to those objections, Plaintiff has been involved in an estimated 25-50 TCPA litigations. Plaintiff does not have a list of each such litigation. All but one of the lawsuits were handled in court and are therefore a matter of public record. Plaintiff also has participated in an arbitration against Discover Card.

Plaintiff's objections constitute boilerplate objections because she has not provided an explanation as to how this discovery request is unduly burdensome, overbroad, or not relevant to

any claim or defense. Further, Plaintiff does not explain how this request is not proportional to the needs of the case. Plaintiff also does not explain how the information sought by this request is protected from disclosure by the attorney-client privilege or the work-product doctrine. Additionally, there is no indication that a privilege log has been provided for documents withheld pursuant to the same. Plaintiff's response is deficient and must be supplemented. Plaintiff's boilerplate objections are **OVERRULED**. Plaintiff is **DIRECTED** to supplement this response.

As to Plaintiff's substantive answers, she states that she has been involved in an estimated 25-50 TCPA litigations, but that she "does not have a list of each such litigation." Plaintiff further asserts that this information is a matter of public record, seemingly indicating that Defendant can and should search for and compile this information itself. The Court disagrees. The public record is vast. Plaintiff is in a much better position than Defendant to know when and where Plaintiff has participated in litigation. The Court acknowledges that Plaintiff has provided to Defendant a list of TCPA actions in which Plaintiff has been involved since 2010. The Court also acknowledges that, to the extent Defendant can access documents related to these actions on PACER, Defendant should do so. However, there are likely documents which are not a part of the public record, and which are a part of these case materials, i.e. Plaintiff's answers to discovery and deposition testimony, and the like. Therefore, Plaintiff is **DIRECTED** to supplement this response. Plaintiff's supplement **SHOULD INCLUDE (but should not be limited to) the aforementioned case materials.**

Plaintiff also states that she was involved in an arbitration against Discovery Card. However, Plaintiff has failed to provide any case information or documents beyond acknowledging the action's existence. This is an incomplete response. Plaintiff is **DIRECTED** to supplement the same.

4

**B. RFP Nos. 18-20**

**RFP No. 18:** All Documents sufficient to identify all TCPA cases You have filed through counsel or on a *pro se* basis.

**RESPONSE:** See response to Request No. 17.

\* \* \* \* \* \* \* \* \* \* \* \*

**RFP No. 19:** All Documents sufficient to identify all TCPA cases filed by, or on behalf of any of Your Family Members.

**RESPONSE:** See response to Request No. 17.

\* \* \* \* \* \* \* \* \* \* \* \*

**RFP No. 20:** All Documents sufficient to identify the total amount of recovery by You or your Family Members (as defined above) in TCPA cases throughout your lifetime, litigated or otherwise.

**RESPONSE:** See response to Request No. 17.

Though Plaintiff supplemented her response to Request No. 17, she does not appear to have supplemented her responses to RFP Nos. 18-20. Accordingly, the Court evaluated her response to these RFPs only insofar as her initial response to RFP No. 17. The Court incorporates its analysis as set forth above, here. Plaintiff's boilerplate objections are **OVERRULED**.

Additionally, Plaintiff's answers to RFP Nos. 18-20 are not sufficiently responsive in that it is not clear how the documents requested therein are part of the public record. Plaintiff does not explain this statement. Simply by looking at the face of the discovery request, it is apparent that some documents which may be responsive are likely a part of the public record, but it is just as likely that responsive documents are not a part of the public record. Personal records/notes, settlement agreements, and bank statements are just a few of the pieces of information that may be responsive to this request but that are not kept in the public record.

Moreover, the public record is vast. Simply asserting that these documents are a part of the public record without additional identifying factors does not provide to Defendant any meaningful way to locate these documents. The expectation that Defendant can search the public record for them, without more information, is not appropriate under the discovery rules. Plaintiff is certainly in a better position than Defendant to know the TCPA cases she has filed, the TCPA cases filed by or on behalf of Family Members, and the recovery obtained by Plaintiff or her Family Members in said TCPA cases. Plaintiff is therefore **DIRECTED** to supplement these responses.

### C. Interrogatory No. 4

**Interrogatory No. 4:** Identify any other action (by caption, venue and docket number) in which You have been named as a proposed class representative or derivative plaintiff, including proposed class definition and period, Your counsel, whether You testified, at deposition or at trial or any hearing, in connection with the action and, if so, the date(s) of such testimony and the transcript(s) of such testimony, how the case was resolved or, if still pending, the current status of the action, and whether You received any recovery for damages, the amount (per share and total), or any other consideration for serving as class representative or as a result of or in connection with Your involvement as a plaintiff class member in that action.

**RESPONSE:** Please see response to Request No. 17.

Again, though Plaintiff supplemented her response to Request No. 17, it does not appear that she supplemented her response to Interrogatory No. 4. Therefore, the Court considered Plaintiff's answer to Interrogatory No. 4 only insofar as her first response to Request No. 17. The Court incorporates its analysis as set forth above. Plaintiff's boilerplate objections are **OVERRULED**. Plaintiff is **DIRECTED** to supplement this answer.

6

III. **Agreements Between Plaintiff and her Counsel which may Impact Absent Class Members (RFP No. 23)**

**RFP No. 23:** Any retainer or other agreement between You and Your counsel in this litigation.

**RESPONSE:** Objection. This request is unduly burdensome, overbroad, seeks irrelevant information, seeks information protected by the attorney-client privilege, and seeks information protected [by the] work-product doctrine.

**SUPPLEMENTAL RESPONSE:** Subject to those objections, Plaintiff and her undersigned counsel stipulate, pursuant to *Porter v. Nationscredit Consumer Discount Co.*, 2001 WL 1753255 (E.D. Pa. 2004) that they have adequate resources to fund this litigation.

Plaintiff's objections constitute boilerplate objections inasmuch as Plaintiff fails to explain how this request is unduly burdensome, overbroad, seeks irrelevant information, seeks information protected by the attorney-client privilege, and seeks information protected by the work-product doctrine. Further, the Court notes that Plaintiff has failed to provide a privilege log as required. Plaintiff's boilerplate objections are **OVERRULED**. Plaintiff is **DIRECTED** to supplement this response.

With respect to Plaintiff's substantive answer, i.e., Plaintiff's proposed stipulation, the Court notes that the Court in *Porter* did not discuss a stipulation to this effect, nor does the *Porter* court mention a party's ability to avoid production by making such a stipulation. Rather, the *Porter* court acknowledged that "[t]he attorney-client privilege does not shield fee arrangements." *Porter v. Nationscredit Consumer Discount Co.*, 2004 WL 1753255, at * 2 (E.D. Pa. Jul. 8, 2004) (citation omitted). The *Porter* court further acknowledged that "the fee agreement letter does not come within the ambit of the work-product privilege," and that "[f]ee arrangements may be relevant to a plaintiff's ability to protect the interests of potential class members by adequately funding the suit, and to the question of awarding attorneys fees upon settlement or judgment." *Id.*

7

To the extent Plaintiff relies upon *Porter* to offer the proposed stipulation in her response to RFP No. 23 and to avoid production of documents and/or information potentially responsive to this request, Plaintiff's reliance is misplaced. Plaintiff is **DIRECTED** to supplement this response.

## IV. Prior Consents (RFP No. 27 and Interrogatory No. 7)

### A. RFP No. 27

> **RFP No. 27:** All Documents or Communications concerning any consent that You have provided to receive the Phone Calls at the Phone Number.
>
> **RESPONSE:** None.
>
> **SUPPLEMENTAL RESPONSE:** Following a reasonable investigation there are no documents.

This response is inadequate insofar as it does not appear as though Plaintiff complied with the ESI Protocol in conducting her investigation for these documents. Indeed, Plaintiff acknowledged during briefing and the hearing that Plaintiff conducted a search of Electronically Stored Information independent of the ESI Protocol. ECF No. 343, at p. 9. The ESI Protocol captured at ECF No. 253 applies equally to the parties. Because Plaintiff appears to have conducted a search for Electronically Stored Information and because it appears that Plaintiff has done so independent of the ESI Protocol, this response is insufficient. Plaintiff is **DIRECTED** to supplement this response. In so doing, Plaintiff is **DIRECTED** to comply with the terms of the ESI Protocol captured at ECF No. 253.

### B. Interrogatory No. 7

> **Interrogatory No. 7:** Identify all Persons to whom You have provided consent to contact You at the Phone Number.
>
> **RESPONSE:** Objection. This interrogatory is vague, overbroad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of the case.
>
> **SUPPLEMENTAL RESPONSE:** None.

8

Plaintiff's objections constitute boilerplate objections inasmuch as Plaintiff has failed to explain how this Interrogatory is vague, overbroad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of the case. Plaintiff's objections are therefore **OVERRULED**. Plaintiff is **DIRECTED** to supplement this answer.

Further, and to the extent Plaintiff conducted a search for Electronically Stored Information to supplement her response, there is no evidence or indication that Plaintiff did so within the bounds and scope of the ESI Protocol captured at ECF No. 253. Indeed, Plaintiff acknowledged during briefing and the hearing that Plaintiff conducted a search for Electronically Stored Information independent of the ESI Protocol. ECF No. 343, at p. 9. Inasmuch as the ESI Protocol is equally applicable to the parties, and to the extent Plaintiff searches for Electronically Stored Information, Plaintiff must do so within the bounds of ECF No. 253. Plaintiff is therefore **DIRECTED** to supplement this response. In so doing, Plaintiff is **DIRECTED** to comply with ECF No. 253.

## V. Conclusion

Accordingly, and for all of the foregoing reasons, Defendant's Motion [334] is **GRANTED**. Plaintiff is **DIRECTED** to supplement her discovery answers as set forth more fully above.


It is so **ORDERED**.

Any party may, within **FOURTEEN DAYS** of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in a waiver of the right to appeal from a judgment of this Court based upon such an Order.

The Court **DIRECTS** the Clerk of the Court to mail a copy of this Order to any *pro se* party by certified mail, return receipt requested, and to counsel of record herein.

Dated: 5-6-22

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE