IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| DIANA MEY, )<br>    Individually and on )<br>    behalf of a proposed class, )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>ALL ACCESS TELECOM, INC., et al. )<br> )<br>    Defendants. ) | Case No.: 5:19-CV-00237-JPB |

**THE LUMEN DEFENDANTS' OPPOSITION TO PLAINTIFF'S
LIMITED OBJECTIONS TO ORDER GRANTING MOTION TO COMPEL**

Magistrate Judge Mazzone granted Lumen's motion to compel in full, ordering Plaintiff to supplement her answers to Lumen's Interrogatories and to produce documents sought by Lumen's Requests for Production. [ECF No. 387, the "Order".] Judge Mazzone considered and correctly overruled every objection Plaintiff made. It was not clear error or an abuse of discretion for the Magistrate to follow the law that "boilerplate" discovery objections—which is all Plaintiff's objections admittedly were—"do not satisfy the burden of the responding party." Order at 3 (citing cases). And, as this Court has stated, simply "reiterating arguments already presented" to the Magistrate is insufficient under Rule 72 and has "the same effect as a failure to object." *Tenney v. Saul*, Civil Action No. 5:20-CV-202, 2021 WL 5868138, at *2 (N.D. W. Va. Dec. 10, 2021). Judge Mazzone's Order can and should be affirmed on these bases alone.

Indeed, everything required by the Order is relevant, proportional, and easily obtainable. In particular, Plaintiff's phone records and TCPA case materials are critical because **Plaintiff has given contrary answers and taken contrary positions in those cases and here—which presents obviously ripe and appropriate questions for discovery in this case**. For example:

83867687.5

- Plaintiff claims that she has disclosed all her telephone numbers, but in *Mey v. Castle Law Group, PC*, No. 19-cv-185 (N.D.W.Va.), her interrogatory responses state that in September 2019 she obtained the cell number 813-331-5926 with carrier TextNow for "investigative purposes"—something she has not disclosed here.

- Also in *Castle Law*, Plaintiff's produced notes state that in January 2021 she got a robocall from a 13-digit number 88017013614801, which would presumably be an "unassignable" number as Plaintiff defines the proposed class in this action—but she has not disclosed that call here.

- In *Mey v. Frontier Communications Corp.*, No. 13-cv-1191 (D. Conn.), Plaintiff produced 29 AT&T bills, but here Plaintiff has produced AT&T bills for only seven (7) of the potentially more than 70 months in the class period, and those bills were "so redacted … that it does not appear as though any substantive information is legible." Order at 12.

- Also in *Frontier*, Plaintiff admitted that she has made "possibly 100" and settled "probably more than 20" pre-suit TCPA demands, *see* —but did has not disclose that practice here and has objected to producing settlement agreements as Judge Mazzone ordered.

Given that Plaintiff has repeatedly represented to the Court (*e.g.*, ECF No. 339 at 1) that she had provided everything responsive—only to then provide additional relevant information she must have known she was withholding—Lumen has no reason to believe that there are not more (and more serious) contradictions that impact this case. Plaintiff does not get to pick and choose what she will produce to Lumen. She produced a transcript from a deposition she took of AT&T only after Lumen moved to compel; a *third* AT&T document subpoena from 2020 was produced only this week; and *the as-marked AT&T deposition exhibits are still missing*. Nothing excuses this conduct by a party who has filed more than 50+ TCPA cases, particularly not when the same law firm represents that party in the cases with contrary answers and contrary positions. Requiring Plaintiff to produce her unredacted phone records as well as deposition transcripts, discovery responses, expert reports, and materials from her past TCPA cases is not only consistent with this Court's decision in *Patterson v. Westfield Ins. Co.,* 2020 WL 6939811 at *2 (N.D.W. Va., Jan. 6, 2020), but also the bare minimum under these circumstances.

Plaintiff's chief complaint in her Objections that Magistrate Judge Mazzone "made no finding" that Lumen's discovery requests were relevant and proportional, ECF No. 415 at 1, is legally flawed and, in any event, wrong. It was **Plaintiff's burden** as the party opposing Lumen's motion to compel "to clarify and explain why [her] objections are proper," and to "show that discovery should not be allowed." Order at 2-3 (citing cases). There was no legal error or abuse of discretion in finding that Plaintiff did not meet a burden squarely allocated to her. *See, e.g.*, *Anderson v. Consolidated Coal Co.*, Civil Action No. 1:11-cv-138, 2014 WL 1663366, at *3 (N.D.W. Va. Apr. 23, 2014) (rejecting boilerplate objections because "the party resisting discovery has the burden of clarifying, explaining and supporting its objections").

Moreover, throughout the Order, the Magistrate observed that Lumen's requests were entirely appropriate under the Federal Rules. That is because Lumen seeks easily producible information that is plainly relevant to Plaintiff's allegations that, as an intermediate carrier, Lumen should have blocked calls from the Polish-looking number 48-54-215-4234 and other "unassignable" numbers allegedly made with an "auto-dialer," including:

- **The as-marked, unredacted exhibits Plaintiff used at the Rule 30(b)(6) deposition of AT&T**—Plaintiff's refusal to produce these is egregious and contrary to the clear text of Rule 30(f)(2)(A), which gives all parties access to deposition exhibits. There is simply no excuse. Lumen is entitled to see those documents in the same form that they were presented to AT&T's corporate representative, and in the same form in which Plaintiff's counsel asked questions about them.[1]

- **Plaintiff's unredacted AT&T phone bills for the entire putative class period**—which will show whether any calls she received or placed involved "unassignable" numbers. If the facially valid, 11-digit Polish number 48-54-215-4234 is the only supposedly "unassignable" number in Plaintiff's phone bills, then Plaintiff has no claim against Lumen by her own admission. And Lumen is entitled to discover what numbers, such as international numbers, Plaintiff does and does not view as

---

[1] Among the other documents Plaintiff has only just now produced is a 2020 discovery letter from AT&T to Plaintiff's counsel advising that AT&T keeps switch records for only six (6) months—which Plaintiff appears to have strategically delayed producing while she attacked the period of switch records that Lumen has.

3

"unassignable"—particularly since Plaintiff claims she cannot say whether the phone number for the U.S. Embassy in Poland (48-22-504-2000) is "unassignable." Moreover, any calls to or from businesses may reveal that Plaintiff encouraged or consented to the calls—a complete defense to a TCPA claim—especially where she cannot say who the alleged spoofer is in the first place.

- **Plaintiff's testimony and discovery responses under oath in prior TCPA cases**—which will shed light on Plaintiff's experience with spoofed calls, calls with invalid caller ID, and calls potentially violating the TCPA. As noted above, Lumen has already uncovered several instances in which Plaintiff's sworn deposition testimony and sworn publicly available deposition testimony contradict Plaintiff's interrogatory responses in this case. These need to be explored further.

- **All TCPA settlement agreements Plaintiff has signed**—regardless of whether they involved a lawsuit. Since Plaintiff has admitted under oath that she does not know *who* initiated the Polish-looking calls, her TCPA claims could have been released in past settlement agreements. That could explain why AT&T is not a defendant, or why Plaintiff issued a subpoena to the entirely wrong "Blazon" entity (and thus has not attempted to identify the spoofer(s) who initiated those calls).

- **What Plaintiff has done (or not done) to stop unwanted phone calls**—which is relevant to whether Plaintiff is a typical and adequate class representative. Plaintiff has provided evidence on this topic in other TCPA cases like *Castle Law* and *Frontier*, and there is no reason why she should or could not do so here.

Plaintiff's "enormous resources" and "potential for a chilling effect" assertions, ECF No. 415 at 2, are also meritless. Plaintiff and her counsel already have much of this information: they have the AT&T deposition exhibits, unredacted AT&T bills, and prior TCPA case materials involving Bailey & Glasser. And, in fact, Plaintiff provided exactly this type of information in prior Bailey & Glasser cases like *Castle Law* and *Frontier*. *See* Ex. A pp. 1-2 (Plaintiff's interrogatory responses in *Castle Law* showing telephone numbers Plaintiff used); Ex. B (Plaintiff's *Castle Law* "Timeline" notes of phone calls she received); Ex. C at 29:15-30:8 (Plaintiff's deposition transcript in *Frontier* referring to AT&T telephone bills produced in that case). Nothing that Plaintiff produced in *Castle Law*, *Frontier*, or any of her other 50+ TCPA cases has damped TCPA enforcement or prevented Plaintiff from pursuing this case. It is inexplicable and unacceptable for Plaintiff to produce this information in other cases but hide it here.

4

## LEGAL STANDARD

The parties agree that overruling a magistrate judge's non-dispositive ruling under Rule 72(a) is a high bar. "Only if a magistrate judge's decision is 'clearly erroneous or contrary to law' may a district court modify or set aside any portion of the decision." *Paulino v. Dollar General Corp.*, Civil Action No. 3:12-CV-75, 2013 WL 1773892, *3 (N.D. W. Va. April 25, 2013) (quoting Fed. R. Civ. P. 72(a)). "A court's 'finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Shaffer v. Rosario*, Civil Action No. 5:18-CV-199, 2019 WL 5448461, at *1 (N.D. W. Va. Oct. 24, 2019); *see also Patterson*, 2020 WL 6939811 at *2.

Plaintiff also does not dispute the legal standard that Magistrate Judge Mazzone cited and applied in the Order (at pp. 2-3) with respect to the merits of Lumen's motion to compel:

> "[T]he burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the federal discovery rules." *United States Department of Labor v. Randolph County Sheltered Workshop, Inc.*, 2017 WL 10442120, at *1 (N.D.W. Va. Nov. 17, 2017). "The party who resists discovery has the burden show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002).

## ARGUMENT

I. **Plaintiff Reiterates Arguments Already Presented and Rejected in the Order Regarding Her Boilerplate Discovery Objections**

Plaintiff's arguments to this Court merely reiterate the relevance and burden arguments she made to Judge Mazzone, who correctly considered and rejected them. This alone is grounds to deny Plaintiff's Objections.

This Court has stated on many occasions that "[g]eneral objections to the magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Fed. R. Civ. P. 72, and have the same effect as a failure to object." *See, e.g.*, *Tenney*, 2021 WL 5868138, at *2. Here, the sections of Plaintiff's Objections addressed to Lumen's discovery requests [ECF No. 415 at 7-12, Sections B-D] simply reiterate the positions she made in support of her boilerplate "irrelevant" and "overbroad" arguments to the Magistrate:

- As before, Plaintiff claims that Interrogatory No. 3 and Request for Production Nos. 13-14 concerning Plaintiff's phone records are not relevant, not proportional, and "personal, private information," and that providing records of only inbound calls from numbers she deems "unassignable" for a limited period is sufficient. *Compare* ECF No. 339 at 2-4, *with* ECF No. 415 at 8-10. The Order rejected these arguments. Order at 11-12.

- As before, Plaintiff claims that Request for Production No. 15 concerning Plaintiff's prior TCPA case materials are not relevant to her claim here against intermediate carriers and unduly burdensome because she has filed so many prior TCPA cases, and that providing a list of her TCPA lawsuits is sufficient. *Compare* ECF No. 339 at 6-7, *with* ECF No. 415 at 11-13. The Order rejected these arguments. Order at 7-8.

- And as before, Plaintiff claims that Interrogatory No. 2 concerning her complaints about unwanted phone calls is overbroad, and that providing a list of her formal FCC complaints and TCPA lawsuits is sufficient. *Compare* ECF No. 339 at 7-8, *with* ECF No. 415 at 7-8, 13. The Order rejected these arguments. Order at 5-8.

Equally important, these recycled arguments are made by Plaintiff to support "boilerplate" discovery objections that are universally rejected in this District. Nowhere in the Objections does Plaintiff deny that her discovery objections were boilerplate, and she cannot: her repeated litany in one form or another of "irrelevant, overbroad, and unduly burdensome" is inadequate under Rule 33 because these "[g]eneral objections … cannot be applied with sufficient specificity to enable courts to evaluate their merits." *Hager v. Graham*, 267 F.R.D. 486, 492 (N.D. W. Va. 2010) (quoted in Order at 3). Thus, "[b]oilerplate objections to discovery requests are highly disfavored in this district and throughout the Fourth Circuit, and the failure to state objections with specificity

6

may be regarded as a waiver of those objections." *Fidelity National Title Insurance Company v. Barringer Land SC, LLC*, 2014 WL 12594207 (N.D. W. Va. Apr. 15, 2014) (quoted in Order at 3). It was neither clear error nor an abuse of discretion for the Magistrate to conclude under *Hager*, *Fidelity National*, and the substantial additional case law cited in the Order that Plaintiff had failed to meet her burden to sustain her discovery objections.[2] For this independent reason too, Plaintiff's Objections should be rejected.

## II. Even If Plaintiff Had Made Specific Discovery Objections, Lumen's Discovery Requests Seek Relevant and Proportional Documents.

### A. Plaintiff's Call Records
*Interrogatory No. 3 and Request for Production Nos. 13-14*

To start, Plaintiff cannot rely on discovery objections as a basis to deny Lumen access to the phone record and other exhibits marked at the AT&T deposition taken by her counsel, who elected to make those documents a part of the case record. While Plaintiff's Objections do not acknowledge that she has withheld the marked deposition exhibits—which are presumably unredacted, or else Plaintiff would have produced them—it is evident that Plaintiff is relying on her discovery objections to do so. That is improper.

The law could not be clearer that Lumen, just like any party in any other case, is entitled to the deposition exhibits as marked and presented to the deponent. Rule 30(f)(2)(A) states: "Documents and tangible things produced for inspection during a deposition must, on a party's request, be marked for identification and attached to the deposition. Any party may inspect and

---

[2] Plaintiff continues to flout Judge Mazzone's Order and this Court's rules. On June 13, 2022, Plaintiff served second supplemental responses and objections to Lumen's interrogatories and requests for production. As to the requests at issue here, Plaintiff refused to provide responsive information or documents because she is appealing the Order on these requests. But Local Rule 72.02 states that "[w]hen an objection to a magistrate judge's ruling on a non-dispositive pretrial motion is filed pursuant to Fed. R. Civ. P. 72(a), the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or by a district judge." Plaintiff's Objections do not excuse her from meeting her obligations.

7

copy them." Thus, under Rule 30(f)(2)(A), "[w]hen an attorney taking a deposition questions the deponent with reference to extrinsic documents, those documents must be marked for inspection, attached to the deposition, and available for inspection and copy." *See also Anchondo-Galaviz v. State Farm Mut. Auto. Ins. Co.*, 2019 WL 3386474, *4 (D. Colo. July 26, 2019). There is no basis for applying a different rule here.

Plaintiff does not dispute that these and her other phone records/bills during the putative class period are relevant; rather, she repeats her assertions that Lumen's requests are overbroad and not proportional solely on the ground that producing them would give Lumen "unfettered" access to her "personal, private information." ECF No. 415. But Judge Mazzone specifically addressed and overruled this argument, noting that the Protective Order in this case will adequately protect the confidentiality of Plaintiff's phone records. Order at 12. In fact, the Protective Order states that telephone numbers qualify for the "Highly Confidential" designation and associated access restrictions. ECF No. 248 at § 2(b). The Court should reject Plaintiff's baseless suggestion that Lumen or her counsel would somehow violate the Court's Protective Order and misuse any phone records she produces.[3]

It is not appropriate for Plaintiff to self-select and unredact only the phone records that she deems to have been from "unassignable" numbers. Plaintiff has produced only 7 AT&T bills, so heavily redacted that most pages are entirely black and worthless. ECF No. 348-4. Producing information Plaintiff thinks supports her case does not excuse her obligation under Rule 26 to produce additional information which might discredit her case or support Lumen's defenses, such

---

[3] This is in stark contrast to the admitted violations of this Court's orders by Plaintiff's hired expert and counsel with respect to the in-person meeting that this Court ordered to be held "exclusively" between Plaintiff's expert and Lumen's employee experts on call records. ECF No. 380. It is undisputed that Plaintiff's expert and counsel communicated repeatedly during meeting breaks. *See* ECF No. 401-1 (correspondence describing communications between Plaintiff's expert and counsel).

8

83867687.5

as whether Plaintiff ever called 48-54-215-4234 or any numbers she contends are "unassignable." Lumen has already seen in the *Castle Law* case discovery materials that Plaintiff stated she received an additional call in January 2021 from a presumably "unassignable" phone number she has not identified here, and Plaintiff testified in the *Frontier* case that she frequently calls back numbers she suspects are used by spam callers. Ex. C at 60:1-23. Similarly, Plaintiff seeks leeway to make these determinations while at the same time she refuses to answer whether or not the 11-digit number for the U.S. Embassy in Poland (48-22-504-2000) is also "unassignable." The parties' obvious dispute over what qualifies as an "unassignable" number in this potentially industry-changing class action only further supports requiring Plaintiff to produce her relevant phone records.[4]

      **B.**    **Plaintiff's Prior TCPA Case Materials**
           *Request for Production No. 15*

Based on Lumen's own investigation, it now appears clear why Plaintiff does not wish to produce the deposition transcripts, discovery materials, and other documents responsive to Request No 15: those documents may contradict, or even undermine, Plaintiff's claims here against Lumen. The fact that Plaintiff is attempting to pursue a new theory of potential TCPA liability of intermediate carriers does not mean that her prior TCPA deposition testimony and sworn statements are irrelevant; it supports the opposite.

Plaintiff's deposition in the *Frontier* case—in which she was represented by Bailey& Glasser, like here—is one of likely many examples showing that Judge Mazzone's Order is correct. In that case, not only did Plaintiff produce many more AT&T bills than she has here, but she

---

[4] To be clear, these discovery request apply equally to Plaintiff's AT&T numbers identified to date, Plaintiff's TextNow number that Lumen uncovered through Plaintiff's interrogatory responses in *Castle Law*, and any other phone number that Plaintiff has had during the relevant period.

83867687.5

admitted to asserting "possibly 100" and settling "probably more than 20" pre-complaint TCPA demands. And it would also be relevant to discover any testimony by Plaintiff in the *Castle Law* case about the TextNow number she obtained "for investigative purposes" two months before filing this case, as stated in her interrogatory responses in that case—and omitted from her response to a practically identical interrogatory from Lumen. However else she might have testified—and how it squares with what she, her expert, and her lawyers are saying here—remains hidden. All this confirms Lumen's showing that Plaintiff's prior TCPA case files are discoverable because they likely contain "information about [Plaintiff's] efforts to limit robocalls, her motivations for filing so many TCPA suits, her history of phone numbers and devices, and her communications with others." ECF No. 321 at 16-17.

As Magistrate Judge Mazzone correctly noted, "Plaintiff is in a much better position than Defendant to know when and where Plaintiff has participated in litigation," and "there are likely documents which are not a part of the public record, and which are a part of these case materials," including "Plaintiff's answers to discovery and deposition testimony, and the like." Order at 7-8. Responsive documents could have been produced months ago simply by sending a Bailey & Glasser paralegal to their file room and calling Plaintiff's other counsel as necessary. *See* Hearing Tr. 24:7-17.[5] Further, Judge Mazzone's Order is consistent with this Court's decision in *Patterson v. Westfield Ins. Co.*, in which discovery of prior complaints against the defendant, including substantive information about mine subsidence litigation and claims, was held relevant, appropriate, and within the Magistrate Judge's discretion. 2020 WL 6939811 at *2.

---

[5] A transcript of the April 19, 2022 hearing on Lumen's Motion to Compel is attached as **Exhibit D**.

83867687.5

### C. Plaintiff's Complaints About Unwanted Phone Calls
*Interrogatory No. 2*

In her brief opposing Lumen's motion to compel, Plaintiff did not seriously dispute Lumen's showing that her complaints about unwanted phone calls and similar communications are relevant under Rule 26, and it is too late for Plaintiff to attempt to do so now. Instead, she refused to provide responsive documents because all the information is supposedly "a matter of public record." ECF No. 339 at 6. Even if this were true, it is not a valid basis for objecting. *See Alberts v. Wheeling Jesuit Univ.*, 09-cv-109, 2010 WL 1539852, at *2 (N.D. W. Va. Apr. 19, 2010) ("The fact that the information [sought] . . . is a matter of public record, does not render the interrogatories objectionable").

Judge Mazzone properly rejected Plaintiff's substantive response that "all the relevant documents" she has concerning her prior complaints about unwanted phone calls can be found in unspecified "public filings." ECF No. 339 at 7-8; Order at 5. As noted in the Order, responsive information such as "emails, telephone calls, informal complaints . . . etc." might not be contained "within any case file or public documenting system." Order at 6.

Only Plaintiff knows to whom and in what context she has complained about unwanted phone calls. Does Plaintiff really complain about intermediate carriers like Lumen, or does she complain only about the persons who actually initiated the calls? What does Plaintiff think about the role of her wireless carrier AT&T (and TextNow)? This obviously includes more than her TCPA lawsuits and formal FCC complaints, which Plaintiff produced only after Lumen moved to compel. It must cover, for example, the quasi-legal advice Plaintiff used to give on her website before substantially revising it during this lawsuit; her communications with individuals through her website (which she has testified about); and private email list servs, Facebook groups, and the like.

11

This information is directly relevant to Plaintiff's theory of the case here: that she could not keep spoofers from calling her, so it was Lumen's responsibility as an intermediate carrier to do so. And the relevance of these actions and documents is magnified by the fact that Plaintiff is trying to impose TCPA liability upon intermediate carriers through a class action that she is not a member of, because the 48-54-215-4234 calls Lumen was involved in transmitting to her are not "unassignable": they have a valid international code (48 for Poland), a valid area code for a region in Poland (54), and the right number of digits for a Polish phone number (11).

### III. Plaintiff Can Easily Satisfy Lumen's Discovery Requests.

Contrary to Plaintiff's claim, it will not take "enormous resources" or "substantial" effort to comply with the Order. Plaintiff and her counsel already have much of this information, and obtaining the rest through targeted inquiries should be straightforward. They may also uncover responsive information in searching Plaintiff's email accounts, computers, social media records, and other files as required by the stipulated ESI Protocol. Order at 21-22. This should not be difficult for a party well-versed with Rule 26 from 50+ cases and represented by three law firms.

Here are just a few proposals on how Plaintiff could easily satisfy Lumen's requests, which can if necessary be further addressed through meet-and-confers between the parties:

| Lumen Discovery Request | How Plaintiff Can Satisfy the Request |
|---|---|
| Request No. 13. All contracts and communications with your phone provider(s). | • Plaintiff or her counsel already have the marked AT&T deposition exhibits<br>• Plaintiff can log in to her AT&T and TextNow accounts and obtain any other available agreements<br>• Plaintiff can apply search terms like "AT&T" and "TextNow" in her ESI search. |
| Request No. 14. All your phone bill(s) and payments for the same, including all voice, fax, data lines, and text message related charges. | • Plaintiff can easily obtain or reproduce AT&T bills for all months in the class period without redactions.<br>• Plaintiff can get other AT&T and TextNow bills for the class period through her online accounts. |

| Request No. 15. Copies of all legal actions, and all documents relating thereto, you filed or in which you were named as a party, since 2010. (NOTE: Lumen has agreed to limit this request to Ms. Mey's deposition testimony/exhibits, discovery requests and responses, documents produced and expert reports) | • Plaintiff can get many of these documents from Bailey & Glasser, her lawyers in this case.<br>• She can get any other "case file" documents retained by her past law firms. |
|---|---|
| Interrogatory No. 2. Identify all actions you took or have taken to prevent, block, divert, reduce or eliminate your receipt of any unwanted text messages, telephone calls, faxes, emails, or other communications … including (f) All material documents evidencing, referring, or relating to the above. | Plaintiff can identify what she has already compiled and disclosed elsewhere (like in the *Frontier* and *Castle Law* cases), and otherwise use search terms in her ESI search.<br><br>Lumen's investigation has already revealed the following examples of Plaintiff's actions—most of which she did not disclose until after Lumen moved to compel, if at all:<br>• Running her TCPA-focused website, www.dianamey.com.<br>• Posting about the TCPA on Facebook and Twitter.<br>• Participating in a TCPA-focused email listserv to discuss and investigate robocalls. ECF No. 348-6 (Lumen's Reply in Supp. of Mot. to Compel Ex. F).<br>• Sending and resolving TCPA demand letters. Ex. C at 100:1-20.<br>• Using a "USB Personal Call Recorder/Logger" manufactured by "Digital Logger" to record and track calls. Ex. C at 8:7-14.<br>• Using fake names, fake addresses, and dummy email addresses to track calls before calling back numbers to get information for a TCPA claim. Ex. C at 60:1-23, 62:17-63:4.<br>• Testifying before the FTC, and submitting comments to the FCC. Ex. C at 165:21-166:1, 168:11-16.<br>• Advocating for telemarketing legislation in Kentucky. Ex. C at 146-24-147:6. |
| Interrogatory No. 3. Identify all phone numbers you have used in the past ten (10) years, and all material documents evidencing, referring, or relating to these phone numbers. | Plaintiff can use Rule 33(b) and identify the AT&T and TextNow bills and communications she produces in response to Request No. 14. |

13

83867687.5

## **CONCLUSION**

For these reasons, the Court should reject Plaintiff's objections and affirm Magistrate Judge Mazzone's Order in all respects.

          Respectfully submitted,

          */s/ Stuart A. McMillan*
          Stuart A. McMillan (WVSB #6352)
          Bowles Rice LLP
          600 Quarrier Street
          Charleston, WV 25301
          Phone: (304) 347-1110
          Fax: (304) 347-1746
          smcmillan@bowlesrice.com

          Russell S. Jones, Jr. (admitted *pro hac vice*)
          Elizabeth Marden (admitted *pro hac vice*)
          Polsinelli PC
          900 W. 48th Place, Suite 900
          Kansas City, MO 64112
          Telephone: (816) 753-1000
          rjones@polsinelli.com
          rspake@polsinelli.com
          lmarden@polsinelli.com

          *Attorneys for Defendants CenturyLink Communications, LLC and Level 3 Communications, LLC*

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| DIANA MEY,<br>    Individually and on<br>    behalf of a proposed class,<br><br>    Plaintiff,<br><br>v.<br><br>ALL ACCESS TELECOM, INC.,<br>BANDWIDTH INC.,<br>CENTURYLINK COMMUNICATIONS.,<br>LLC, d/b/a Lumen Technologies,<br>LEVEL 3 COMMUNICATIONS, LLC,<br>d/b/a Lumen Technologies,<br>INTELIQUENT, INC.;<br>NOS COMMUNICATIONS, INC., and<br>TELIAX, INC.<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No.: 5:19-CV-00237-JPB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on the **17th day of June, 2022**, I filed ***The Lumen Defendants' Opposition to Plaintiff's Limited Objections to Order Granting Motion to Compel***, via the Court's CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Benjamin J. Hogan, Esquire
Bailey & Glasser, LLP
6 Canyon Road, Suite 200
Morgantown, West Virginia  26508

John W. Barrett, Esquire
Johnathan R. Marshall, Esquire
William S. Flynn, Esquire
Bailey & Glasser LLP
209 Capitol Street
Charleston, West Virginia  25301

15

Yvette Golan, Esquire (Admitted *Pro Hac Vice*)
The Golan Firm PLLC
2000 M Street NW, Suite 750-A
Washington, DC  20036

William P. Howard, Esquire (Admitted *Pro Hac Vice*)
Amanda J. Allen, Esquire (Admitted *Pro Hac Vice*)
The Consumer Protection Firm, PLLC
401 East Jackson Street, Suite 2340
SunTrust Financial Center
Tampa, Florida  33602

*Counsel for Plaintiff*

Jeffrey A. Grove, Esquire
Jeffrey A. Holmstrand, Esquire
Grove, Holmstrand & Delk, PLLC
44-1/2 15th Street
Wheeling, West Virginia  26003

*Counsel for Defendant All Access Telecom, Inc.*

Amy E. Richardson, Esquire (Admitted *Pro Hac Vice*)
Harris, Wiltshire & Grannis LLP
1919 M Street NW, Eighth Floor
Washington, DC  20036-3537

Danielle Waltz, Esquire
Laura Ann Hoffman, Esquire
Blair E. Wessels, Esquire
Jackson Kelly PLLC
500 Lee Street, Suite 1600
Charleston, West Virginia  25322

*Counsel for Defendant Bandwidth Inc.*

Carrie Goodwin Fenwick, Esquire
Goodwin & Goodwin, LLP
300 Summers Street, Suite 1500
Charleston, West Virginia  25328-2107

Glenn T. Graham, Esquire (Admitted *Pro Hac Vice*)
Lauri A. Mazzuchetti, Esquire
Kelley Drye & Warren LLP
One Jefferson Road
Parsippany, New Jersey  07054

*Counsel for Defendant NOS Communications, Inc.*
Bryant J. Spann, Esquire
M. David Griffith, Jr., Esquire
Thomas Combs & Spann, PLLC
300 Summers Street, Suite 1380
Charleston, West Virginia  25338-3824

Ezra D. Church, Esquire (Admitted *Pro Hac Vice*)
Natalie M. Georges, Esquire (Admitted *Pro Hac Vice*)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania  19103-2921

*Counsel for Defendant Inteliquent, Inc.*


                                    */s/ Stuart A. McMillan*
                                    Stuart A. McMillan (WVSB #6352)