IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WHEELING DIVISION

| | |
|---|---|
| DIANA MEY, individually and on behalf of a proposed class, | |
| Plaintiff, | Civil Action No. 5:19-cv-00237-JPB |
| v. | |
| ALL ACCESS TELECOM, INC.; BANDWIDTH INC.; CENTURYLINK COMMUNICATIONS, LLC; LEVEL 3 COMMUNICATIONS, LLC; INTELIQUENT, INC.; AFFINITY NETWORK INCORPORATED; and TELIAX, INC., | |
| Defendants. | |

**DEFENDANT INTELIQUENT, INC.'S RESPONSE TO PLAINTIFF DIANA MEY'S LIMITED OBJECTIONS TO THE MAGISTRATE'S ORDER GRANTING MOTION TO COMPEL**

Magistrate Judge Mazzone granted Defendant Inteliquent Inc.'s ("Inteliquent") motion to compel in full after considering and correctly overruling every objection Plaintiff Diana Mey ("Plaintiff") made. [ECF No. 391, the "Order"]. It was not clear error or an abuse of discretion for Judge Mazzone to overrule "boilerplate" discovery objections when the law is clear that such objections "do not satisfy the burden of the responding party" and "may be regarded as a waiver of those objections." Order at 1.[1] Additionally, merely "reiterating arguments already presented" to the Magistrate is insufficient under Rule 72 and has "the same effect as a failure to

---

[1] Because there were three motions to compel simultaneously pending before the court with overlapping issues, Magistrate Judge Mazzone provided the applicable law in the first motion granted, co-Defendant Lumen's, on page 3 of ECF 387, and incorporated the law by reference into the Magistrate's orders granting Inteliquent's and co-Defendant Bandwidth's Motions to Compel in full. *See* Order at 2. ("The applicable law was set forth in detail in the Court's prior Order. ECF No. 387. The Court incorporates the same by reference here.")

object" to a Magistrate's Order. *Tenney v. Saul,* 5:20-CV-202, 2021 WL 5868138, at *2 (N.D. W. Va. Dec. 10, 2021). Magistrate Judge Mazzone's Order can and should be affirmed on either of these bases alone.

Plaintiff objects to the Order in connection with three of Inteliquent's discovery requests—Request Nos. 17, 18, and 20.[2] These requests seek documents and information related to Plaintiff's prior TCPA cases, including critical information such as:

- **Plaintiff's testimony and discovery responses under oath in prior TCPA cases**—which will shed light on Plaintiff's experience with spoofed calls, calls with invalid caller ID, calls potentially violating the TCPA, and other statements which may contradict Plaintiff's claims against Inteliquent.

- **TCPA settlement agreements Plaintiff has signed**—regardless of whether they involved a lawsuit. Because Plaintiff maintains that she does not know who initiated the all zero-calls, her TCPA claims could have been released in past settlement agreements.

Indeed, Co-Defendant Lumen has already identified specific examples of contrary answers and contrary positions taken by Plaintiff in her prior actions that illustrate the necessity of production of non-public materials from Plaintiff's prior TCPA cases. *See* ECF 422, pp. 1-2. Inteliquent will not belabor the court by repeating these examples. Inteliquent does, however, share Lumen's concern that there are not more (and more serious) contradictions in Plaintiff's prior TCPA case materials that impact this along with Plaintiff's pattern of producing relevant information in her possession after representing that she has provided all responsive information and/or documents. *See id.*

Plaintiff's limited Objections rest on her claim that Magistrate Judge Mazzone "made no finding" that Request Nos. 17, 18, and 20 were relevant and proportional. Contrary to Plaintiff's assertion, however, the Magistrate observed throughout the Order that Inteliquent's requests

---

[2] As of June 21, 2022, Plaintiff and Inteliquent have reached agreement as to Inteliquent's Request No. 19 and this Request is no longer at issue.

were appropriate under the Federal Rules. Moreover, the burden was on *Plaintiff* to show why her "boilerplate" objections were proper, and why discovery should not be allowed. It was not clear error nor abuse of discretion for Magistrate Judge Mazzone to find that Plaintiff failed to meet her burden. *See, e.g.*, *Anderson v. Consolidated Coal Co.*, 11-cv-138, 2014 WL 1663366, at *3 (N.D.W. Va. Apr. 23, 2014) (rejecting boilerplate objections because "the party resisting discovery has the burden of clarifying, explaining and supporting its objections").

To this end, Inteliquent respectfully requests that the Court overrule Plaintiff's Objections as they pertain to Inteliquent's Requests Nos. 17, 18, and 20, and affirm the Magistrate's Order that Plaintiff provide the following:

- Case materials from Plaintiff's prior TCPA actions, namely non-public documents such as deposition transcripts, discovery responses, and expert reports;

- Settlement agreements from Plaintiff's prior TCPA claims, litigated or otherwise;

- Documents sufficient to show all recovery Plaintiff has obtained from her prior TCPA claims, litigated or otherwise.

## I. LEGAL STANDARD

"Only if a magistrate judge's decision is 'clearly erroneous or contrary to law' may a district court modify or set aside any portion of the decision." *Paulino v. Dollar General Corp.*, 3:12-CV-75, 2013 WL 1773892, *3 (N.D. W. Va. April 25, 2013) (quoting Fed. R. Civ. P. 72(a)). "A district court should reverse a magistrate judge's decision in a discovery dispute as 'clearly erroneous' only if the district court is left with a definite and firm conviction that a mistake has been made." *Shaffer v. Rosario*, 18-cv-199, 2019 WL 5448461, at *1 (N.D. W.Va. Oct. 24, 2019).

As Magistrate Judge Mazzone explained in the Order[3] regarding the merits of Inteliquent's and its co-Defendants' motions to compel, "the burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the federal discovery rules." *U.S. Dep. of Labor v. Randolph County Sheltered Workshop, Inc.*, 16-cv-78, 2017 WL 10442120, at *1 (N.D.W. Va. Nov. 17, 2017). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002). The party asserting that the information requested is not relevant, and therefore, not discoverable, bears the burden of establishing that the information is not relevant. *See Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 201 (N.D. W. V. 2000).

## II.  ARGUMENT

### A.  Plaintiff's Objections Reiterate Arguments that Magistrate Judge Mazzone Already Considered and Rejected

Plaintiff's Objections to Inteliquent's discovery requests fail as a matter of law because her arguments to this court merely reiterate the arguments she made to Magistrate Judge Mazzone who correctly considered and rejected them. *See Tenney*, 2021 WL 5868138, at *2 ("General objections to the magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Fed. R. Civ. P. 72, and have the same effect as a failure to object."). As noted above, Plaintiff's Objections should be denied on this basis alone.

Regarding Request Nos. 17 and 18, Plaintiff reiterates her arguments that documents concerning Plaintiff's prior TCPA cases are not relevant to TCPA claims against intermediate

---

[3] *See* Order at p. 2 ("The applicable law was set forth in detail in the Court's prior Order. ECF No. 387. The Court incorporates the same by reference here.")

4

carriers, that producing these documents would be unduly burdensome because she or her counsel would have to call her prior counsel to obtain these documents, and that providing a list of her prior TCPA cases is sufficient, including—inexplicitly—for non-public documents. *Compare* ECF 415 at pp. 11-12 *with* ECF 343 at pp. 15-16, 20.

Regarding Request No. 20, Plaintiff again argues that her involvement in other TCPA cases and her damages recorded cannot be relevant to claims in this case or the defenses available to Inteliquent. *Compare* ECF 415 at pp. 4-6 *with* ECF 343 at 14-15. Plaintiff also claims that Inteliquent's discovery requests are nothing more than an "attack" on Plaintiff and attempts to leverage her history with Your Honor by repeatedly referencing *Mey v. Venture Data, LLC*.[4] These are pure recitations of arguments that Plaintiff previously made to Magistrate Judge Mazzone, *compare* ECF 415 at pp. 4-6 *with* ECF 343 at pp. 16-19, and which Inteliquent addressed at length, *see* ECF 350 pp. 13-15, including the reasons *Venture Data* and every other case that Plaintiff recites are inapposite. *See* ECF 350 pp. 3-4 and 13-14.[5]

> **B. Magistrate Judge Mazzone's Finding that Plaintiff Failed to Meet Her Burden to Sustain Her Discovery Objections Is Not Clearly Erroneous Nor Contrary to Law**

There is no dispute that as the party resisting discovery Plaintiff had "the burden of clarifying, explaining, and supporting [her] objections." *See DIRECTV, Inc.*, 209 F.R.D. at 458 (quoted in ECF 387, incorporated into Order at 2). Nor is there any question that "boilerplate objections to discovery requests are highly disfavored in this district and throughout the Fourth Circuit, **and the failure to state objections with specificity may be regarded as a waiver of those objections**." *Fidelity National Title Insurance Company v. Barringer Land SC, LLC*, 2014

---

[4] *See* 245 F.Supp.3d 771, 783 (N.D. W. Va. 2017) (Bailey, J.) ("*Venture Data I*") and *Mey v. Venture Data, LLC*, No. 5:14-CV-123, 2017 WL 10398569 (N.D.W. Va. Jun. 6, 2017) ("*Venture Data II*") (together, "*Venture Data*").

[5] Inteliquent also addresses these cases *infra* at p. 8.

WL 12594207 (N.D.W. Va. Apr. 15, 2014) (emphasis added) (quoted in ECF 387, incorporated into Order at 2).

Indeed, nowhere in Plaintiff's Objections does Plaintiff deny that her discovery objections—"irrelevant, overbroad, and unduly burdensome"—to Request Nos. 17, 18, and 20 were boilerplate, nor could she deny that these objections are clearly inadequate under Rule 33 as these "[g]eneral objections . . . cannot be applied with sufficient specificity to enable courts to evaluate their merits." *Hager v. Graham*, 267 F.R.D. 486, 492 (N.D. W. Va. 2010) (quoted in ECF 387, incorporated into Order at 2).

It was not clear error nor contrary to law for Magistrate Judge Mazzone to conclude that under *DIRECTV*, *Fidelity*, and *Hager* and the substantial additional case law cited in the Order that Plaintiff failed to meet her burden to sustain her discovery objections to Request Nos. 17, 18, and 20. For these reasons, Plaintiff's Objections should be rejected.

### C. Even if Plaintiff Had Made Specific Discovery Objections, Inteliquent's Request Nos. 17, 18, and 20 Seek Relevant and Proportional Documents

#### 1. *Plaintiff's Prior TCPA Case Materials*

Plaintiff's argument that materials from her prior TCPA cases are not relevant in this case because she alleges a novel theory of TCPA liability is nonsensical. Plaintiff's legal theory is novel in that she seeks to hold intermediate carriers liable under the TCPA; *however*, Plaintiff still must satisfy the same elements and Inteliquent still has access to the same defenses available in a traditional TCPA case. Request Nos. 17 and 18 can—and will, in the case of the examples provided by Co-Defendant Lumen, *see* ECF at 422, p. 1-2—lead to the discovery of relevant documents or information such as evidence that would contradict Plaintiff's allegations against Inteliquent and are directly probative of Inteliquent's defenses and other key issues, including

Plaintiff's standing under the TCPA, and Plaintiff's assertion that she is an appropriate class representative.

Moreover, Plaintiff fails to acknowledge in her Objections that Inteliquent has no way of accessing Ms. Mey's prior case materials that are not available on public dockets, an issue which Magistrate Judge Mazzone explicitly addressed in his Order:

> [Plaintiff] states that she has been involved in an estimated 25-50 TCPA litigations, but that she 'does not have a list of each such litigation.' Plaintiff further asserts that this information is a matter of public record, seemingly indicating that Defendant can and should search for and compile this information itself. The Court disagrees. The public record is vast. **<u>Plaintiff is in a much better position than Defendant to know when and where Plaintiff has participated in litigation</u>** . . . <u>[and] there are likely documents which are not a part of the public record, and which are a part of these cases materials, i.e. Plaintiff's answers to discovery and deposition testimony, and the like</u>.

*See* pp. 3-4 (emphasis added).

Plaintiff also fails to provide any details or evidence in support of her argument that the prior case materials sought by Request Nos. 17 and 18 are unduly burdensome beyond vaguely referencing her "extensive history as a consumer advocate" and the fact that some of these documents are housed with her prior counsel. *See* ECF 415 at p. 12. These unsupported claims are insufficient to sustain her burden objection. *See e.g., A.Hak Indus. Servs. BV v. TechCorr USA, LLC*, 3:11-cv-74, 2013 WL 5244507 at *4 (N.D. W.Va. Sept. 18, 2013) ("A party objecting to a discovery request on the grounds that it is overly broad and burdensome must submit affidavits or other evidentiary proof showing exactly why the time or expense involved in responding to the request presents an undue burden.").

### 2. *Plaintiff's Prior TCPA Recovery*

Request No. 20 seeks documents sufficient to show the total recovery Plaintiff has received for her prior TCPA claims, litigated or otherwise. Plaintiff's offered compromise—to

7

provide an estimate within the nearest $100,000 of litigated TCPA cases—is insufficient because it fails to provide the requested information about *non*-litigated cases, namely pre-litigation demands.

Documents reflecting the recovery Plaintiff has received for prior TCPA claims, litigated or otherwise, are relevant to key issues such as Plaintiff's standing under the TCPA, including Plaintiff's claim that she and her attorneys are not enmeshed in conflicts or other issues that make her an inadequate class representative. Additionally, settlement agreements are responsive to this Request, revealing entities against which Plaintiff has released her claims. Because Plaintiff alleges she does not know the identity of the all-zero caller, her TCPA claims could have been released in past settlement agreements. This is directly relevant to Plaintiff's claims against Inteliquent.

As previewed, *supra*, *Venture Data* and the other cases Plaintiff cites in support of her objection to Response No. 20 are inapposite. *Venture Data*'s procedural posture and facts are different than the present case and dispute. Moreover, *Venture Data* was litigated almost five years ago. Inteliquent has no idea what discovery the defendants in *Venture Data* sought or the defenses pursued. Inteliquent has a right to pursue its own arguments and defense, regardless what may or may not have been argued and decided in the *Venture Data* cases. Additionally, Plaintiff has five years' worth of new documents and information now in her possession. Plaintiff's attempt to snub Inteliquent's discovery requests based on that case and other cases with Your Honor should not be allowed as Inteliquent deserves a fair chance to obtain evidence relevant to the claims and defenses in this case.

Regarding the other cases Plaintiff cites in support, in *Cunningham v. Rapid Response Monitoring Services, Inc.,* the court rejected a defendant's motion to dismiss argument that a

plaintiff did not have standing merely because of the number of TCPA cases the plaintiff previously filed. 251 F. Supp. 3d 1187, 1195 (M.D. Tenn. 2017). This decision says nothing about what information from a plaintiff's prior TCPA cases is relevant and discoverable.

*Martin v. Bureau of Collection Recovery* is also a motion to dismiss case. No. 10 C 7725, 2011 WL 2311869 at *4 (N.D. Ill. June 13, 2011). In *Martin* the court rejected the defendant's argument that the fact that the plaintiff was considered a "professional plaintiff," *alone* did not boost the defendant's argument that the plaintiff's motion should be denied or arguments that a putative class should not be certified. *Id.* Notably, this decision says nothing about what information from a plaintiff's prior TCPA cases is relevant and discoverable.

*Charvart v. EchoStar Satellite, LLC* and *Universal Underwriters Insurance Co. v. Lou Fusz Automotive Network, Inc.,* address issues relating to federal-question jurisdiction and liability coverage under a multi-part insurance policy, respectively. 630 F.3d 459, 461 (6th Cir. 2010); 401 F.3d 876, 881 (8th Cir. 2005). Once again, neither decision addressed any issues related to what information may be relevant and discoverable in a TCPA case.

Finally, in *FTC v. Lifewatch Inc.*, the court denied a defendant's motion to strike in part and denied as moot in part and granted a motion for a preliminary injunction filed by the Federal Trade Commission and the Attorney General of Florida. See 176 F. Supp. 3d 757 (N.D. Ill. 2016). The case is also irrelevant because it neither considered nor addressed whether documents and information from a plaintiff's prior TCPA litigation records may be relevant and discoverable in subsequent litigations.

### III. CONCLUSION

For the foregoing reasons, Inteliquent respectfully requests that the Court overrule Plaintiff's objections as to Inteliquent's Request Nos. 17, 18, and 20, and affirm Magistrate Judge Mazzone's Order.

| | |
|---|---|
| Dated: June 22, 2022 | */s/ M. David Griffith* <br> Bryant J. Spann (WVSB #8628) <br> M. David Griffith, Jr. (WVSB #7720) <br> THOMAS COMBS & SPANN, PLLC <br> 300 Summers Street, Suite 1380 <br> Charleston, West Virginia 25301 <br> Phone: (304) 414-1800 <br> Fax: (304) 414-1801 <br> bspann@tcspllc.com <br> dgriffith@tcspllc.com <br><br> Ezra D. Church (admitted *pro hac vice*) <br> Natalie M. Georges (admitted *pro hac vice*) <br> MORGAN, LEWIS & BOCKIUS LLP <br> 1701 Market Street <br> Philadelphia, PA 19103 <br> Phone: 215.963.5710 <br> Fax: 215.963.5001 <br> ezra.church@morganlewis.com <br> natalie.georges@morganlewis.com <br><br> *Attorneys for Defendant Inteliquent, Inc.* |