**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF WEST VIRGINIA**

**WHEELING DIVISION**

**DIANA MEY, individually**
**and on behalf of a proposed class,**

      **Plaintiff,**

**v.**                             **Civil Action No. 5:19-cv-00237-JPB**

**ALL ACCESS TELECOM, INC., et al.,**

      **Defendants.**

**PLAINTIFF'S RESPONSE TO LUMEN DEFENDANT'S MOTION TO COMPEL**
**RESPONSES TO REQUEST FOR ADMISSIONS AND RELATED DISCOVERY**

      Plaintiff's original responses to Lumen's second set of discovery justifiably stated she could neither admit nor deny Lumen's requests and contention interrogatories because Lumen has not yet produced any substantive discovery — no call detail records ("CDRs") showing all fields of data known to Lumen at the time of the Subject Calls to Plaintiff or putative class members, no substantive documents, and no depositions. For good reason, courts generally view contention interrogatories before discovery is substantially complete as premature and best answered once the record is more fully developed. *Pauley v. CNE Poured Walls, Inc.*, 3:18-cv-01508, 2019 WL 3226996, at *1 (S.D. W. Va. July 17, 2019) (denying a contention interrogatory in a case where expert reports were not yet exchanged).

      Nonetheless, in the interest of avoiding another discovery dispute, Plaintiff has supplemented her responses, still admitting what can be admitted, and still denying what must be denied (while providing full explanations as requested in the accompanying interrogatories), while  reserving all rights to supplement based on further factual development. *See* Exhibit 1.

1

Plaintiff respectfully submits the supplemental responses address all issues presented by Lumen's motion, and the motion to compel is moot.

> **A. Plaintiff has fully and satisfactorily responded to all of Lumen's discovery requests, including the Requests for Admission, mooting Lumen's motion to compel additional responses.**

Courts moot motions to compel answers to requests for admissions where a sufficient response has been provided. *See e.g.*, *Stevens v. Federated Mut. Ins. Co.*, No. 5:05-CV-149, 2006 WL 2079503, at *6 (N.D.W. Va. July 25, 2006) (denying a motion to compel certain requests for admissions as moot because the party admitted to the RFA in their amended answers). Plaintiff's responses moot Lumen's Motion because the relief that Lumen seeks under Rule 36 — to obtain a sufficient answer to its request for admission — has been achieved. *See* Fed. R. Civ. P. 36(a)(6).

In answering a request for admissions, the responding party has four options: (1) admit, (2) deny, (3) "specify the part admitted and qualify or deny the rest," (4) "state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4).  "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.*  In accordance with the rules, Plaintiff in her initial discovery responses chose option four and answered with a detailed explanation for why they could not truthfully admit or deny.  In the spirit compromise, Plaintiff has provided supplemental answers that admit or deny the RFAs outright and provide a detailed explanation for those answers in the accompanying interrogatories.

Below are the requests at issue and Plaintiff's supplemental response to each, as well as Plaintiff's thorough explanation of her answers in the accompanying interrogatories.

2

**RFA No. 1:** Admit that the telephone numbers listed in the Exhibit A <u>are not</u> "unassignable numbers" as that term is used in the Fourth Amended Complaint.

**Supplemental Response:** Admitted in part and denied in part.  Plaintiff admits that the numbers in Exhibit A are not unassignable numbers as they have been assigned to a provider and are associated with the organizations described below:

1. 48 (22) 504-2000: This number is listed on the internet as the after-hours emergency number for the American Citizens Services Unit of the U.S. Embassy and Consulate in Poland and is assigned to the provider Orange Polska.
2. 48 (12) 424-5100: This number is listed on the internet as the number for the U.S. Consulate General in Krakow, Poland and is assigned to Orange Polska.
3. 48 (61) 851-8516: This number is listed on the internet as the number for the U.S. Consulate in Poznan, Poland and is assigned to the provider Orange Polska.
4. 48 (53) 914-7850: This number is listed on the internet as the after-hours number for the Welcome Center for refugees entering Poland from the Ukraine and is assigned to T-Mobile Polska.
5. 48 (22) 628-6930: This number is listed as the number for the UN Refugee Agency and for Ukrainian refugees in Poland to call for information on seeking asylum and is assigned Orange Polska.
6. 48 (54) 233-4000: This number is listed as a number for a hospital in Wlocalwek, Poland and is assigned to Orange Polska.
7. 48 (54) 414-4439: This number listed as a number for a law enforcement department in Wloclawek, Poland and is assigned to Netia.
8. 48 (54) 232-0805: This number was listed on the internet as a number for the state fire brigade and is assigned to Orange Polska.

However, Plaintiff denies that the phone numbers in Exhibit A are "not 'unassignable numbers' as that term is used in the Fourth Amended Complaint." Please see Plaintiff's answer to Interrogatory No. 18 for a complete explanation of the basis for this denial.

**Interrogatory No. 18:** With respect to each of Lumen's Requests for Admission that You do not admit in full, identify the basis for your contention that the Request should not be admitted in full, state all relevant and material facts that support your contention, and identify any documents that support, relate, or pertain to such facts.

**<u>Supplemental Response to Interrogatory No. 18  on RFA No. 1:</u>**

Plaintiff denies that the phone numbers in Exhibit A are not unassignable numbers as defined in the Fourth Amended Complaint. Plaintiff provides the below responses without benefit of relevant discovery and expert reports, and with the understanding that (1) class definitions are subject to modification at any time (*See Krakauer v. Dish Network, L.l.C.,* 925 F.3d 643, 652 (4th Cir. 2019) (affirming class certification and judgment, and noting the district court "modified the class appropriately" as the case progressed), and (2) Plaintiff's deadline for class certification motion is February 15, 2023. Plaintiff reserves all rights to modify these responses if required.

The Fourth Amended Complaint paragraph 89 defines an "unassignable number" as a number:

> *that cannot be assigned under the North American Numbering Plan to any provider*, and includes, but is not limited to, numbers (a) that include any area code ending in 11 (such as 911 or 411); (b) *that lack a valid international code* but contain any number of digits other than ten (such as 485-421-5423-4); (c) that are single digit repeated (such as 000-000-0000, or 111-111-1111), except 888-888-8888; (d) that purport to be from area codes of 200 and below (for example, 199 and 112); (e) that purport to be from repeating digit area codes (such as 555, 444), except 888; or (f) any area code with a "9" in the second digit (for example, 392).

*Id.* (emphasis added).

While the Exhibit A phone numbers appear to be valid phone numbers in their home country of Poland, they "cannot be assigned under the North American Numbering Plan" because they are phone numbers from a country outside the countries included in the NANP. The NANP is the numbering plan for the public switched telephone network for the United States, Canada, and some Caribbean countries. The class definition does not distinguish between assignable and unassignable phone numbers that are from countries and territories outside of the NANP or distinguish between assignable and unassignable numbers that *have* a valid international code.  Because the NANP does not govern how numbers are assigned in countries and territories outside of NANP, and the current definition does not distinguish between valid and invalid numbers in countries and territories outside of NANP, Plaintiff is not alleging and does not contend that calls from numbers such as those in Exhibit A *categorically* fall within the class definition.

*Valid* international calls are different from domestic calls that spoof, or masquerade behind, an international number.  For example, two consumers could receive calls that both purport to be from 48 (12) 424-5100, the number listed in Exhibit A for the U.S. Consulate General in Krakow, Poland, but one call would

4

fall within the class definition and the other would not. To illustrate, the first call — a valid international call made from the U.S. Consulate General in Poland — would not fall within the class definition because the CDR fields and SIP routing information would indicate that it was a valid international call. The second — a domestic spoofer pushing a Medicare scam masquerading behind the same number — would fall within the class definition because its CDR fields would lack a valid international code and the SIP routing information would indicate whether the call originated domestically or internationally. In both instances, the number that appears on the caller ID would be the same facially unassignable number under the NANP. But it is the information contained in the CDRs — *available and known to Lumen* — that provides the necessary details for parsing two otherwise facially valid international calls. *See also* Pl.'s Resp. to Int. No. 19 for further explanation relevant to Pl.'s Resp. to RFA 1.

On the surface, Lumen's RFA No. 1 may appear to be straightforward.  However, the question it presents is not whether the numbers in Exhibit A are assignable — that is, whether they can be assigned to an individual or organization. Nor is the question presented in RFA 1 whether the numbers are facially valid Polish numbers. Lumen's RFA asks a different question than the one they argue about in their Motion: Whether the numbers in Exhibit A are assignable under Plaintiff's definition of an unassignable number. *See* Fourth Am. Compl.¶ 89. As explained in the response quoted in full above, Plaintiff's definition requires an analysis of what Lumen knew at the time the call was made, which includes in part looking at Lumen's very basic Call Detail Records (CDRs) (which Plaintiff still does not have). Plaintiff's definition was known to Lumen for quite some time, long before it propounded these RFAs. Indeed, Plaintiff has told Lumen repeatedly that the CDRs were extremely important to Plaintiff because that information is critical to determining whether calls give rise to liability and fall within the class definition of an unassignable number.

The ruling sought by Lumen — that RFA No. 1 be admitted in full, *i.e.*, that the numbers in Exhibit A are assignable numbers under the current definition in the complaint — is unjustified and would result in an inaccuracy. According to the class definition, to determine

whether a number from a country outside of the NANP is assignable would require evaluating

CDRs.  Since the information in Exhibit A only provides a phone number rather than an example

of a call that was actually made with those phone numbers appearing on a caller ID, there is

incomplete information to assess whether they are unassignable numbers as that term is used in

the complaint.  Plaintiff was justified in answering in its initial response that it did not have all of

the information to determine whether the Exhibit A numbers were assignable in accordance with

the definition in the complaint.  Plaintiff is also justified in its partial denial in their supplemental

response based on the definition in the complaint for the same reason.  The Court should thus

deem that Plaintiff's revised answers sufficiently satisfy the requirements under Rule 36 and

deny Lumen's motion as moot.

> **RFA No. 2:** Admit that all telephone numbers originating outside of the countries and territories listed in 47 CFR 52.5(d) <u>are not</u> "unassignable numbers" as that term is used in the Fourth Amended Complaint.

> **Supplemental Response:** Denied. Please see Plaintiff's response to Interrogatory No. 18 for a complete explanation of the basis for this denial.

> **Interrogatory No. 18:** With respect to each of Lumen's Requests for Admission that You do not admit in full, identify the basis for your contention that the Request should not be admitted in full, state all relevant and material facts that support your contention, and identify any documents that support, relate, or pertain to such facts.

> **Supplemental Response to Interrogatory No. 18 on RFA No. 2:** Plaintiff denies that *all* calls from telephone numbers originating outside of the countries and territories listed in 47 CFR 52.5(d) (the North American Numbering Plan) are from assignable numbers.  Too, it would be inaccurate to say *all* calls from telephone numbers purporting to originate from the countries and territories within the NANP are assignable.

A ruling that RFA No. 2 be admitted in full, *i.e.*, that all numbers outside of the NANP

are assignable numbers under the current definition in the complaint, is again unjustified and

would result in inaccuracy. It is simply untrue to say that *all* numbers that appear to be outside

6

the NANP are assignable. The Court should deem that Plaintiff's revised answers sufficiently

satisfy the requirements under Rule 36 and deny Lumen's motion as moot.

>**RFA No. 3:** Admit that telephone numbers with valid international country codes and that comply with E. 164 format <u>are not</u> "unassignable numbers" as that term is used in the Fourth Amended Complaint.

>**Supplemental Response:** Admitted in part and denied in part. Plaintiff admits that some phone numbers with a valid international country code and comply with the E.164 format are not unassignable numbers.

>Plaintiff denies that *all* phone numbers with a valid international country code and comply with the E.164 format are assignable numbers. Please see Plaintiff's response to Interrogatory No. 18 for a complete explanation of the basis for this denial.

>**Interrogatory No. 18:** With respect to each of Lumen's Requests for Admission that You do not admit in full, identify the basis for your contention that the Request should not be admitted in full, state all relevant and material facts that support your contention, and identify any documents that support, relate, or pertain to such facts.

>**Supplemental Response to Interrogatory No. 18 on RFA No. 3:** Plaintiff denies that all phone numbers with a valid international country code and that comply with the E.164 format are assignable numbers. The E.164 format does not provide a complete definition of an unassignable number, but merely provides a format for potentially valid phone numbers, which encompasses, but is broader than the NANP format. Plaintiff could always amend her complaint to clarify the class definition and make it even more clear that she is not alleging that all calls from numbers outside of NANP that conform with the E.164 format fall within the class definition.

A ruling that RFA No. 3 be admitted in full, *i.e.*, that all numbers outside of the NANP

are assignable numbers under the current definition in the complaint, would also be inaccurate

and unjustified.  It is untrue to say that all numbers that conform with the E.164 format, *e.g.*,

having 8 to 15 digits, are assignable numbers.  The subject call is an example of a number that

disproves the statement that Lumen asks Plaintiff to admit.  The subject call number conforms to

the E.164 format but is an unassignable number according to the class definition because, as

explained above, it lacked a valid international code. Plaintiff's supplemental responses thus

more fully answer Lumen's RFA No. 3. As such, the Court should deem that Plaintiff's revised

answers sufficiently satisfy the requirements under Rule 36 and deny Lumen's motion as moot.

**B. Plaintiff's supplemental interrogatory responses moots Lumen's request for answers to these interrogatories.**

Rule 34 requires that an interrogatory response be answered separately and in full, to the

extent it is not objected to. Fed. R. Civ. P. 34(b)(3). Plaintiff initially objected to answering the

interrogatories on ground that Lumen exceeded its allotted number of interrogatories under the

Rule. In an effort to streamline discovery and avoid discovery disputes, despite Defendant not

requesting permission from this Court to exceed the permitted number of interrogatories,

Plaintiff has agreed to respond to Interrogatories numbered 18-20 by answering each question in

detail in its supplemental response, without waiving any such objection for future interrogatories.

Much of the information provided by Plaintiff in these responses required hours of

analysis of the limited discovery produced thus far. Still, there have been no depositions taken

and Lumen's discovery productions remain wholly deficient as they have not provided the most

fundamental discovery including CDRs, ESI, and other responsive documents. Expert reports

have also not been completed or exchanged in this case. Despite all this, Plaintiff made an

exhaustive effort to answer these interrogatories. Thus, these interrogatories should be deemed

as answered under the rules, and Lumen's motion seeking further answers is moot.

As demonstrated above, Plaintiff gave a detailed explanation of the reasons for admitting

or denying each of the three RFAs at issue in response to Interrogatory No. 18. Plaintiff

similarly gave a detailed response to Interrogatory No. 19.

> **Interrogatory No. 19:** For any telephone numbers listed in Exhibit A
> to Lumen's First Requests for Admission which You admit are not

"unassignable numbers" as the term is used in the Fourth Amended Complaint, identify any all differences between those telephone numbers and 48 (54) 215-4234.

**Supplemental Answer:** There are numerous differences between the Exhibit A telephone numbers and class telephone numbers such as those purporting to be from 485-421-5423-4.

First, the Exhibit A telephone numbers are associated with legitimate agencies, whereas the persons who called Plaintiff were conducting an unlawful Medicare telemarketing scam in violation of the TCPA.

Second, unlike the facially valid numbers in Exhibit A, the number 485-421-5423-4 is reserved by the Polish Office of Electronic Communications and cannot be assigned. Office of Electronic Communications, Fixed Public Telecommunications Networks: Numbering Management Tables for Fixed Public Telecommunications Network (PSTN), *available at* https://numeracja.uke.gov.pl/en/pstn_tables (last accessed July 28, 2022).

Third, Lumen's Billing Detail Records for the Subject Calls show they originated from Dallas, Texas and Raleigh, North Carolina, not Poland. Below is an abbreviated snapshot of LUMEN0003073, which is an excel sheet that contained over 280 columns.

| auth_code | __orig_city_ | __orig_state_ | __term_city_ | __term_state_ | __mou_ | __beg_date_ |
|---|---|---|---|---|---|---|
| 48542154234 | RALEIGH | NC | WHEELING | WV | 0.4 | 1/4/2019 |
| 48542154234 | DALLAS | TX | WHEELING | WV | 0.5 | 12/15/2018 |
| 48542154234 | DALLAS | TX | WHEELING | WV | 0.3 | 3/6/2019 |

Fourth, and relatedly, the raw CDRs also will also show the calls were domestic, not international calls. Fields in the raw CDRs — fields that upon information and belief were available to Lumen — reflect that the subject calls originated domestically, not internationally. Plaintiff asserts this latter point because AT&T records of the Subject Calls do not appear on the AT&T "International Report" for the Plaintiff; the International Report logs calls to its customers from international numbers. Irrespective of the location of the caller, a legitimate call from an international number would appear on this International Report and the CDRs, including SIP routing information, would verify its legitimacy as such. *See* AT&T Records Key for "OrigCountry," MEY_001227 (identifying "[t]he country the call originated from based on NPA-NXX of the party that placed the call"). Despite the fact that the 485-421-5423-4 number was used to call Ms. Mey six times from December 2018 to March 2019, Ms. Mey's AT&T International Report from May 5, 2017, to March 15, 2019, does not show any calls from that number. MEY_001218. As explained above in Plaintiff's

response to Interrogatory No. 18, the phone numbers listed in Exhibit A could be spoofed by a domestic scammer and the CDR fields allow Lumen and Plaintiff's expert to parse legitimate calls from invalid calls. As one concrete example, the legitimate international calls to Ms. Mey would appear on her AT&T International Report.

These answers, again provided without the benefit of any discovery, are sufficient, and Lumen's motion seeking further answers is moot.

Plaintiff also adequately supplemented her answer to Defendant's Interrogatory No. 20:

> **Interrogatory No. 20:** Identify the basis for your contention that the alleged spoofer used an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1) and *Facebook v. Duguid*, to place the calls you allegedly received that are the subject of this matter, state all relevant and material facts that support your contention, and identify any documents that support, relate, or pertain to such facts.

> **Supplemental Answer:** This is a premature contention interrogatory to which Plaintiff cannot respond without substantial discovery that has not yet been made available in this case. *Taggart v. Damon Motor Coach*, 5:05-CV-00191, 2007 WL 152101, at *8 (N.D.W. Va. Jan. 17, 2007) (contention interrogatories should not be served until near the end of the discovery period and after significant discovery has occurred). To date, Lumen has not produced any documents related to the subject calls, any raw CDRs, or any other relevant documents or information necessary for Plaintiff to undertake the necessary analysis and identify supporting documents or facts. No depositions have been taken. Finally, the response to this interrogatory will require expert analysis of the discovery materials that have not yet been made available. Plaintiff will supplement this response as discovery progresses. *See* Fourth Am. Compl. ¶¶ 77–86 (detailing nearly six pages of allegations that Defendants made the calls using an ATDS), attached as Exhibit 1.

This is a pure contention interrogatory. As discussed in *Taggart*, a contention interrogatory should not be used until near the end of the discovery period. 2007 WL 152101, at *8. "[A] party serving contention interrogatories before substantial discovery has occurred bears the burden of showing why they should be answered." *Id.* (citing *Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93, 96 (E.D.Pa.1992); *see also Pauley v. CNE Poured Walls, Inc.*, 3:18-cv-01508, 2019 WL 3226996, at *1 (S.D.W. Va. July 17, 2019) ("[I]n cases where the parties

anticipate the production of 'an expert report which will touch on the very contentions at issue, the court should normally delay contention discovery until after the expert reports have been served, which may then render moot any further contention discovery.'") Plaintiff has sufficiently supplied all currently known facts — which the district court deemed sufficient to state a claim that the calls were placed using an ATDS — in support of its ATDS allegation. Additional discovery, including an analysis of Lumen's CDRs and consultation with experts is necessary to present all facts that support Plaintiff's theory that the spoofer used an automatic telephone dialing system.  Plaintiff's supplemental response to all three interrogatories at issue satisfy the Rule on answering interrogatories, and Lumen's motion seeking further interrogatory answers is moot.

### C.  Plaintiff's supplemental response to Request for Production No. 53 moots Lumen's request to compel those responses.

Lumen's Request for Production No. 53 seeks documents in support of its RFA responses. ECF No. 440-4. Lumen's motion asserts that Plaintiff's responses are inadequate because she must state whether she has documents or not.  ECF No. 440 at 23. Plaintiff did, in her initial response identify the audio files of the subject calls as responsive to the RFPs.  In her supplemental responses, Plaintiff has identified additional responsive documents to support its supplemental RFAs and related interrogatories, including Exhibit 2, thus mooting Lumen's motion to compel Plaintiff to produce responsive documents.  *See Sprenger v. Rector and Bd. of Visitors of Virginia Tech*, No. 7:07-cv-502, 2008 WL 11514936, at *1 (W.D.Va. July 10, 2008) (denying a motion to compel as moot where a response was provided to a subpoena).

As the Defendant acknowledges, Ms. Mey is not the person with the documents to prove what Lumen knew at the time the subject call was made.  What would have been obvious to

11

Lumen is something that can only be uncovered after Lumen provides Plaintiff with its outstanding discovery including CDRs, and internal communications. Ms. Mey's initial and supplemental response to this RFP sufficiently reflects the documents that she has in her custody, possession, or control to respond to this request. What's missing are Lumen's documents. Ms. Mey has also already disclosed all of the documents that she used to respond to the RFAs in her citations to the audio recordings of the scam calls themselves (MEY_000001 – MEY_000010), Exhibit 2, the AT&T international report (MEY_001216, MEY_001227).

### D.  Plaintiff's responses to Lumen's additional interrogatories moots Lumen's request to compel those responses.

The Rule limits a party to 25 interrogatories.  Fed. R. Civ. P. 33(a)(1). Parties sometimes seek to evade these limits by packing discrete subparts into a single interrogatory.  The Committee changed its rules in 1993 specifically to explain that each interrogatory and their subparts must be of the same subject in order to prevent litigants from taking advantage of the numerical limitations of the interrogatories. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, No. 1:00CV00113, 2002 WL 534459, at *2 (W.D. Va. Mar. 18, 2002) ("The advisory committee's notes explain that litigants are not allowed to circumvent this limitation by the use of subparts to an interrogatory that concern 'discrete separate subjects.'").  By Plaintiff's count, Lumen has far exceeded the number of interrogatories, and Plaintiff stated that objection in her responses to Interrogatory Nos. 18 through 20. During the parties' meet-and-confer, Lumen never explained how its interrogatories complied with the rules' limitations and cited no authority in its single letter to Plaintiff or during its single telephone call before filing its motion. In fact, during the meet-and-confer process, Lumen's argument regarding the permitted number of interrogatories was not to contest that it exceeded the number of interrogatories, but to assert

12

that by waiving the objection in her responses to Lumen's first set of discovery, Plaintiff had somehow waived the objection going forward. This amounts to an assertion that somehow Plaintiff had waived objections to interrogatories that haven't even been served yet — a point for which Lumen could cite no authority.

Regardless, to avoid another discovery dispute with Lumen, Plaintiff has elected to answer the interrogatories, and has done so in a detailed and fully responsive manner. By answering these interrogatories, the issue of whether Plaintiff's initial objection that Interrogatories Nos. 18-20 exceed the number of permissible interrogatories is moot.

### E.  Defendants Should Not Be Awarded Costs and Attorneys' Fees.

The Lumen Motion seeks expenses and attorneys' fees based on the false premise that the RFAs concern "basic observable facts" akin to exterior features in "a parking lot." Mot. 24. Thus, Lumen contends that Plaintiff's responses were not substantially justified. In support, Lumen mischaracterizes Plaintiff's allegations and legal theories, which have been discussed in depth during numerous meet-and-confer colloquies.  Lumen props up its argument by inaccurately stating that the class definition is "based on 'unassignable' telephone numbers displaying the caller ID" "simply because they have more than the 10 digits permitted under NANP." Mot. 24. But that hollow contention is undone by Lumen's own RFAs, which are expressly tied to the definition of "'unassignable numbers' *as that term is used in the Fourth Amended Complaint*." Mot. 10 (emphasis added). As explained above, "unassignable numbers, as that term is used in the Fourth Amended Complaint" includes much more than the displayed caller ID and necessarily implicates information that is only available in the detailed CDRs that Lumen has yet to produce. *See* Fourth Am. Compl. ¶¶88–89.

13

Moreover, as demonstrated in Plaintiff's initial responses, her supplemental responses, and this brief, the RFAs are not as simple as Lumen makes them out to be, and Plaintiff is not suggesting that Lumen ought to "block all international calls," as Lumen portends. The devil is in the details, Lumen knows it, and perhaps that is why it has still refused to produce CDRs for the subject calls.

Under Rule 37(a)(5), "the court must not order [] payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

Lumen's request for fees does not meet this test.  Lumen's motion is the first time that Plaintiff learned that Lumen did not mean what it said in its RFAs. Despite writing that the term "unassignable numbers" is to be applied "as that term is used in the Fourth Amended Complaint," Lumen manufactures a dispute premised on a different and much more simple question it didn't ask: whether the numbers listed in Exhibit A appear to be facially valid Polish numbers. They do, but that was not the question posed by the RFAs. And that change in what Lumen sought by the RFAs was never conveyed in a meet and confer.  Rather, Plaintiff's initial responses to the RFAs and related discovery requests were met with a short letter campaign and one meeting where Lumen did not discuss any misunderstandings or attempt to reach a compromise as to the scope of the requests and avoid the filing of this motion. As explained above and in Plaintiff's supplemental responses, determining whether certain calls fit within the class definition requires much more information than is available by looking at the caller ID. Lumen's demand for fees thus fails under the first prong of the Rule 37 analysis because they did not meet in good faith to attempt to resolve the discovery dispute as they now characterize it.

Second, Plaintiff's initial responses were substantially justified and were the subject of great deal of discussion, debate, and multiple conferences with experts. Because the complaint is not just about facially invalid numbers, Plaintiff's initial response clarified that to determine whether a number is "unassignable" as that term is used in the Complaint — which "include[s] 11-digit numbers 'that lack a valid international code'" — she must have more than just the phone number. This case is about invalid calls, not phone numbers, and Plaintiff's initial response tied the question as best she could to the allegations and definitions in the Complaint. That is, the phone number alone is insufficient to determine whether a call includes a valid international code. But with the clarification provided for the first time in Lumen's motion, Plaintiff can — and did — answer that the numbers listed in Exhibit A appear to be facially valid Polish numbers.  In light of Lumen's effort to move the goal posts and backtrack from the plain language of their RFAs, Plaintiff's initial responses were substantially justified and explained in detail why she could not admit or deny the request. Thus, Defendants' motion fails under the second prong of the Rule 37 analysis.

Finally, in this unprecedented case that raises novel issues that regularly implicate highly technical information that is mostly the territory of experts with respect to analyzing data compiled by Defendants and the telecom industry, it would be unjust to award fees and costs. Plaintiff is not withholding information and has answered these discovery requests in good faith and explained the basis for those responses, even if Lumen does not like them, does not deem them sufficient, or if Plaintiff did not answer questions as Lumen now presents for the first time in its motion.

Dated: July 29, 2022

*/s/ John W. Barrett*
John W. Barrett (WV Bar No. 7289)
Jonathan R. Marshall (WV Bar No. 10580)
Benjamin J. Hogan (WV Bar No. 12997)
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301
Telephone: 304-345-6555
Facsimile: 304-342-1110
JBarrett@baileyglasser.com
JMarshall@baileyglasser.com
BHogan@baileyglasser.com

Yvette Golan (admitted *pro hac vice*)
THE GOLAN FIRM PLLC
529 14th Street, NW, Suite 914
Washington, DC 20045
Telephone: 866-298-4150 ext. 101
Facsimile: 928-441-8250
YGolan@tgfirm.com

William Howard (admitted *pro hac vice*)
Amanda Allen (admitted *pro hac vide*)
THE CONSUMER PROTECTION FIRM
401 East Jackson Street, Suite 2340
SunTrust Financial Center
Tampa, FL 33602
Telephone: 813-500-1500
Facsimile: 813-435-2369
Billy@TheConsumerProtectionFirm.com

*Counsel for Plaintiff*

16

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

### Wheeling Division

**DIANA MEY, individually**
**and on behalf of a proposed class,**

     **Plaintiff,**

**v.**                                 **Civil Action No. 5:19-cv-00237-JPB**

**ALL ACCESS TELECOM, INC. et al.,**

     **Defendants.**

### <u>CERTIFICATE OF SERVICE</u>

I, John W. Barrett, hereby certify that on July 29, 2022, I caused to be filed the foregoing

**PLAINTIFF'S RESPONSE TO LUMEN DEFENDANT'S MOTION TO COMPEL**

**RESPONSES TO REQUEST FOR ADMISSIONS AND RELATED DISCOVERY** with the

Clerk of Court using the CM/ECF system, which caused a true and accurate copy to be served

upon all attorneys of record.

                                        /s/ John W. Barrett
                                        John W. Barrett (WV Bar No. 7289)