IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DIANA MEY, individually
and on behalf of a proposed class,**

    Plaintiff,

v.                                                              Civil Action No. 5:19-cv-00237-JPB

**ALL ACCESS TELECOM, INC., et al.**

    Defendants.

## MOTION FOR SANCTIONS AND TO COMPEL COMPLIANCE WITH COURT ORDER AND JOINT AGREEMENT

    Under Federal Rule of Civil Procedure 37(b)(2)(A) Plaintiff asks this Court to order Defendant Bandwidth, Inc. to comply with Magistrate Mazzone's March 23, 2022 Order (ECF No. 341)—compelling it to produce call detail records—and its own joint agreement it submitted to this Court. ECF No. 385. Despite that Order and Bandwidth's representations to the Court, it has not produced a single call detail record to date. Thus, Plaintiff also moves for sanctions "staying further proceedings until the order is obeyed" and any other sanctions the Court deems appropriate. Fed. R. Civ. P. 37(b)(2)(A)(iv). Bandwidth's delay is discovery denied and is highly prejudicial to Plaintiff as it prevents her from proving her case and meeting the deadlines set forth in the Court's scheduling order.

    In support, Plaintiff states:

    1.    On September 9, 2021, Plaintiff served discovery requests to Bandwidth. Pertinent to this Motion, Plaintiff made the following Requests for the Production of Documents ("RFP"):

        a.    RFP 13:    Please produce Call Detail Records for all calls You transmitted or

1

    received within 12 hours before and 12 hours after each Subject Call(s), regardless of the call duration and regardless of whether the call was completed.

  b. RFP 15: Please produce Call Detail Records Concerning all calls that you received from or transmitted to each entity Identified in response to Interrogatories Nos. 4 or 6, 96 hours before and 96 hours after each Subject Call(s), regardless of the call duration and regardless of whether the call was completed.

  c. RFP 16: Please produce Call Detail Records Concerning all calls purporting to be from the ANI or IP Address of the Subject Call(s) during the class period, regardless of the call duration and regardless of whether the call was completed.

  d. RFP 17: Please produce Call Detail Records Concerning all calls purporting to be from the Caller ID of the Subject Call(s) during the class period, regardless of the call duration and regardless of whether the call was completed.

ECF No. 265 at 19-20, 22-23; ECF No. 199. Plaintiff moved to compel Bandwidth's responses to those Requests. ECF No. 265.

  2. On March 23, 2022, Magistrate Judge Mazzone granted Plaintiff's motion to compel Defendant Bandwidth to produce call detail records in response to Plaintiffs' Requests for Production Nos. 13, 15–17. ECF No. 341. Concluding that Bandwidth's "argument is without merit," the court held that Plaintiffs requests for call detail records were "relevant" and "not limited to only information regarding the phone numbers" listed in the Complaint because this is a class action, and "[d]iscovery has not been bifurcated." *Id.* at 2–3. The court also noted that the only issue—as "Defendants[] acknowledge[ed]"—was a "fundamental disagreement . . . about the capability of their systems in retrieving the sought-after information." *Id.* at 3. Thus, after ruling that Plaintiff is entitled to the information she seeks in her discovery requests, the court ordered the parties to meet and confer to "discuss and/or resolve issues related to producing the compelled discovery" and to "advise the Court as to the status of these efforts." *Id.*

3. After extensive negotiations, the parties did just that and jointly informed the Court that "Bandwidth has agreed to produce call records and, when call records are unavailable, billing records, responsive to Plaintiff's Request for Production Nos. 13, 15–17." ECF No. 385 at 1.

4. But Bandwidth has failed to comply with its agreement and the Court order. Even more, Bandwidth suddenly claims it reads Request No. 16 as a "disjunctive request, allowing Bandwidth to search either the ANI or IP address." Exhibit A at 2. That is nonsense and contravenes Magistrate Mazzone's Order and Bandwidth's representations to this Court. Not only did Bandwidth fail to raise this new objection to Magistrate Mazzone, it is spurious on its face. Request No.16 asks for "Call Detail Records concerning all calls purporting to be from the ANI or IP Address of the Subject Call(s) during the class period. . . ." The plain reading of the request requires Bandwidth to search for all calls that came from the same ANI as the Subject Call, and to also search for all calls that came from the same IP Address as the Subject Call; the request requires Bandwidth to produce Call Detail Records responsive to both searches. *See Harrison v. Davis*, 478 S.E.2d 104, 114 n.25 (W. Va. 1996) ("We have customarily stated that where the disjunctive 'or' is used, it ordinarily connotes an alternative between the two clauses it connects") (cleaned up)). Just as a request for documents regarding, for example, "policies or procedures" does not give the producing party the option of producing only policy documents and omitting procedure documents, Bandwidth cannot pick and choose here, especially when it failed to raise this new-fangled objection previously and when the Court ordered it to produce all responsive call detail records.

5. Moreover, even if the Court were to accept Bandwidth's newest and erroneous

3

objection, Bandwidth has failed to comply with the Court's March 23, 2022 order at all as it has still not produced *a single* Call Detail Record in response to Request No. 16. Thus, six months later, Plaintiff is still left empty handed. The Court enjoys nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failure to comply with its discovery order. *See Hinkle v. Clarksburg, W. Va.*, 81 F.3d 416, 426 (4th Cir. 1996). Thus, Plaintiff requests the Court exercise that discretion and impose appropriate sanctions—the most modest of which would be to stay the proceedings until Bandwidth produces the discovery that is long overdue to prevent irreversible prejudice to Plaintiff. *See, e.g.*, Fed. R. Civ. P. 37(b)(2)(A)(iv).

6. Under Federal Rule of Civil Procedure 37(b)(2)(A), the Court "may issue further just orders" when a party fails to obey an order to provide discovery under Rule 37(a), a motion to compel discovery. After over six months of delay and no reasonable explanation for such delay, it is just to order Defendant Bandwidth to produce the remaining Call Detail Records immediately.

7. The Call Detail Records are vital to Plaintiff's case. *See* ECF No. 341 at 2. Therefore, it is also just and appropriate to stay further proceedings until the Court's Order March 23, 2022 and the order granting this motion is obeyed. Fed. R. Civ. P. 37(b)(2)(A)(iv). Plaintiff requests that the Court order Bandwidth, Inc. to certify that they are complete with their production of call detail records before lifting the stay.

## Conclusion

Plaintiff respectfully requests the Court order Bandwidth to produce the Call Detail Records requested immediately, stay proceedings until that order is obeyed, require that

Bandwidth certify completion of their call records production, and impose any other sanctions the Court deems appropriate.

Dated: September 30, 2022

                                            Respectfully submitted,

<u>/s/ John W. Barrett</u>
John W. Barrett (WV Bar No. 7289)
Jonathan R. Marshall (WV Bar No. 10580)
Benjamin J. Hogan (WV Bar No. 12997)
Panida Anderson (admitted *pro hac vice*)
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301
Telephone: 304-345-6555
Facsimile: 304-342-1110
JBarrett@baileyglasser.com
JMarshall@baileyglasser.com
BHogan@baileyglasser.com

William Howard (*admitted pro hac vice*)
Amanda J. Allen (*admitted pro hac vice*)
THE CONSUMER PROTECTION FIRM
401 East Jackson Street, Suite 2340
Truist Place
Tampa, FL 33602
Telephone: 813-500-1500
Facsimile: 813-435-2369
Billy@TheConsumerProtectionFirm.com

Yvette Golan (*admitted pro hac vice*)
THGOLAN FIRM
529 14th Street NW Suite 914
Washington, DC 20045
Telephone: 866-298-4150 ext. 101
Facsimile: 928-441-8250
YGolan@tgfirm.com

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th of September 2022, a copy of Plaintiff's Responses to Defendant Bandwidth, Inc.'s First Requests for Admission to Plaintiff were served upon all counsel of record via CM/ECF.

/s/ John W. Barrett
John W. Barrett (WV Bar No. 7289)
