**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**FILED**

**DIANA MEY, individually and on behalf
of a proposed class,**

**Plaintiff,**

**v.**

**ALL ACCESS TELECOM, INC., et al.**

**Defendants.**

NOV 1 6 2022

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

**CIVIL ACTION NO.: 5:19CV237
(BAILEY)**

<u>**ORDER DENYING PLAINTIFF'S MOTION [481] TO COMPEL**</u>

Currently pending before the Court is Plaintiff's Motion for Sanctions and to Compel

Compliance with Court Order and Joint Agreement, filed September 30, 2022. ECF No. 481. In

said Motion, Plaintiff seeks sanctions against Defendant, Bandwidth, Inc. ("Defendant"), and to

compel Defendant to answer RPD No. 16. By Order, the Court set a briefing deadline of

October 4, 2022. ECF No. 484. The parties extended this deadline through leave of Court.

*See* ECF Nos. 496, 499. The parties filed additional briefing until October 21, 2022.

*See* ECF Nos. 496-1, 502. This issue is now fully briefed. A hearing was held on November 10,

2022. ECF No. 515. After considering the parties' briefs, the applicable law, and the Court file,

and after considering the arguments made during the hearing of November 10, 2022, the Court is

prepared to issue a decision.

**I.      <u>Factual/Procedural History</u>**

This matter arises out of allegedly spoofed robocalls. Specifically with respect to

Defendant, Plaintiff alleges that, on December 25, 2018, and on January 4, 2019, Defendant (with

others) improperly transmitted robocalls from the following number: 485-421-5423-4. Plaintiff

alleges that calls placed from this number were initiated by an Unidentified Spoofer. *See* ECF No. 262 at pgs. 6 and 8.

The instant Motion to Compel [481] relates to Plaintiff's First Set of Discovery, which was propounded in or about September 2021. Based on the representations of the parties during the November 10, 2022, hearing, RPD No. 16 is the only discovery request currently at issue.

## II.   **Arguments of the Parties**

### A. **Plaintiff's Arguments**

Plaintiff argues that, despite attempts to work with Defendant, and despite an agreement between the parties, and a Court Order, Defendant has still not answered RPD No. 16. Plaintiff contends that Defendant has not provided a single call detail record requested by RPD No. 16, and as required by Court Order and the parties' agreement. Plaintiff also argues that, despite Defendant's averments otherwise, Defendant knows the IP Address of the Subject Call, but nevertheless refuses to conduct a search of its records for the same, as Defendant is obligated to do to answer RPD No. 16. Plaintiff requests an Order compelling Defendant to search for the IP Address of the Subject Call and to produce the CDRs which result from that search. Plaintiff also requests sanctions.

### B. **Defendant's Arguments**

Defendant argues that it has complied with the Court's Order and the agreement between the parties, and notes that it has produced over 150 million billing detail records ("BDR")[1] to date. ECF No. 486, at p. 4. Defendant avers that it does not maintain call detail records ("CDR") for all

---

[1] Defendant represented and it appeared to be undisputed that Defendant does not maintain all CDRs for all of the calls transmitted during the class period identified by Plaintiff. Instead, Defendant maintains BDRs and has produced BDRs for calls for which Defendant does not have the CDR.

2

calls transmitted during the time period alleged in Plaintiff's Complaint, which is why it has produced billing detail records.

Defendant also notes that it has produced the CDR of one of the two Subject Calls. *Id.* at p. 5. Defendant argues that Plaintiff's discovery request keeps changing, that Defendant has complied with the original request, but that Defendant cannot comply with Plaintiff's most recent request for Defendant to search for the IP Address of the Subject Call because Defendant does not have the information Plaintiff seeks.

## C. <u>Discussion</u>

Request for Production No. 16 states as follows:

> Please **produce Call Detail Records concerning all calls purporting to be from the ANI or IP Address of the Subject Call(s) during the class period**, regardless of the call duration and regardless of whether the call was completed.

(Emphasis added.)  On January 18, 2022, Plaintiff filed a Motion to Compel, seeking to compel production of documents responsive to RPD No. 16.  ECF No. 265.  On March 23, 2022, the Court entered an Order granting Plaintiff's Motion to Compel.  ECF No. 341.  Following entry of this Order and meetings/negotiations between the parties, the parties entered into a joint agreement wherein Defendant "agreed to produce call records and, when call records are unavailable, billing records, responsive to Plaintiff's Request for Production Nos. 13, 15-17."  ECF No. 385.

Plaintiff argues that Defendant has failed to comply with the Court's Order [ECF No. 341] and the joint agreement [ECF No. 385] because it has failed to provide call detail records. However, according to Defendant, call detail records for the time period at issue are largely unavailable, so Defendant has produced billing records.  Insofar as Defendant has produced billing records in place of unavailable call detail records, the Court would find such an action appropriate according to the agreement of the parties.  *See* ECF No. 385.  In so finding, the Court would note

3

that Plaintiff has put forth no evidence that the call detail records RPD No. 16 requests are available despite Defendant's representations otherwise. There is also nothing to contradict Defendant's representations that it has produced over 150 million billing detail records. Accordingly, and to the extent Plaintiff takes issue with Defendant's production of billing detail records instead of and/or in place of call detail records, the Court is not persuaded by this argument.

Plaintiff next argues that Defendant is obligated to search for both the ANI of the Subject Call and the IP address of the Subject Call, and Plaintiff asks the Court to enter an Order compelling Defendant to conduct such a search. Defendant argues that either the ANI or the IP Address is sufficient under RPD No. 16, as evidenced by the disjunctive "or" in the RPD, and Defendant maintains that it has conducted a search via the ANI, thus complying with RPD No. 16. After considering these arguments, the text of RPD No. 16, and the case upon which Plaintiff relies to support her position, the Court is not persuaded by Plaintiff's argument.

In support of her position, Plaintiff cites *Harrison v. Davis*, 478 S.E.2d 104 (W. Va. 1996), and specifically footnote 25 at p. 114 of the opinion for the proposition that an "or" in discovery requests obligates the target of the discovery to respond to both alternatives connected by "or." In essence, Plaintiff advocates for Defendant and the Court to read the "or" in RPD No. 16 as an "and." *Harrison v. Davis* does not support Plaintiff's position, however. *Harrison v. Davis* states "that where the disjunctive 'or' is used," the same denotes an "alternative between the two clauses it connects." *Id.* According to Merriam-Webster Dictionary, "alternative" means "offering or expressing a choice." Stated a different way, a plain reading of "or" denotes an "either/or" choice. *See Harrison,* 478 S.E.2d at 114, n. 25. Given the foregoing, the Court would find that Defendant's search for records from the ANI at issue satisfies its obligation to respond to RPD No. 16.

Even if the "or" in RPD No. 16 should be read as an "and," the Court would nevertheless find that the evidence demonstrates that Defendant has fulfilled its discovery obligation under RPD No. 16. Plaintiff argues that Defendant chose to search by ANI and ignored Plaintiff's request to search for records using the IP Address of the Subject Call. The evidence does not support Plaintiff's position. To the contrary, correspondence provided to the Court shows that Plaintiff and Defendant have discussed at length searches by IP Address. Throughout these discussions, Defendant appears to have made an effort to obtain the discovery Plaintiff seeks while consistently maintaining that, as an intermediate carrier, it does not know the IP Address of the Subject Call. Defendant has supported this representation with evidence, and specifically sworn statements (an affidavit and deposition testimony) of its expert, James Milko. *See* ECF No. 485-1; 497-5; 497-6. *See also* ECF No. 485-3 (affidavit of Steven Turner). If Defendant does not know the IP Address of the Subject Call, Defendant cannot conduct a search based on the IP Address of the Subject Call.

Notwithstanding the above, Plaintiff argues that Defendant does know the IP Address of the Subject Call and simply refuses to conduct a search of the same. Again, the evidence does not support this argument. To support her position, Plaintiff highlights part of Mr. Milko's deposition testimony wherein Mr. Milko testified that Defendant has data "from the original person who created the call." ECF No. 502-1. However, nothing in this testimony indicates that Defendant knows the IP Address of the subject call. *Id.* at p. 4-5. Rather, when discussing the information Defendant might have from the original party who created the call, Mr. Milko identifies the number dialed and the number from which the call originated; the IP Address of the originating call is not mentioned. *Id.*

Finally, the Court would note that there appears to be some confusion between the parties as to what exactly Plaintiff is requesting when Plaintiff requests Defendant to search by the "IP Address of the Subject Call." This confusion appears to arise out of the fact that, in the time between Plaintiff's service of RPD No. 16 upon Defendant and the November 10, 2022, hearing, Plaintiff appears to have changed her position as to the meaning of the aforementioned phrase. Initially, it was Plaintiff's position that "RFP 16 asks for call detail records from...the **source of the subject calls**." ECF No. 346 at p. 18 (emphasis added). *See also* ECF No. 346 at p. 66 ("Let's look at what we're actually asking for. We're asking for call detail records from the ANI, from the **source of the subject calls**.") (emphasis added). Plaintiff appears to have maintained this position through the summer and fall. Indeed, as recently as Plaintiff's Surrebuttal, filed October 21, 2022, Plaintiff wanted Defendant to search for records using what Plaintiff called the IP Address "of the **call originator**." ECF No. 502 at p. 2 (emphasis added). At the November 10th hearing, however, Plaintiff offered a different definition of the information sought by RPD No. 16. At the November 10th hearing, Plaintiff argued that RPD No. 16 seeks information regarding the IP Address closest to the spoofer, not the IP Address of the call originator. Given this change as to the information sought by Plaintiff, the Court cannot enter an Order compelling Defendant to conduct discovery in line with the same. The trajectory of the issue concerning RPD No. 16, that is, the meetings, negotiations, motions, and orders do not appear to have contemplated this definition of the information sought by RPD No. 16. As a result, it would be unfair to compel Defendant to conduct this discovery, or to sanction Defendant for failing to do so.

Given the above, and insofar as RPD No. 16 and this specific issue is concerned, the Court is satisfied that Defendant has made a good faith effort to fulfill its discovery obligations. Defendant cannot produce what it does not have. Finally, the Court is not prepared to compel

Defendant to answer a new and different iteration of RPD No. 16 or to sanction Defendant for not answering the same.

### D. Conclusion

Accordingly, and for all of the foregoing reasons, Plaintiff's Motion [481] for Sanctions and to Compel is hereby **DENIED**.

It is so **ORDERED**.

Any party may, within **FOURTEEN DAYS** of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in a waiver of the right to appeal from a judgment of this Court based upon such an Order.

The Court **DIRECTS** the Clerk of the Court to serve a copy of this Order upon any *pro se* party by certified mail, return receipt requested, and upon counsel of record herein.

Dated: 11-16-22

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE